MC-275

Name _Brian T. Hill_

Address _P.O. Box 5246_

_Corcoran, CA._

_93212_

CDC or ID Number _H67149_

FILED

JUL 1 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

_Federal Dist. court_
_So. Dist. of Calif._
(Court)

PETITION FOR WRIT OF HABEAS CORPUS

_Brian T. Hill_
Petitioner

vs.

_Larry E. Scribner_
Respondent

No. '08 CV 1180 JM (WMC)

_(To be supplied by the Clerk of the Court)_

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this pet[ition in the] Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the S[uperior Court] you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers ar[e true and] correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page 1 of 6

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2007]

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov

This petition concerns:

- [ ] A conviction
- [ ] A sentence
- [ ] Jail or prison conditions
- [ ] Other *(specify):* _____

- [ ] Parole
- [ ] Credits
- [x] Prison discipline

1. Your name: _Brian T. Hill_

2. Where are you incarcerated? _CSP-Corcoran II's SATF_

3. Why are you in custody? [x] Criminal Conviction  [ ] Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

_First Degree murder and First De-gree Attempted murder w/use enhance-ment_

b. Penal or other code sections: _187(a), 664/187(a)_

c. Name and location of sentencing or committing court: _L.A. Superior court,_ _Eastern Division, Dept M_

d. Case number: _BA050222_

e. Date convicted or committed: _Jan. 1993_

f. Date sentenced: _____

g. Length of sentence: _29 to life plus life w/possibility of parole_

h. When do you expect to be released? _2019+_

i. Were you represented by counsel in the trial court? [x] Yes.  [ ] No. If yes, state the attorney's name and address:

_Ray G. Clark  4050 Buckingham Road_ _Los Angeles, CA 90008_

4. What was the LAST plea you entered? *(check one)*

[x] Not guilty  [ ] Guilty  [ ] Nolo Contendere  [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

[x] Jury  [ ] Judge without a jury  [ ] Submitted on transcript  [ ] Awaiting trial

# ABUSE OF DISCRETION

In this matter, the State courts' (see Exhibits 13-15) and the U.S. Supreme court (see Exhibit 16) was "Exceeded" there "Jurisdiction" by deliberately "Fail-ing" to and blatantly "Refusing" to "Hold" Evidentiary Hearings, issue Orders to Show cause, Establish an Adequate Record for Review, etc... that war-rants this court's interven-tion in Application with and compliance with clearly Estab-lished State and Federal Laws. (see Grounds I-IIII of this writ.)

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

Denial of the right to present Documentary Evidence) ( c.d.c. 7219 Form written on an inmate martin K65209 )

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

On February 16th, 2005 a lieutenant J. Jimenez ( in and through out this writ J. Jimenez) proceeded to hear a c.d.c. rule violation report (RVR) log # 01-05-A-043 in regards to the Petitioner's alleged battery on an in-mate with a weapon (a broom) charge regarding an altercation with an in-martin c.d.c. # K65209 on January 19th, 2005. (See Exhibit 1)

At this hearing the Petitioner attempted to present a c.d.c. 7219 Form

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

In the present matter at hand, it must be noted that a " Habeas cor-pus can be used to review the le-gality of prison conditions." IN RE

continuing Ground 1 Facts: that medical personnel had written on inmate martin that demonstrated that this inmate had no bruises, scratches, scrapes, swellings, cuts, and or abrasions in his head or torso area (see Exhibit 2) demonstrating that inmate martin wasn't assaulted or battered as was alleged by the reporting employee, A.T. Davis of this RVR. (see Exhibit 3)

No where in J. Jimenez's Fact Finding Report does he mention why the Petitioner was denied the right to present this document as evidence, whether or not this document was pertinent to the Petitioner's defense, and or whether or not he assesed this documents credibility inorder to assist him in his finding of guilt or innocence of the Petitioner (see PP. 3-4 of Exhibit 1) therefore blatantly denying the Petitioner his rights to present documentary evidence in his defense, a defense in general to these allegations, a fair and impartial hearing, due process, etc...

continuing Ground 1 facts: Also, nor was this denial of the right to present documentary evidence centered on and or based on institutional security or correctional goals reflecting J. Jimanez's clear abuse of such considerable discretion in this matter.

continuing Section B of Ground one supporting cases: Davis (1979) 205 Cal.3d 384, 387 [158 Cal. Rpt. 384]. It also must be noted that "there is no set time limit for filing a state petition for writ of Habeas corpus." In Re James (1952) 38 Cal.2d 302. A Habeas corpus may be sought by one lawfully in custody for the purpose of vindicating rights to which he is entitled while in confinement. In re Aries (1980) 42 Cal.3d 667, 698, 230 Cal. Rptr. 505, 725 P.2d 664.

In WOLFF VS. McDOWNELL (1974) 418 U.S. 539 at 566, 41 L.Ed. 2d 935, 94 S.ct. 2963 the U.S. Supreme court wrote that "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous

p. — of 1

continuing Section B of Ground 1 Supporting cases: to institutional safety or correctional goals." It further ruled that "Ordinarily, the right to present evidence is basic to a fair hearing". (See also CLUTCHETTE vs. PROCUNIER (9th cir. 1974) 497 F.2d 809, 818; PACE vs. OLIVER (5th cir. 1981) 634 F.2d 302, 304-305; California Code of Regulations, title 15, (Here on out c.c.R. title 15) Section 3320(L); Department of Operations Manual (Here In on Out D.O.M.) Section 52080.9

Therefore by the denial of this basic right by J. Jimenez, the demonstration of So by the absence of any remarks in regards to this documents Probative value, whether or not this document was reviewed to assist him in reaching this finding, the Pur-

continuing Section B of Ground
1. Supporting cases : pose for
the denial of this documents
use , the absence of any remarks
as to whether or not this docu-
ment was pertinent or not to
the Petitioner's defense , etc ...
( see pp. 3-4 of Exhibit I )
more than shows that this guilty
finding must be reversed, a
new hearing granted with all
safe guards and or these al-
legations dismissed in the interest
of justice do unto the probabili-
ty of the Petitioner being af-
ford a fair and impartial hear-
ing .

As well , this fact finding
report "Lacks" an "Explanation" as
to the denial of the right to
present this document as evidence,
was centered on "Institutional

continuing Section B of Ground 1 Supporting Cases: Security or "correctional Goals". PONTE VS. REAL (1985) 471 U.S. 491, 495, 85 L.Ed. 2d 553, 105 S.Ct. 2192; see also PACE VS. OLIVER (5th cir. 1981) 634 F.2d 302, 305; SPELLMON-BEY VS. LYNAUGH (E.D. tex. 1991) 778 F.Supp. 338, 343; SMITH VS. MASSACHUSETTS DEPT. OF CORRECTIONS (1st cir. 1991) 936 F.2d 1390, 1399

Such a denial is a blatant "Denial" of "Due process" warranting the relief the Petitioner so prays for in this writ.

7  Ground 2 or ~~Ground~~ ~~2b~~  (if applicable):

Denial of the right to call wit-
nesses (c/o H. Gomez)

a. Supporting facts:

During the course of this RVR hearing
as was held on Febuary 16th, 2005 by
I. Jimenez between 8 and 8:30 p.m.
the Petitioner attempted to call cor-
rectional officers' (here in on out as
c/o's) I. Rocha and H. Gomez as
witnesses inorder to get them to verify
that the Petitioner had in fact in-
formed them that he and inmate
martin wasn't getting along and that
the Petitioner ~~had~~ ~~informed~~ wanted a cell move in
which I. Jimenez made c/o I. Rocha
available by telephone.

        After c/o I. Rocha denied that
the Petitioner ever informed him (c/o
I. Rocha) that he (the Petitioner) and
inmate martin wasn't ~~getting~~ along

b. Supporting cases, rules, or other authority:

As was indicated in the ruling of
the U.S. Supreme court in WOLFF
Vs. McDONNEL (1974) 418 U.S. 539, 566,
41 L.Ed. 2d 935, 94 S.ct. 2963 we are also
of the opinion that the inmate facing

continuing Ground 2 Facts: (see Exhibit 4) J. Jimenez attempted to persuade the petitioner to "sign" this "Fact Finding Report" waiving C/o H. Gomez as a witness because of the administrations, C/o H. Gomez, and J. Jimenez systematically made this witness unavailable for this hearing as well as by telephone (see pp. 2 and 4 of Exhibit 1) therefore blatantly denying the petitioner the right to call C/o H. Gomez as a witness and attempting to cover-up this fact by indicating that the petitioner waived C/o H. Gomez as a witness even though this "Fact Finding Report" is "Not" signed by the petitioner (see P. 2 of Exhibit 1) and or these questions and answers as posed by the Investigative Employee (here on out I.E.) N. Meida for the petitioner "acknowledging" there "alleged" exceptance as to C/o H. Gomez, (see pp. 2,4, and 6 of Exhibit 1 and Exhibit 5)

Also, nor was the denial of

continuing Ground 2 Facts:

</o H. Gomez Predicated on the basis on "correctional Goals" and or "Institutional Security" nor the "Life" or "Safety" of "Persons".

Since C/o H. Gomez was available for questioning (6) six days prior to this hearing (see date of questioning of C/o H. Gomez by I.E. N. meidi as Exhibit 5 of this writ) and has been a correctional officer for 2 years and 6 months prior to this incident more than demonstrates that the denial of C/o H. Gomez as a witness was clearly an "Abuse" of "Discretion" for non-institutional security, correctional goals and or a life or security of Person's need that warrants relief.

continuing Section B of Ground 2 Supporting cases: disciplinary Proceedings should be allowed to call witnesses and Present documentary evidence in his defense when Permitting him to do So will not be unduly hazardous to institutional safety or correctional goals". This court further wrote in Part that "it may be that an individual threatened with Serious Sanctions would normally be entitled to Present witnesses and relevant documentary evidence; but here we must balance the inmate's interest in avoiding loss of good time against the needs of the Prison, and Some amount of flexibility and accomodation is required.[4]

This court further wrote that "Prison officials must have the necessary discretion to keep the hearing within limits reasonable limits and to refuse to call wit-

continuing Section B of Ground 2 Supporting Cases: nesses that may creat a risk of reprisal or undermine authority" and that "Although we do not Prescibe it, it would be useful for the committee to state its reason for refusing to call a witness, whether it be for irralevance, lack of necessity, or the hazards Presented in individuals cases. (see also CLUT-CHETTE vs. PROCUNIER (9th cir. 1974) 497 F.2d 809, 818; PONTE vs. REAL (1985) 417 U.S. 491, 495, 85 L.Ed.2d 553, 105 S.ct. 2192; PACE vs. OLIVER (5th cir. 1981) 634 F.2d 302, 304-305; SMITH vs. MASSACHUSETTS DEPT. OF CORRECTION (1st cir. 1991) 936 F.2d 1390, 1398; cal. Penal code Section 2932(c)(B)(3); c.c.r. Title 15, Section 3315(e); D.O.m. Section 52080.5.3.

In the findings regarding this disciplinary hearing, at P.3

continuing Section B of Ground
2 Supporting cases: of Exhibit I
its noted that all witnesses that
were requested were granted even
though the Petitioner "Refused" to
"Sign" this C.D.C. 115A form waiv-
ing C/o H. Gomez as a witness
to this hearing (see P.2 of Ex-
hibit I) and by J. Jimenez
Stipulating the Petitioner's alleged
verbal exceptance and documenting
this to "cover-up" this "Denial"
of the right to call witnesses
(see P. 4 of Exhibit I) further
demonstrates the denial of the right
to call witnesses, a fair and im-
partial hearing, due process, etc.
because c.c.r. Title 15, Section 3315
(e)(6) States that "Nothing in this
Section + Precludes ~~as~~ shall making a witness
available by telephone for a dis-
ciplinary hearing" and by J. Jim-
enez deliberately "Failing" to and

continuing Section B of Ground 2 Supporting Facts: blatently "Refused" to "Do" so even though C/o T. Rocha was made available by phone (see p. 3 of Exhibit I) further demonstrate the denial of C/o H. Gomez as a witness even though C/o H. Gomez was available (6) six days before this hearing to answer the questions that I posed through an I.E. (see p. 6 of Exhibit I) demonstrating that this guilty finding must be re-versed, a rehearing ordered within all safeguards and rights and or this rule violation report dis-missed in the interest of Justice with Prejudice based upon the probability of the denial of a fair and impartial hearing thats consistent with this court's or-der.

continuing Section B of Ground
2 Supporting cases: Nor do
this fact finding report as
written by I. Jimenez) reflects
that this denial of C/O H. Gomez
as a witness being based on
the need for "Institutional Secu-
rity" or "correctional Goals" and
or that his presence would
"Jeopardize" the "Life" or "safety"
of person's that more than dem-
onstrate a clear abuse of dis-
cretion by I. Jimenez that
warrants the relief as sought.

Ground 3: Denial of Right to Present Documentary Evidences (the reporting employee T. Davis's Personnel file)

Facts: On February 8th, 2005 a C/o N. meida informed the Petitioner that she was assigned as his Investigative Employee (I.E.) in regards to RVR log # 01-05-A-043 and sought a statement from the Petitioner in which the Petitioner declined to make a statement. After the Petitioner made this decline the Petitioner Proceeded to submit questions to I.E. C/o N. meida to Pose to C/o's H. Gomez and T. Rocha who in turn the Petitioner sought as witnesses for this RVR hearing. (see pp. 5-6 of Exhibit 1 and Exhibits 4 and 5)

The Petitioner also instructed I.E. C/o N. meida to investigate the reporting employee of this RVR C/o T. Davis (here in out as C/o T. Davis) to discover any and all information that the Petitioner felt was Perti-

P. 1

continuing Ground 3 Facts: nant to the Petitioner's defense as well as evidence that can be used to discredit C/o T. Davis as an alleged witness to this altercation (i.e., inmate and or staff complaints as was filed against C/o T. Davis for writing false RVR, filing false and fabricated reports, etc...) in which I. E. N. meida deliberately "Refused" to and blatantly "Failed" to "Perform" this act. (see pp. 5-6 of Exhibit 1 and Exhibits 4 and 5)

When J. Jimenez proceeded to hear this RVR on Febuary 16th, 2005 the Petitioner informed I. Jimenez of I.E. N. meida's "Failure" to "Perform" this investigation on Petitioner's behalf in which I. Jimenez informed the Petitioner that such information cannot be disclosed to the Petitioner, that I. E. N. meida can't obtain this information and that such information is confidential in which is false and such a fabrication was

P. 5 of 1

continuing Ground 3 Facts: used
to deny the Petitioner access to Clo
T. Davis's Personnel file therefore
denying the Petitioner the right
to present documentary evidence
in defense of these allegations
as was reported by Clo T. Davis,
(see P. 4 of Exhibit 1 and Exhibit
3) a defense in general, a fair and
impartial hearing, due Process, and
not limited to.

Ground 3 Section B supporting cases: In Wolff vs. McDonnell (1974) 418 U.S. 539, 566, 41 L.Edi 2d 935, 94 S.ct. 2963 the U.S. Supreme court wrote that "we are also of the opinion that the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." This court further wrote that "Ordinarily, the right to present evidence is basic to a fair hearing" and that "it may be that an individual threatened with serious sanctions would normally be entitled to present witnesses and relevant documentary evidence; but here we must balance the inmate's interest in avoiding loss of good time against the needs of the prison, and some amount of flexibility and accommo-

continuing Ground 3 Section B Supporting cases: dation is required". (see also CLUTCHETTE VS. PROCUNIER (9th cir. 1974) 497 F.2d 809, 818

the U.S. Supreme court also wrote in PONTE VS. REAL (1985) 471 U.S. 491, 495, 85 L.Ed. 2d 553, 105 S.ct. 2192) that "thus the prisoner's right to call witnesses and present evidence in disciplinary hearings could be denied if granting the request would be "unduly hazardous to institutional safety or correctional goals"." (see also PACE VS. OLIVER (5th cir. 1981) 634 F.2d 302, 305; SPELLMON-BEY VS. LYNAUGH (E.D. tex. 1991) 778 F.Supp. 338, 343

the california code of regulations, title 15, section 3450 (a)

continuing Ground 3 B Support-
ing cases; reads: "Any Person
on whom the department maintains
a record or file containing Per-
sonal information has the right to
inspect their record or authorize
any Person to inspect such records
on their behalf and to request
amendment to correct outdated, inaccu-
rate or incomplete information".

California Penal code Section
832.7 (c) reads: "Notwithstanding sub-
division (a), a department or agency
which employs Peace officers may
disseminate data regarding the number,
type, or disposition of complaints (sus-
tained, not sustained, exonerated, or
unfounded) made against its officers
if that information is in a form
which does not identify the individ-
uals involved."

But in this matter, the
Staff that was assigned to con-

continuing Ground 3 B Supporting cases: duct an investigation for J. Jimenez and gather info. for the Petitioner blatantly "Failed" to and deliberately "Refused" to "Gather" this info. for the Petitioner (see Exhibits 4 and 5 of this writ) and J. Jimenez's response to this issue was that it was "confidential and irrelevant to this hearing" (see p. 4 of Exhibit I of this writ) in which is not only a blatant "Denial" of an adequate "Investigation" but the right to present "Documented Evidence".

     C.C.R. title 15, Section 3315 (d)(1)(2) entitles a Prisoner to an Investigative Employee (I.E.) when a Prisoner's housing status Prevents him/her from being able to collect and Present evidence

continuing Ground 3 B support
-ing cases : thats necessary for
a defense. Section 3320(h) allows
a prisoner to present document-
ary evidence in his defense or
mitigation of the charge. (see D.
O.M. section 52080.9 )

     These denials was "Not"
based on the need for "Institution-
al Security" or "Correctional Goals"
nor would its admittance would
have jeopardize the "Life" and or
"Security" of "Person's" demonstrating
a blatant "Denial" of the "Right"
to present documentary evidence
warranting the reversal of this
guilty finding , a rehearing of
the allegations with all safeguards,
and or the dismissal of these
allegations with Prejudice based
upon the probability of the
Petitioner not receiving a fair
and impartial rehearing .

Ground 4 : Denial of the right to a
Fair and Impartial RVR Hearing

Facts : When J. Jimenez Proceeded
to hear this rule violation report
log # 01-05-A-043 on February 16th,
2005 between the hours of 8 and
8:30 P.m. deliberately "Refusing" to
"Allow" the Petitioner to Present
a defense to these allegations,
documentary evidence, (this 7219 Form
and C/o T. Davis's Personnel file)
to call witnesses, (C/o H. Gomez)
exercising a Predetermination of re-
views as to the Petitioner's Guilt
or innocence and demonstrating so
by excepting this RVR as factual,
relying on it and it alone to
find the Petitioner Guilty of these
allegations, denying the Petitioner
the right to testify in his own
defense, due Process, and not limited
to J. Jimenez Systematically denied
the Petitioner the right to a
Fair and Impartial Hearing.

       In regards to J. Jimenez's
deliberate "Failure" to "Allow"

continuing Ground 4 Facts: the Petitioner to Present this 7219 Form that contained medical Personnel's examination of inmate martin and their findings, no where in J. Jimenez's Fact Finding Report does he indicates that this document ~~that this document~~ does not have any Probative value to the Petitioner's defense and or any Prejudicial effect to this hearing if admitted, does not demonstrate that inmate martin wasn't assaulted and or battered, doesn't Substantiate the Petitioner's Position that inmate martin wasn't assaulted and or battered, can or can't be used to demonstrate the absence of bruises, cuts, abrasions, swellings, fractures, and or lacerations, and can or can't be used for any other Purpose. (See PP. 1-7 of Exhibit 1)

As was argued in Ground 1 of this writ and this Ground, Such a document reflects the "Absence" of "Fractures", "cuts",

P. 2 of 1

continuing Ground + Facts: "Swellings", "Abrasions", "Scratches", etc... and could have been used to demonstrate this fact by the petitioner, to show contradictions in this RVR, and not limited to and to be denied such a right and denied such a right without an explanation is a blatant "Denial" of the Petitioner's "Rights" to present documented evidence in the Petitioner's defense of these allegations, (see Exhibit 2) a fair and impartial hearing, due process, and not limited to.

As to the denial of access to C/o T. Davis's Personnel file and the Presentation of this documentation at this RVR hearing by J. Jimenez, such documentation as to Prior allegations of filing false reports, rule violation reports, any and all disciplinary action as administered to C/o T. Davis by his superiors, any law enforcement agency as a result of civilian, inmate, and or other Staff complaints was extremely imperative to the Petitioner's defense as to

continuing Ground 4 Facts: the
denial of this alleged battery with
a weapon inorder to demonstrate
c/o T. Davis's propensity to file
false reports, to write fabricated RVR's,
to commit misconduct, and or parti-
cipate in any other type's of
unlawful acts while on duty and
or off and to be denied such a right
without a legitimate and lawful
cause besides this information being
confidential and allegedly not being
relevant to this RVR hearing (see
P. 4 of Exhibit 1) demonstrates not
only the blatant "Denial" of the
Petitioner's "Rights" to present docu-
mentary evidence, to a fair and im-
partial hearing by such a denial,
by excepting c/o T. Davis RVR
as factual and relying on it and
it alone to find the Petitioner
guilty of these allegations, to due
process, and not limited to.

As to J. Jimenez's denial
of the Petitioner's rights to a

Continuing Ground 4 Facts: Fair/
impartial hearing by failing to
call C/o H. Gomez as a witness
to this R.V.R hearing, make C/o H.
Gomez available by telephone, and
Falsifying and fabricating the
fact finding report in regards to
the Petitioner's alleged waiver of
C/o H. Gomez as a witness and
the alleged exceptance of those
questions and answers as was
Posed to C/o H. Gomez by I.E.
N. meide on the Petitioner's behalf,
(see PP. 2 and 4 of Exhibit 1 )
Such a right was critical and
crucial to the Petitioner's defense
inorder to establish that the Peti-
tioner did infact inform C/o H. Gomez
that the Petitioner and inmate
martin wasn't Jetting along and
that the Petitioner Sought a cell
move through both C/o H. Gomez
and C/o T. Rocha and even though
both C/o's H. Gomez and T. Rocha
"Fabricated" and Submitted "False"
responces to the "Questions" that

P. 5 of 1

continuing Ground 4 facts: was
posed on the Petitioner's behalf
by I.E. N. meidas (see Exhibits
4 and 5 and pp. 3 and 4 of Ex-
hibit 1) made such a right to
call c/o H. Gomez as a witness
even more imperative and critical
to the Petitioner's defense and
such a systematic denial was
a blatant "Denial" of the Peti-
tioner's "Rights" to "call witnesses,"
to "present a defense", "due Process",
and not limited to amounting to
the denial of the right to a
fair and impartial RVR hearing.

As to the denial of the right
to a fair and impartial hearing by
I. Jimenez's exceptance of this
RVR as factual and denying the Peti-
tioner the right to Present this
7219 Form and c/o T. Davis's Per-
sonnel file as documented evidence,
c/o H. Gomez as a witness, denied
the Petitioner the right to testi-
fy on his own behalf, the right
to a defense, blatantly "Refused"

P. 6 of 1

continuing Ground 4 Facts'. to
and deliberately "Failed" to "In-
vestigate" this incident before
reaching a decision on this al-
legation and refusing to "Stipu-
late" in this "Fact Finding Report"
while these rights where denied
except for the Petitioner's alleged
exceptance of the answer's to
the Questions that was Posed to
C/O H. Gomez by I.E. N. meida
for the Petitioner, the Petitioner's
alleged waiver of C/O H. Gomez
as a witness, the alleged con-
fidentiality of C/O t. Davis's Per-
Sonnel file and its alleged ir-
relevance, the Petitioner's alleged
Statement, and not Guilty Plea
(see PP. 1-7 of Exhibit 1) more
than demonstrate an illustration
of J. Jimenez's Pre-determination
of the Petitioner's Guilty that
Shows the blatant denial of the
right to a fair and impartial
hearing.

        As argued in other issues

continuing Ground 4 Facts: of
this writ and this issue, the right
to Present this 7219 Form was
imperative to the Petitioner's defense
and demonstrated the absence of
Scratches, bruises, cuts, abrasions,
fractures, etc... demonstrating
that inmate martin wasn't assault
-ed with a weapon, the examina-
tion of C/o T. Davis's Personnel
file was also imperative to the
Petitioner's defense because of
the Possibility of it containing
information that could have been
utilized to discredit C/o T. Davis
as the reporting employee of
these allegations, the right to
call C/o H. Gomez as a witness
would have demonstrated that
this official submitted false
and fabricated answers to the
Petitioner's questions as to the
Petitioner informing C/o H. Gomez
that the Petitioner and inmate
martin wasn't getting along
and C/o H. Gomez's blatant failure

continuing Ground 4 Facts: to at-
tempt to defuse this situation,
to allow the Petitioner to testify
on his own behalf inorder to
demonstrate these contradictions in
this rule violation report, H. Gomez's
answer's to the Petitioner's ques-
tions', the alleged exceptance of
the answers' of C/o H. Gomez to
these questions, his alleged waiver
as a witness and the documenta-
tion of this testimony as well
as why these allegations warranted
investigating.

        So by J. Jimenez blatantly
"Failing" to and or Just deliber-
atelt "Refusing" to "Allow" the
Petitioner to exercise Such rights
and by excepting this RVR as
factual more than demonstrate
a blatant denial of the right
to a fair and impartial hearing.

        As to J. Jimenezis denial
of the right to a fair and im-
partial hearing by denying the

                P. 9 of 1

continuing Ground 4 Facts: Petitioner the right to testify on his own behalf, at the outset of this hearing the Petitioner attempted to explain to I. Jimenez that the Petitioner informed Yo's H. Gomez and T. Rocha that the Petitioner and inmate martin wasn't getting along and that the Petitioner wanted a cell move, (see Exhibits 4 and 5 and pp. 3-4 of exhibit 1) that inmate martin had no bruises, scratches, abrasions, fractures, swellings, etc. therefore inmate martin couldn't have been battered with a weapon, (see Exhibit 2) that the Petitioner doesn't have an extensive background thats littered with violence, hasn't been housed in a Security Housing unit (SHU) for such acts, haven't been assigned to one in over eleven years of incarceration,

P. 6 of 1

continuing Ground 4 Facts: that the Petitioner did not Stalk inmate martin as alleged by 4o T. Davis and F. Jimenez in these reports, that the Petitioner has mitigating factors in his favor that didn't warrant the imposition of a (15) month SHU term, the lost of 360 days credit, (28) points added to his classification Score, and now as of August 5th, 2005 being forced to mail all Personal Pro-Perty to a designated address. in which none of these "issues" and or "testimony" has been "Ad-dressed" by J. Jimenez in this fact finding Report and or listed in it. (see PP. 1-2 of Exhibit 1)

BY Such a demonstration Should more than exemplify that the Petitioner was denied the right to testify and that J. Jimenez Just chose to except the Peti-tioner's not Guilty Plea and

P. 11 of 1

continuing Ground 4 Facts: alleged statement as the only testimony from the Petitioner and deliberate -ly disregarded the rest (see p. 3 of Exhibit 1) therefore blatant-ly "Dealing" the Petitioner the "Right" to testify on his own behalf and relying on this RVR and it alone to find the Peti-tioner guilty for this allegation (see p. 4 of Exhibit 1) that more than shows that the Petitioner was denied the right to a fair and impartial RVR hearing.

As to the denial of the right to a fair and impartial hearing by way of J. Jimenez's blatant violation of the Petitioner's right to due Process, when J. Jimenez heard this RVR on Febuary 16th, 2005 the Petitioner wasn't given meaningful notice and or the oppertunity to be heard in regards to the denial of the

continuing Ground 4 Facts: right
to present a defense to these al-
legations, to present documentary
evidence, the right to call wit-
nesses, that J. Jimenez was go-
ing to exercise a pre-determina-
tion of guilt as to the peti-
tioner by excepting this RVR
as factual and failing to in-
vestigate this issue, denying the
petitioner the right to testify
on his own behalf, that J.
Jimenez was going to fabricate
this alleged waiver of C/o H.
Gomez as a witness and the
alleged exceptance of the ques-
tions and answers that was posed
on behalf of the petitioner, that
the denial's of these rights wasn't
going to be documented, and not
limited to.

No where in this RVR (see
Exhibit 3) and or this Fact Find-

continuing Ground 4 Facts: ing Reports (see PP. 1-7 of Exhibit 1) does it give the petitioner meaningful notice as to the blatant denial of these rights and or stipulate that the petitioner has been heard by way of a defense and or the exercise of any of these rights and by I. Jimenez deliberately "Failing" to and blatantly "Refusing" to "Give" the petitioner meaningful notice and the opertunity to be heard was a blatant denial of the petitioner's right to due process that warrants review.

Ground 4b Supporting cases:

As to the denial of a fair and impartial Hearing by J. Jim- enea's denial of the Petitioner's rights to present documentary evi- dence, such a right is constitu- tionally based and is required by the california's constitution Arti- cle I, Section 7 as well as the 14th Amendment of the United States constitution and to be denied such a right is a bla- tant violation when this denial is not ground on "Institutional Se- curity" or "correctional Goals". WOLFF VS. McDOWNELL (1974) 418 U.S. 539, 566, 41 L.Ed.2d 935, 94 S.ct. 2963; See also PONTE VS. REAL (1985) 471 U.S. 491, 495, 85 L. Ed.2d 553, 105 S.ct. 2192; SPELL- MON-BEY VS. LYNAUGH (E.D. tek. 1991) 778 F.Supp. 338, 343; SMITH VS. MASSA-

continuing Ground 4B support-
ing cases: CHUSETTS DEPT. OF
CORRECTIONS (1st cir. 1991) 936 F.2d
1390, 1401; PACE VS. OLIVER (5th cir.
1981) 634 F.2d 302, 305

the california code of regu-
lations, Title 15, Section 3330(4) al-
lows a prisoner to present documents
as evidence and in defence or miti-
gation of the circumstances as well
as Department Operations Manual
Section 52080.5.3.

In SMITH vs. MASSACHUSETTS
DEPT. OF CORRECTIONS, Supra, at P.1401
this court wrote in part that "when
an inmate seeks relevant and import-
ant documents central to the con-
struction of a defense, and his re-
quest are repeatedly denied, an explan-
ation of the reasons for the denial
should be furnished. At some time,
the reasons for the denial of such

continuing Ground 48 sup-
porting cases: a request must be
made apparent."

The calif. code of Reg., Title
15, section 3450(a) allows any person
to inspect a record/file thats
maintained by the department either
on this personnel's behalf or with
their consent. calif. penal code
section 832.7(c) authorizes cdcr
to disseminate data regarding the
number, type, or disposition of comp-
laints (sustained, not sustained, exon-
erated or unfounded) made against
its officers if this information is in
a form that don't identify the in-
dividuals involved.

In this fact finding report
of J. Jimenez thats listed as ex-
hibit I to this writ, this report
does "Not" contain any "Explanation"

Continuing Ground 4B Supporting cases: as to this denial of the use of this 7219 form and the only explanation given to the denial of the use of information as to C/o T. Davis's personnel file, was that this information was confidential and irrelevant to this rule violation hearing (see pp. 1-7 of Exhibit I) even though C/o T. Davis is the reporting employee of this report (see p. 1 of Exhibit I and Exhibit III of this writ) and by such denials not being centered on "Institutional Security" and "correctional Goals" as well as an explanation not being given as to the use of this 7219 form demonstrates a blatant denial of the right to a fair and impartial hearing by these constitutional rights violations that warrants a reversal of this guilty finding, a rehearing with all safe-

Continuing Ground 4B Supporting cases: guards and or the dismissal of these allegations with prejudice based upon the probability of the Petitioner not being able to receive a fair and impartial hearing, ULENS VS. DANIELS (7th cir. 1989) 871 F.2d 1328, 1335-1336; MORAN VS. FARRIER (8th cir. 1991) 924 F.2d 134, 137; MEEKS VS. McBRIDE (7th cir. 1996) 81 F.3d 717, 720; DAVIS VS. ANDREWS (tex. civ. App. 361 S.W.2d 419, 423; HOWARD VS. WILKERSON (S.D. New York 1991) 768 F.Supp. 1002, 1007; PEOPLE VS. SUPERIOR COURT (Hamilton) (1990) 230 cal.App.3d 1592

As to the denial of a fair and impartial hearing by the denial to call C/O H. Gomez as a witness, (see pp. 4 of 1 - 6 of 1 of Ground 4 Supporting Facts) such a right is governed by both the state constitution's Article I, Section 7 and the federal constitution's 14th Amendment and when such a denial is "Not"

continuing Ground 4B supporting cases: centered on "Institutional Security" or "Correctional Goals" such a denial is a blatant abuse of discretion. WOLFF VS. McDONNELL (1974) 418 U.S. 539, 566, 41 L.Ed. 2d 935, 94 S.Ct. 2963; See also PONTE VS. REAL (1985) 471 U.S. 491, 497, 85 L.Ed. 2d 553, 105 S.Ct. 2192; SPELLMON-BEY VS. LYNAUGH (E.D. Tex. 1991) 778 F.Supp. 338, 343; SMITH VS. MASSACHUETTS DEPT. OF CORRECTIONS (1st cir. 1991) 936 F.2d 1390, 1401; PACE VS. OLIVER (5th cir. 1981) 634 F.2d 302, 305; CLUTCHETTE VS. PROCUNIER (9th cir. 1974) 497 F.2d 809, 818

The Calif. code of Reg., title 15, Section 3315 (e) allows prisoner's facing disciplinary hearings the right to call witnesses, as well as department Operations manual, Section 52080.5.3, Calif. Penal code, Section 2932(c)(B)(3) and Calif. code of Reg. Section 3315(e)(6) allows a senior hearing officer (I. Jimenez) to make

continuing Ground 4B supporting cases: a witness available by telephone.

But in this case, J. Jimenez deliberately "Refused" to, blatantly "Failed" to make C/o H. Gomez "Available" as a witness in person and or by telephone and attempted to "Cover-up" this "Malfeasance" by "Fabricating" the Petitioner's alleged "Waiver" of C/o H. Gomez as a witness, the alleged "Exceptance" of C/o H. Gomez's "Answers" to questions posed on behalf of the Petitioner, and attempting to document this alleged waiver in this fact finding report listed as Exhibit I to this writ even though "None" of these "Documents" is signed by the Petitioner waiving C/o H. Gomez as a witness to this hearing even though J. Jimenez attempted to document that the Petitioner so stipulated (see pp. 2 and 4 of Ex-

continuing Ground 4b Supporting
cases: hibit I ) that amounts to an
abuse of discretion by this prison
official that warrents the reversal
of this guilty finding, a rehearing
of these allegations with all safe-
guards and or the dismissal of these
allegations with prejudice based upon
the probability of the denial of a
fair and impartial hearing. WOLFF
vs. McDONNELL (1974) 418 u.s. 539, 566, 41
L.Ed.2d 935, 94 S.ct. 2963; PONTE vs.
REAL (1985) 471 u.s. 491, 497, 85 L.Ed.2d
553, 105 S.ct. 2192; CLUTCHETTE vs.
PROCUNIER (9th cir. 1974) 497 F.2d 809,
818

        As to J. Jimenez's excep-
tance of this rule violation report as
factual, the denial of the rights to
present documented evidence, to call
witnesses, the petitioner to testify
on his own behalf, to present a

continuing Ground 4b Supporting cases: defense to these allegations, failed to investigate this incident before making a decision and failed to stipulate in this fact finding report why these rights were denied. as argued in PP. 6 of 1 - 9 of 1 of Ground 4, facts, more than demonstrates that the Petitioners rights to have all relevant evidence considered was violated, VIENS vs. DANIELS (7th cir. 1989) 871 F.2d 1328, 1335-1336 the right to have J. Jimenez base his decision on relevant evidence as well as reliable, WALSH vs. FINN (S.D. New York 1994) 865 F.Supp. 126, 129-130 to not base this decision on an incomplete record, MORAN V. FARRIER (8th cir. 1991) 924 F.2d 134, 137 the right to an explanation as to why majority of this evidence was disregarded by J. Jimenez that contradicted this rule violation report, MEEKS vs. McBRIDE (7th cir. 1996) 81 F.3d 717, 720 the right to have

continuing Ground 4B Supporting cases: the whole charged offense circumstances considered in its entirety rather than isolated Parts when proving intent as an element to substantiate that the Petitioner broke a rule, DAVIS VS. ANDREWS (Tex.civ. App.) 361 S.W.2nd 419, 423 the right to not have hearsay testimony alone relied on without more to support a finding of guilt, HOWARD VS. WILKERSON (S.D. New York 1991) 768 F.Supp. 1002, 1007 and the right to have this guilty finding be based upon the Preponderance of the evidence standard instead of just this rule violation report and it alone. ZIMMERLEE VS. KEENEY (9th cir. 1987) 831 F.2d 183; IN re Jackson (1987) 43 Cal.3d 501 [233 Cal.Rptr. 911]

       As argued in Pages 6 of 1 — 9 of 1 in Ground 4, Facts, "NO" where in this fact finding report does J.

Continuing Ground 4B Supporting Cases: Jimenez States that this 7219 form does not have any probative value to the Petitioner's defense, that its prejudicial to the outcome of this hearing, or that he considered it period before reaching his finding, as well as to why the Petitioner was denied the right to testify, to present a defense, why he failed to even investigate before reaching a decision on these allegations or anything except for the Petitioner's alleged waiver of C/o H. Gomez as a witness, the alleged exceptance of C/o H. Gomez's answers to questions that were on the Petitioner's behalf, the alleged confidentiality of C/o T. Davis's personnel file and its alleged irrelevance to this even though C/o T. Davis is the reporting employee of this rule violation report in which "None" of these "Denials" were

continuing Ground 4B Supporting
Cases: based on "Institutional
Security" or "correctional Goals"
therefore amounting to a deliberate
"Abuse" of "discretion" that warrants
the reversal of this guilty finding,
a rehearing with all safeguards, and
or the dismissal of these allegations
with prejudice do unto the Proba-
bility of the Petitioner not receiving
a fair hearing.

As to the denial of a
fair and impartial hearing by way of
the denial of the right of the Peti-
tioner to testify on his own be-
half as argued on pages 9 or 1-
12 of 1 of Ground 4, Facts, such
a denial of this right and the denial
of this right without an explanation
and or this denial being based on
"Institutional Security" or "correctional
Goals" is a blatant "Abuse" of "Dis-
cretion" that requires relief. Mack

continuing Ground #B Supporting cases:  vs. Johnson (E.D.Pa. 1977) 430 F.Supp. 1139, 1148, Aff'd. 582 F.2d 1275 (8th cir. 1978)

As argued in these pages of this ground, the Petitioner was "Not" given the "opertunity" to show that c/o's H. Gomez and T. Rocha had "Fabricated" their "Answers'" to ques- tions that was posed on the Peti- tioner's behalf, that the Petitioner "Informed" both of these "c/o's" that him and inmate martin wasn't get- ting along and that the Petitioner wanted a cell move, that inmate martin had no bruises, scratches, scrapes, cuts, etc... on his person, so he couldn't have been assaulted with a weapon, that the Petitioner doesn't have an extensive background thats littered with violence, hasn't been housed in a Security Housing unit for such acts, hasn't been assigned to one in over (11) eleven

Continuing Ground 4B Supporting Cases: Years, that the Petitioner did "Not" Stalk "Inmate Martin" as was alleged by J. Jimenez and C/o T. Davis, that the Petitioner has mitigating factors in his favor that didn't warrant a (15) fifteen month (SHU) term, the loss of 360 days credit, (28) Points added to his classification Score, and as of August 5th, 2005 being forced to send all Personal Property to a designated address in which "none" of these "Issues" are documented and or addressed and considered before reaching this finding show- ing the blatant denial of the right to a fair and impartial hearing by way of the right to testify (see PP. 9 of 1 — 12 of 1 of Ground 4 Facts and Exhibits as mentioned) for none "Institutional

continuing Ground 4b Supporting Cases; "Security" or "Correctional Goals" that warrants a reversal of this guilty finding, a rehearing with all Safeguards and or the dismissal of these allegations with prejudice based upon the probability of the petitioner not receiving a fair hearing. CLUTCHETTE vs. PROCUNIER (9th cir. 1974) 497 F.2d 809, 818; MACK vs. Johnson (E.D. Pa. 1977) 430 F. Supp. 1139, 1145, Aff'd. 582 F.2d 1275 (8th cir. 1978)


As to the denial of a fair and impartial hearing by I. Jimenez's denial of the petitioner's right to due process as argued in pages 12 of 1 - 14 of 1 of Ground 4, Facts, Such a denial of the right to due process for "Non-Institutional Security" Or "Correctional Goals" is a blatant "Abuse" of "Discretion" that requires a reversal of this guilty finding.

continuing Ground 4b Supporting CASES: CLUTCHETTE VS. PROCUNIER (9th cir. 1974) 497 F.2d 809, 818. This court has wrote in part that "Providing the accused inmate with specific notice of the charges against him. Adequate notice has been held by our circuit to be an indispensible ingredient of minimum due process in the Prison context (Allen V. Nelson, Supra), and it has been unanimously viewed as a necessary safeguard in Prison disciplinary proceedings. (See, e.g., McDonnell V. WOLFF, Supra, 483 F.2d at 1062-1063; United States ex rel. Miller V. Twomey, Supra, 479 F.2d at 716, 718; corrections at 51.) The notice must inform the inmate of the charges against him and of the details of his alleged offense (Morrissey V. Brewer, Supra, 408 U.S. at 489); it must be promptly delivered to him and must be received sufficiently in advance of the hearing to enable him to prepare any defense

Continuing Ground 4B Supporting cases: he may have. ( McDonnell v. Wolff, supra, at 1062; See In re Gault, supra, 387 u.s. at 33.) Moreover, to permit presentation of an effective defense and to facilitate the therapeutic value of a fair and impartial disciplinary hearing, the prisoner should also receive a written explanation of the procedures that will be employed at the disciplinary hearing, the prisoner should also receive a written explanation of the procedures that will be employed at the disciplinary proceeding and a statement of his rights ( and the limitations of those rights ) under the hearing rules."

In this case, none of these procedures were employed except for notice of the actual allegations themselves and the time, date, the involved parties, and who

continuing Ground 4B Support-
ing cases: the reporting employ-
ee of these allegations was. The
Petitioner was "Never" informed
that he was going to be denied
the right to present a defense,
documented evidence, to call wit-
witnesses, that J. Jimenez was
going to exercise a Pre-determin-
ation of Guilt by excepting this
rule violation report as factual,
by failing to investigate this is-
sue, fabricate the Petitioner's
alleged waiver of c/o H. Gomez
as a witness, the Petitioner's al-
leged exceptance of c/o H. Gomez's
answer's that the Petitioner posed,
that the Petitioner was going to
be denied the right to testify
in defense of these of these
allegations, that the denial of
these rights wasn't going to be
documented, etc... (see pages 12 of 1
- 14 of 1 of Ground 4, Facts and

continuing Ground 4B Support-
ing cases: Exhibits cited ) that
more than demonstrates that this
guilty finding must be reversed,
an order for a rehearing with all
safeguards issued and or these al-
legations dismissed with prejudice)
in the interest of Justice and
based upon the ~~petitioner~~ Proba-
bility of the Petitioner not re-
ceiving a fair hearing. CLUTCHET-
TE vs. Procunier (9th cir. 1974) 497
F.2d 809, 818; People vs. Superior
Court (Hamilton) (1991) 230 cal. app. 3d
1592 [ 281 cal. Rptr. 900 ]; california
code of Regulations, Title 15, Section
3320 (h)

Ground 6: Denial of the right to Appeal this Fact Finding Hearing

Facts: As to the denial of the right to appeal this guilty finding thats a blatant violation of the Petitioner's rights to Petition this administrative agency for redress as well as the courts, the Petitioner first iniated this grievance log # CHL-A-05-0468 after this guilty finding for this RVR on march 16th, 2005 (see Exhibit 6) in which a correctional counselor II (ccII) D.W. Bell and a chief deputy warden (cdw) Tim ochoa denied the Petitioner any and all relief within their ability and authority to grant as state officials. (see Exhibit 7)

On June 7th, 2005 the Petitioner filed this grievance with Joanne woodford, director of corrections, in which was (15) fifteen working days beyond may 4th, 05 the date the Petitioner received

Continuing Ground 5 Facts: this grievance back highlighting the Petitioner's inability to file this grievance within (15) fifteen working days of May 4th, 2005 (see Section A of Exhibit 6) Seeking to be excused from such requirements per California code of Regulations, Title 15, Sub-Sections 3084.2(c), 3084.3(c)(6), and 3084.5(c) in which Joanne Woodford, N. Grannis, Chief, Inmate Appeals, and an underling of N. Grannis denied the Petitioner any and all relief that was within their ability and authority as State Officials. (See Exhibit 8)

After receiving this grievance back (64) days after its sub-mission at the third level on June 7th, 2005 the Petitioner re-submitted this grievance on August 14th, 2005 with another grievance Seeking grievance log # CAL-A-05-0468's Processing (see Exhibit 9) in which Joanne Woodford, director

continuing Ground 5 facts: of corrections, N. Grannis chief, Inmate Appeals and an underling deliberately "refused" to "Act" on either grievance and or offer any assistance / relief that was within their ability and authority as State officials. (See Exhibit 10)

Such acts and actions are a blatant violation of the Petitioner's rights to Petition this administrative agency for redress and the courts therefore amounting to a denial of the Petitioner's rights to appeal this guilty finding that warrants relief.

As well, even if D.W. Bell's and Tim Ochoa's responce to this grievance is examined, it will be noted that "No" investigation of this issue was "conducted" and that the "Responce" at the second

Continuing Ground 5 Facts: Level of Review by D.W. Bell and Tim Ochoa was "Falsified" and "Fabricated" because a SHO (Senior Hearing Officer) J. Ries did "Not" hear this "Rule violation Report" as alleged by these "Prison officials" (see P.5 of Exhibit 7 thats labeled. P.4 of their response at the Second Level for this grievance) but a "J. Jimenez" (see PP. 1,3, 4 and 7 of Exhibit 1 of this writ) and by these officials further alleging that the Petitioner "Excepted" c/o H. Gomez's "Questions" and "Answers" as was posed through the Petitioner's I.E. even though the Petitioner "argued" otherwise in this "grievance" and J. Jimenez's reliance on this rule violation re-

continuing Ground 5 Facts: Port and it alone to substantiate this guilty finding (see PP. 5-6 of Exhibit 7 thats labeled as PP. 4 and 5 of this responce ) further shows that a fair and impartial hearing was not granted, due process, the right to appeal this guilty finding and not limited warranting relief a

Ground 6 Supporting Facts: THE MISCLASSIFICATION OF THE RULE VIOLATION AND THE ALLEGATIONS THAT THE PETITIONER WAS ACTUALLY CHARGED WITH

On January 19th, 2005 when it was alleged that the Petitioner committed the act of a battery on an inmate with a weapon, the reporting employee of this Rule Violation Report, a T. Davis, did not insinuate that the Petitioner had committed an act of "Force or violence" in violation of Section "3005(c)" of the California code of Regulations, title 15 but classified the Petitioner's alleged acts and actions as a violation of a "failure" to "Obey orders" Per California code of Regulations, title 15, Section 3005(b) in which does "Not" coinside with the "Allegations" that the Petitioner is

continuing Ground 6 Facts: charged with nor do this Section of the Rules and Regulations ~~that~~ govern an "Act" of "Force or Violence" further demonstrating that relief is warranted.

If Exhibit I of this writ is examined, it would be noted that the Petitioner's alleged rule violation in nature is the "commission" of an act of "force or Violence" but according to the alleged "Rule Violation" itself, the Petitioner was charged with an act of "Disobeying an order" in which is a violation of california code of Regulations, Title 15, Section 3005(b) and not 3005(c) Force or Violence in which further demonstrates the denial of a fair and impartial hearing, due process the right to call witnesses, etc. transpired.

continuing Ground 6 Facts:

If the california code of Regula-
tion, Title 15, Section 3323 (f) (6)
is examined, this section does not
support the imposition of the loss
of 360 days of credit, a (15) fif-
teen month SHU (security Housing
unit) term, and the addition of
28 points to an inmates classifica-
tion Score Sheet but the lost of
61-90 days, 6 points, and no SHU
Term per california code of Regula-
tions, Title 15, Sections 3323 (f) (6),
3341.5 (c) (9) (B), and 3375.4 (b) (1).

But if california code of Regu-
lations, Title 15, Section 3005 (c) Force
or Violence is examined, it would be
acknowledged that this Section would
be the appropriate Section to
govern an act of a battery on
an inmate with a weapon and
that Section 3323 (b) (4) warrants

continuing ~~Ground~~ 6 Facts: the lost of 181-360 days for battery on an inmate with a weapon, that Section 3341.5(c)(4)(B)(2) governs the implementation of a (15) fifteen month SHU, and Sections 3375.4(b)(1) and (b)(5) warrants the addition of 28 points for a battery on an inmate with a weapon in which would have been the appropriate classification of the alleged rule violation that would govern this issue. and this rule violation "not" being "labeled" as such shows that relief is further warranted. (see the violated Rule Sections of the Rule Violation Reports as Attached to this writ labeled as Exhibits II and III.)

GROUND 6B SUPPORTING CASES:

In regards to the issue regarding the misclassification of this rule violation report by way of the alleged rule violation itself and the facts, if California Code of Regulations, Title 15, Section 3005(b) is examined, it would read: "Obeying Orders. Inmates and Parolees must promptly and courteously obey written and verbal orders and instructions from department staff and from employees of other agencies with authorized responsibility for the custody and supervision of inmates and parolees."

And if Section 3005(c) is read, it would state: "Force or violence. Inmates shall not willfully commit or assist another person in the commission of a violent injury to any person or persons, including self mutilation or

CONTINUING GROUND 6B SUPPORT
-ING CASES:

Attempted suicide, nor attempt or threat
-en the use of force or violence upon
another Person. Inmates shall not will-
fully attempt to incite others, either
verbally or in writing, or by other deli-
berate action, to use force or violence
upon another Person. "

    If section 3315 (a)(2)(A) is read
it would state that inmate misconduct
reported on a CDC form 115 shall be
classified serious if : It involves any
one or more of the following circum
-stances: " Use of force or violence
against another Person".

    If EXHIBITS I and III of
this writ are examined, it would be
noted that the "facts" of this "Rule
violation Report" consist of the
alleged commission of an act of
force or violence but the actual
"Rule" thats alleged to have been

CONTINUING GROUND 6B SUPPORT
-ING CASES :

"violated" consist of being a vio-
lation of 3005(b) disobeying a
direct order in which demonstrates
that the Petitioner wasn't given
"Advance Written Notice" and "Adequate
Notice" of the "claimed violation"
that amounts to a Due Process
violation that warrants the reversal
of this guilty finding, the ex-
punging of this issue from my
"C" File, a rehearing with all
Safeguards and or the dismissal of
this rule violation report with Pre-
judice due unto the probability
of the Petitioner not being able
to receive a fair and impartial
hearing.

In WOLFF VS. McDONNELL,
418 U.S. 539, 41 L.Ed. 2d 935 at 955, 94
S.ct. 2963 Justice White wrote
in part that if the minimum require-

CONTINUING GROUND 6B SUPPORT
ING CASES:

ments of procedural due process are
to be satisfied that "written notice
of the claimed violation" are to be
issued. Justice White continued
by writing in part that "part of
the function of notice is to give
the charged party a chance to mar-
shall the facts in his defense and
to clarify what the charges are,
in fact." See In re Gault, 387 U.S.
1, 33-34 and n. 54, 18 L.Ed. 2d 527, 87
S. Ct. 1428 (1967). (See also Smith
vs. MASSACHUSETTS DEPT. OF CORRECT
-IONS (1st cir. 1991) 936 F.2d 1390,
1398; SPELLMON-BEY vs. LYNAUGH
(E.D. Tex. 1991) 778 F. Supp. 338, 342;
CLUTCHETTE vs. PROCUNIER (9th cir.
1974) 497 F.2d 809, 818.)

     In the present matter, such
procedures were not followed and
shows that the relief as sought
in this writ is warranted.

## GROUND 7: J. JIMENEZ'S FAILURE TO CONSIDER MITI-GATING FATORS IN THE PETITIONER'S FAVOR

When the rule violation report was heard by J. Jimenez on Febuary 16th, 2005 J. Jimenez deliberately "REFUSED" to and blz-tantly "FAILED" to "CONSIDER" mitigating factors in the Petitioner's favor such as the lack of a history of violent acts, the commis-sion of assaults, assaults with wea pons, the fact that the Petitioner has only been found guilty for an act of mutual combat (8) eight years prior to this incident, was disciplinary free for over (2) two years prior to this incident, etc. in which would have warranted the minimum amount of disciplinary action being issued upon the finding of guilt. (see Exhibit (4)

On Febuary 16th, 2005 when this rule violation report

CONTINUING GROUND 7 FACTS:

was heard by J. Jimenez the Petitioner attempted to point out these factors to J. Jimenez who began to get irate with the Petitioner and stated that "this doesn't excuse the Petitioner's behavior and doesn't Justify his actions" in which when the petitioner continued to attempt to point out these factors J. Jimenez cut the Petitioner off from conversating and proceeded to hear this report.

If EXHIBIT I of this writ is examined, it would be discovered that nowhere in this Fact finding Report does J. Jimenez mention that he considered any of the aforementioned factors' before Penalizing the Petitioner there-fore Violating Departmental Policies and Institutional Procedures

CONTINUING GROUND 7 FACTS:

that warrents relief in this mat-
ter.

GROUND 7B SUPPORTING CASES:

If the California Code of Regulations, Title 15, Section 3341.5 (c)(10) Factors in mitigation or aggravation of SHU term is examined, it would read: The SHU term shall be set at the expected range unless a classification committee finds factors exist which warrant the imposition, of a lesser or greater period of confinement. The total period of confinement assessed shall be no less than nor greater than the lowest or highest months listed for the offense in the SHU term Assessment chart. In setting the term, the committee shall determine the base offense. If the term being assessed includes multiple offenses, the offense which provides for the longest period of confinement shall be the base offense. Lesser offenses may be used to increase the period beyond expected term. After determining the base offense, the committee shall review

CONTINUING GROUND 7B SUPPORT CASES :

the circumstances of the disciplinary offense and the inmate's institutional behavior history using the factor's below. the committee shall then determine that either no unusual factors exist or find that specific aggravating or mitigating factors do exist and specify a greater or lesser term. the reasons for deviation from the expected term shall be documented on a CDC 128-G, classification chrono, and SHU term Asse-ssment Worksheet, a copy of which shall be Provided to the inmate.

California code of Regulations, Title 15, Section 3341.5 (c)(10)(A) Factors in Mitigation reads: 1. The inmate has a minor or no prior disciplinary history. 2. The inmate has not been involved in prior acts of the same or of a similar nature. 3. The misconduct was situational

CONTINUING GROUND TO SUPPORT
-ING CASES:

and spontaneous as opposed to plan
-ned in nature. 4. the inmate
was influenced by others to commit
the offense. 5. the misconduct re-
sulted, in part, from the inmate's
fear for safety.

In this case, none of these
factors' were considered by J.
Jimenez and or the classifica-
tion committees' that the peti-
tioner attended that demonstrates
a due process violation that war-
rants the reversal of this guilty
finding, the expungment of this
issue from my "c" files, the dis-
missal of this allegation with
prejudice and all other relief as
deemed fit.

# GROUND 8: DENIAL OF THE PETITIONER'S RIGHTS NOT TO BE PLACED TWICE IN JEOPARDY

When J. Jimenez proceeded to hear this RVR and found the Petitioner guilty he Proceeded to to assess multiple Punishments for the alleged violation of one rule in violation of the Petitioner's rights not to be Placed twice in Jeopardy for the same offense.

As to this guilty finding, this guilty finding was based on a violation of California code of Regulations, Title 15, Section 3005(b) Disobeying orders and not 3005(c) Force or violence and without the consideration of aggravating or mitigating factors, the Petitioner was Subjected to the disposition of a 15 month SHU term, the lost of 360 days good time / work time credits, 28 Points

CONTINUING GROUND 8: added to my classification score and 10 days lost of yard. (see pp. 4 and 7 of Exhibit 1 )

The Petitioner was also subjected to being criminally prosecuted for the alleged violation (see Exhibit 12) in which the Imperial county District Attorney's Office subsequently rejected these allegations.

Such acts and actions are in violation of the Petitioner's constitutional rights not to be subjected to multiple Punishments as guaranteed under the double Jeopardy clauses of Article I, Section 15 of the California constitution and the 5th and 14th Amendments of the United States constitution that demonstrates that review is warranted in this matter.

SUPPORTING CASES GROUND
8: In People v. Guillen (1994)
25 Cal. App. 4th 756, 761, 31 Cal. Rptr
2d 653, Epstein, J., wrote that
" the Fifth Amendment to the
United States constitution Provides:
"No Person Shall ... be Subject
-ed for the Same offense to be
twice put in Jeopardy of life
or limb ..." This guarantee is
applicable to the States by vir-
tue of the Fourteenth Amend-
ment (Benton v. Maryland (1969)
395 U.S. 784, 794 [23 L.Ed. 2d 707,
715-716, 89 S.Ct. 2056 I.) And is
afforded as well by the California
constitution, Article I, Section
15."

Epstein, J., further wrote
that "the double Jeopardy clause
includes Several Protections: " 'It
Protects against a Second Prose-
cutions for the Same offense
After acquittal. It protects
against multiple Punishments for
the Same offense. ' [ citation ]"

CONTINUING SUPPORTING
CASES GROUND 8: ( Schiro v.
Farley (1994 510 U.S. ___ [127
L.Ed.2d 47,56, 114 S.ct. 783, 789].)

In this matter, the petitioner
was not only subjected to multi-
ple punishments for the same
offense but criminal prosecution
as well (see supporting facts)
in which should more than dem-
onstrate that relief is warranted
in this matter such as the re-
versal of these findings, dismissal
of this RVR with prejudice, re-
moval of this RVR from the
petitioner's "c" file, restoration
of all lost credits, points, and
A 1 A status and not limited
to.

8. Did you appeal from the conviction, sentence, or commitment?  ☒ Yes.  ☐ No.  If yes, give the following information:

   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

     court of Appeal, Second Appellate Dist., Div-Two

   b. Result _conviction Affirmed_  c. Date of decision: _____

   d. Case number or citation of opinion, if known: _____

   e. Issues raised: (1) _____

       (2) _____

       (3) _____

   f. Were you represented by counsel on appeal?  ☒ Yes.  ☐ No. If yes, state the attorney's name and address, if known:

     L.A., CA.

     David H. Goodwin   P.O. Box 93579  90093-0579

9. Did you seek review in the California Supreme Court?  ☒ Yes ☐ No.  If yes, give the following information:

   a. Result _Review Denied_  b. Date of decision: _____

   c. Case number or citation of opinion, if known: _____

   d. Issues raised: (1) _____

       (2) _____

       (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

   N/A

11. Administrative Review:

   a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].)  Explain what administrative review you sought or explain why you did not seek such review:

     After receiving the Final copy of this Fact Finding Report on March 4th, 2005 the petitioner elected to file a c.D.C. 602 Form (grievance) challenging this guilt finding (see Exhibit 6) in which I D.W. Bell c.II and chief Deputy warden tim Ochoa) interviewed the Petitioner on April

   b. Did you seek the highest level of administrative review available?  ☒ Yes.  ☐ No.
   *Attach documents that show you have exhausted your administrative remedies.*

continuing Question 11: 26th
2005 and blatantly "Denied" the
Petitioner any and all "Relief" that
was in their ability and authori-
ty as State officials to grant
on May 4th, 2005. (see Exhibit
7 )

the Petitioner then elects
to file this Grievance at the
third and Final Level with
Joanne Woodford, director of cor-
rections on June 4th, 2005 ex-
plaining the reason why the
Petitioner was prevented from
filing this Grievance within (15)
fifteen working days of May 4th
2005 (see Section 11 of Exhibit
6 ) in which Joanne Woodford,
N. Grannis, chief inmate appeals,
and an underling deliberately
"Refused" to "Act" on this Grie
-vance Denying the Petitioner
any and all Relief that was
within their ability and authori
-ty as State Officials by re-
turning this Grievance on Au-
gust 11th, 2005. (see Exhibit 8)

the Petitioner then re-
submits this Grievance to Joanne
Woodford again on August 11th
2005 with another Grievance

continuing Question 11: (see
Exhibit 9) highlighting her and
her underlings deliberate "fail-
ure" to "Act" on grievance log#
CAL-A-05-0468 challenging this
guilte finding in which, on octo-
ber 25th, 2005 Jozanne woodford
, N. Grannis and an underling
deliberately "Refused" to "Process"
either grievance) therefore con-
stituting exhaustion of the
administrative remedies, (see
Exhibit 10)

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☒ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: Imperial county Superior court

   (2) Nature of proceeding (for example, "habeas corpus petition"): writ of Habeas cor

   (3) Issues raised: (a) Same as Grounds 1 - 8

   (b) _____

   (4) Result (Attach order or explain why unavailable): Petition Denied

   (5) Date of decision: febuary 15th, 2007

   b. (1) Name of court: court of Appeal Fourth Appellate Dist

   (2) Nature of proceeding: writ of Habeas corpus

   (3) Issues raised: (a) Same as Grounds 1 - 8

   (b) _____

   (4) Result (Attach order or explain why unavailable): Petition Denied

   (5) Date of decision: June 14th, 2007

   c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

   NO Evidentiary Hearing, Order to Show cause, etc... was Granted

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

   there is NO Substantial Delay Between Each Filings

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

   _____

17. Do you have any petition, appeal, or other matter pending in any court? ☒ Yes. ☐ No. If yes, explain:

   civil litigation, writ of Mandate/Prohibition

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

   All courts Have Exceeded their Jurisdictions, Ignored the Law and Facts, etc.

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: June 25th 08            ▶ B. W

(SIGNATURE OF PETITIONER)

Continuing Question 13:

13. c. (1) Name of court: California Supreme court

(2) Nature of Proceeding: writ of Habeas corpus

(3) Issues Raised: Same as Grounds 1 - 8

(4) Results: Petition Denied

(5) Date of Decision: November 14th, 2007

d. (1) Name of court: U.S. Supreme court

(2) Nature of Proceedings: writ of certiorari

(3) Issues Raised: (a) what constitutes exhaustion of administrative remedies as mandated by 42 u.s.c. Sec. 1997e (a) and Per Booth V. Churner (2001) 532 u.s. 731 [121 S.ct. 1819; 149 L.Ed.2d 958 ] ?

(b) If the rules and regulations of C.D.C.R. has removed a state created Mechanism used by Prisoners' Excusing them of the Failure to File Grievances within (15) fifteen working days and a Grievance is Filed does this constitute exhaustion as interpreted by Some Federal District courts

continuing Question 13. d. (3)
(b): and Justice Alito in Wood-
ford v. Ngo (2006) 126 S. ct.
2378, 165 L. Ed. 2d 368?

(c) Does this "One Line De
-nial" as issued by the California
Supreme court constitutes a
"Ruling on The Merits" regarding
"writs" filed challenging Prisoner
Disciplinary Hearings in contrast
to its own Rules of court?

(d) Should a Guilty Finding
be upheld as reached by a
"Bias" Senior Hearing Officer
and this Rule Violation Report
being "Misclassified" in con-
trary to Wolff v. McDonnell
(1974) 418 U.S. 539 [94 S.ct. 2963;
41 L. Ed. 2d 935 ]?

# PROOF OF SERVICE

I, _Brian T. Hill_ , CERTIFY AND DECLARE THAT I AM OVER THE

AGE OF (18) YEARS, A PARTY TO THE WITHIN ACTION AND A CITIZEN AND OR RESIDENT OF THE UNITED

STATES.

I SERVED THE FOLLOWING DOCUMENT(S), _writ of Habeas Corp._

UPON THE PARTIES LISTED BELOW BY PLACING SEALED ENVELOPES IN THE UNITED STATES MAIL HERE

AT _Corcoran_ , CALIFORNIA AS FOLLOWS:

Gregory A. Ott
Attorney General
455 Golden Gate Ave.
Suite 11000
San Francisco, CA. 94102

Clerk's office
U.S. District Court
So. District of Calif.
880 Front St.
Suite 4290
San Diego CA. 92101-8900

I, _Brian T. Hill_ , SWEAR UNDER THE PENALTY OF PERJURY THAT

THE FOREGOING IS TRUE AND CORRECT.

EXECUTED AND DATED THIS _25th_ DAY OF _June 30_ , 20 _08_

_B. H_

DECLARANT

FINAL COPY OF
C.D.C. 115

EX. 1

05  0468

REC'D CAL APPEALS
MAR 1 1 2005 05/45 /32L

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD/DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| H-67149 | HILL | | LWOP | CSP-CAL | A3-134L | 01-05-A-04 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3005 (b) | BATTERY ON AN INMATE W/WEAPON | A3-Floor | 01/19/05 | 1716 |

On Wednesday, January 19, 2005, at approximately 1716 hours while performing my duties as A3-Control Booth Officer 1 observed Inmate HILL, H-67149 pick up a Broom from the lower tier and go up the stairs. HILL was going in the direction of "A" Section upper tier. Inmate HILL started striking Inmate MARTIN, K-65209 with the Broom Handle and stricking him in the upper torso and head in front of cell 212. I ordered both inmates to get down but they did not comply I fired One (1) round from my 40mm Direct Impact Weapon, Serial #GS0902 and aimed at zone 1 at the assailent Inmate HILL. After I fired Inmate MARTIN proned out in front of cell 212 and Inmate HILL ran towards the stairwell in front of cell 205. I instructed Inmate HILL to prone out on the tier. I continued to cover the area until both Inmates were removed from the building Later after reviewing the medical report I found out that Inmate MARTIN was struck in the lower leg but I aimed at Inmate HILL but struck MARTIN due to the wrestling on the tier. Inmate HILL is not a participant in the Mental Health Services Delivery System (MHSDS). Inmate HILL is aware of this report.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ T. DAVIS, Correctional Officer | 01/19/05 | A3-Control Booth | Mon/Tue |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ V. BACH, Correctional Sergeant | 1.19.05 | DATE _____ LOC. _____ | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | A-1 | 13 | ▶ G. RAPOZA, LT. | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |

### COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ | 1/10 | 920 | |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | ▶ | 4/8/05 | | ▶ | 4/8/05 | |

## HEARING

**CONTINUED ON RVR PART C**

| REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA | | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | | DATE | TIME |
| J. JIMENEZ, CORRECTIONAL LIEUTENANT | ▶ | | |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
| ▶ W. PRICE, FACILITY CAPTAIN | | ▶ G. JANDA  ASSOCIATE WARDEN A/B | 3/8/05 |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
| | | | 3/25 | 1600 |

CDC 115 (7/88)

I received on

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

RECEICAL APPEALS
MAR 17 2005

05 0468

| CDC NUMBER | INMATE'S NAME | INMATE FILE NO. (4 2005) | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| H-67149 | HILL | 3005 (b) | 01/19/05 | CSP-CAL | 01-05-A-043 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT  [X] YES  [ ] NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [X] I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ R.T. H___ | 2/1/05 |
| [ ] I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| | | INMATE'S SIGNATURE | DATE |
| [ ] I REVOKE my request for postponement. | | ▶ N/A | |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| [ ] REQUESTED | [ ] WAIVED BY INMATE | ▶ N/A | |
| [ ] ASSIGNED | DATE | NAME OF STAFF | |
| [X] NOT ASSIGNED | REASON DOES NOT MEET CRITERIA FOR CCR 3315 (1)(2) | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| [ ] REQUESTED | [ ] WAIVED BY INMATE | ▶ N/A | |
| [X] ASSIGNED | DATE 3/10/05 | NAME OF STAFF N MEJIA | |
| [ ] NOT ASSIGNED | REASON | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE: At the time of hearing, I/m Hill stated he accepted the Questions and Answers from Officer Rocha & Gomez which is documented in the I.E. Report. Officer Gomez is currently out on medical leave

WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

[ ] REPORTING EMPLOYEE   [ ] STAFF ASSISTANT   [ ] INVESTIGATIVE EMPLOYEE   [ ] OTHER ___  [ ] NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|---|---|
| c/o Gomez | waived | [ ] | [ ] | | | [ ] | [ ] |
| c/o Rocha | | [ ] | [X] | | | [ ] | [ ] |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

SHO NOTE: Immediately after the SHO noted Inmate Hill acceptance of the Questions & Answers for Officer Gomez, Inmate Hill stated he wasn't going to sign, noting his acknowledgement of his verbal acceptance. Correctional Officer Steele was present during his verbal acceptance and his refusal. The SHO decided to proceed with the Hearing, the SHO was able to review Officer Gomez's answer(s) in the I.E. Report.

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ | |

| [X] COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME 15:30 | DATE 2/1/05 |
|---|---|---|---|

CDC 115-A (7/88)

REC'D CAL APPEALS

MAR 1 1 2005

05 0468

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS

PAGE 1 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-67149 | HILL | 01-05-A-043 | CAL-CSP | FEB-16-05 |

☐ SUPPLEMENTAL    ☐ CONTINUATION OF:    ☐ 115 CIRCUMSTANCES    ☒ HEARING    ☐ IE REPORT    ☐ OTHER _____

On Wednesday, February 16, 2005, at approximately 2000 hours, Inmate HILL, H-67149, appeared before this Senior Hearing Officer (SHO) for adjudication of Rules Violation Report, CDC-115, Log Number 01-05-A-043. I introduced myself and explained Hearing Rules & Procedures to Inmate HILL, who stated he was in sound physical health. Inmate HILL is not a participant in the Mental Health Services Delivery System, the Disability Placement Program, or the Developmental Disability Program.

DUE PROCESS: Inmate HILL received all pertinent documents twenty four (24) hours prior to the hearing. All time constraints have been met. There are no due process errors.

STAFF ASSISTANT: A Staff Assistant was not assigned per CCR #3315(D)(2).

INVESTIGATIVE EMPLOYEE: Correctional Officer N. MEJIA was assigned on 01/19/05.

INMATES PLEA: The charges were read to Inmate HILL and he plead NOT GUILTY.

INMATE STATEMENT: Inmate HILL stated: "I told the officers that we had problems, and were not getting along."

WITNESSES: Witnesses were requested and granted. Inmate HILL requested Correctional Officer ROCHA as a witness and this request was granted by the SHO.

Correctional Officer ROCHA was asked the following questions from Inmate HILL via the SHO.

Q: On January 19, 2005, did I tell you that my cellie and I were not getting along and I needed a move?
A: No, they did request a bed move, they never said anything about not getting along.

Q: On January 19th, 2005, did I, Inmate HILL, H-67149, between the hours of 3 and 4 p.m., inform you, C/O T. ROCHA, hat I needed to be released from my cell in order to retrieve my radio because me and Inmate MARTIN K-65209, were not getting along (non-compatible) so I can try to get a cell move?
A: No, I dont recall.

The SHO elected to ask the following questions of Correctional Officer ROCHA.

Q: Did you see inmate HILL and MARTIN square off prior to Inmate HILL striking him with the broom?
A: No, I was at the chow hall when this happened.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| J. JIMENEZ, CORRECTIONAL LIEUTENANT | 2 23 05 |

| ☑ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED 3/3/5 | TIME SIGNED 1600 |
|---|---|---|---|

CDC 115-C (5/95)

OSP 99 25082

Case 3:08-cv-01180-JM-WMC Document 1 Filed 07/01/2008 Page 94 of 151

STATE OF CALIFORNIA
**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE 2 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-67149 | HILL | 01-05-A-043 | CAL-CSP | FEB-16-05 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER |
|---|---|---|---|---|---|

Correctional Officer GOMEZ was requested as a witness, however at the time of the hearing, Inmate HILL stated he accepted the questions and answers from Officer GOMEZ which is documented in the I.E. Report. Officer GOMEZ is currently out on medical leave. Immediately after the SHO noted Inmate HILLs acceptance of the questions and answers for Officer GOMEZ, Inmate HILL stated he wasn't going to sign, noting his acknowledgment of his verbal acceptance. Correctional Officer Steele was present during his verbal acceptance and his refusal. The SHO elected to proceed with the hearing, the SHO was able to review Officer GOMEZs answers via his I.E. report

During the I.E. Report, Inmate HILL submitted questions regarding the Reporting Employees employment conduct record. The SHO determined that this information was confidential and not relevant to this CDC-115 hearing.

FINDINGS: Inmate HILL was found GUILTY of having violated CCR# 3005 (b), for the Specific Act of "BATTERY ON AN INMATE WITH A WEAPON". This finding is based upon a preponderance of the evidence as submitted during the hearing, which is considered valid and substantiates the charge. The evidence includes:

A: The Reporting Employee's written report, which states in part: I observed Inmate HILL pick up a broom from the lower tier and go up the stairs. HILL was going in the direction of "A" Section upper tier. Inmate HILL started striking Inmate MARTIN with the broom handle and striking him in the upper torso and head in front of cell 212.

B: The SHO reviewed all reports relevant to the CDC-115 hearing. The SHO is convinced that Inmate HILL willfully battered Inmate MARTIN with the broom handle. The SHO determined that Inmate HILL utilized the broom as a weapon to cause serious harm to Inmate MARTIN by striking him in the upper torso and head area.

DISPOSITION: Inmate HILL was assessed:

360 days FORFEITURE OF CREDIT, consistent with a Division "A1" Offense.
10 days LOSS OF YARD, Beginning 02/16/05 and Ending 02/26/05.

Inmate HILL was counseled, reprimanded and advised of future behavior expectations.

Inmate HILL is referred to Institutional Classification Committee (ICC) with the recommendation that the appropriate Security Housing Unit (SHU) term be assessed.

Inmate HILL is also referred to the Institutional Psychiatrist for evaluation prior to assessment of a SHU term, per the Madrid Decision.

Inmate HILL was advised of his rights to appeal the findings and/or disposition of the hearing, pursuant to CCR§, Section 30841.1 and also advised that he would receive a completed copy upon final audit by the Chief Disciplinary Officer (CDO). the review and signature of the CDO affirms, reverses, or modifies the disciplinary action and/or Credit Forfeiture and constitutes the First Level for Appeal Purposes.

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| J. JIMENEZ, CORRECTIONAL LIEUTENANT | | 2-23-05 |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | 3/3/5 | 1600 |

☐ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

OSP 99 25082

REC'D CAL APPEALS

**05  0468**

MAR 1 1 2005

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS

PAGE___ OF___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-67149 | HILL | 01-05-A-043 | CSP-CAL | 02/08/05 |

☐ SUPPLEMENTAL   ☐ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☐ HEARING   ☒ IE REPORT   ☐ OTHER:

On Tuesday, Febuary 08, 2005, I informed Inmate HILL, H-67149, A3-132L, that I had been assigned as the Investigative Employee for Rules Violation Report, Log #01-05-A-043 charging him with violation of CCR #3005 (b). I explained to Inmate HILL that my function was to: collect information, interview him, the Reporting Employee and all witnesses having information about the incident.   Inmate HILL stated that he understood my function and expressed no objections to my assignment. Therefore, as the assigned and accepted Investigator, I conducted the investigation and submit the findings in this report.

CHARGED INMATE STATEMENT: On Saturday, Febuary 08, 2005, at approximately 1935 hours, I interviewed Inmate HILL who the following:

STATEMENT: " I have no statement."

On Tuesday, Febuary 08,2005, at approximately 1950 hours I interviewed Correctional Officer T. DAVIS, who stated the following:

STATEMENT:  " On Wednesday, January 19,2005, at approximately 1716 hours, I observed Inmate HILL, H-67149 pick up a broom from the lower tier and go up the stairs. HILL was going in the direction of "A" section upper tier. Inmate HILL started to strike Inmate MARTIN, K-65209 with the broom handle and striking him in the upper torso and head in front of cell 212. I ordered both Inmates to get down with negative results. I fired one (1) round from my 40mm direct Impact weapon, serial # GS0902 and aimed at zone 1 at assailent Inmate HILL, after I fired Inmate MARTIN proned out in front of cell 212 and Inmate HILL ran towards the stairwell in front of 205. I instructed Inmate HILL to prone out on the tier. I continued to cover the area until both Inmates were removed from the building. Later after reviewing the medical report I found out that Inmate MARTIN was struck in the lower leg but aimed at Inmate HILL but struck MARTIN due to the wrestling on the tier.

On Wednesday, Febuary 09,2005, at approximately 1950 hours, I interviewed Correctional Officer T. ROCHA, who answered the following questions.

1. (Q) On January 19,2005, did I, Inmate HILL, H-67149 between the hours 3 and 4 PM, inform you, Correctional Officer T. ROCHA that my'self and Inmate MARTIN, K-65209 were not getting along (non compatible) and that I wanted to move?

   (A) Inmate HILL requested a bedmove. I informed the Sergeant who said convenience moves are done on 2nd watch. Inmate HILL never said it was an urgent matter.

2. (Q) On January 19,2005, did Inmate HILL, H-67149, between the hours of 3 and 4 PM inform you, Correctional Officer T. ROCHA that I needed to be released from my cell in order to retrieve my radio because me and Inmate MARTIN, K-65209 were not getting along (non compatible) so I can try to get a cell move?

   (A) No.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| N. MEJIA, Correctional Officer | 2-15-05 |

| GIVEN BY: (Staffs Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | 2-15-05 | 2000 |

CDC 115-C (5/95)

OSP 99 25082

05  0468

REC'D CAL APPEALS
MAR 1 1 2005

STATE OF CALIFORNIA                                                                DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT - PART C**                                                          PAGE ___ OF ___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-67149 | HILL | 01-05-A-043 | CSP-CAL | 02/08/05 |

☐ SUPPLEMENTAL   ☐ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☐ HEARING   ☒ IE REPORT   ☐ OTHER_____

On Thursday, Febuary 10, 2005, at approximately 1655 hours I interviewed Correctional Office GOMEZ, who answered the following questions.

1.(Q)  On January 19, 2005, did I, Inmate HILL, H-67149, between the hours of 3 and 4 PM inform you, Correctional Officer H. GOMEZ that my self and Inmate MARTIN, K-65209 were not gettin along ( non compatible ) and that I wanted to move?

 (A)  He stated he wanted a bed move, but did not state him and his cellie were not gettin along.

2.(Q)  On January 19, 2005, did I, Inmate HILL, H-67149 between the hours of 3:30 and 3:50 P inform you, Correctional Officer H. GOMEZ, during your evening count that I needed to b released from my cell in order to retrieve some personal property because me and Inmate MARTIN K-65209 were not getting along (non compatible) and that I wanted to move?

 (A)  No.

3.(Q)  On January 19, 2005, did I, Inmate HILL, H-67149 between the hours of 4:05 and 4:25 P after you performed your evening count inform you Correctional Officer H. GOMEZ that I neede to move in which you informed me that no cell moves are performed on 3rd watch?

 (A)  Yes, however you never mentioned that you and your cellie were not getting along.

4.(Q)  On January 19, 2005, did I, Inmate HILL, H-67149 between the hours 1700 and 1716 hour question you, Correctional Officer H. GOMEZ at the podium during the evening meal release abou why you did not assist me in getting a cell move as well as in me getting my Superradio III?

 (A)  No, I told you that covenience moves were done during 2/W hours.

NOTHING FURTHER FROM INMATE HILL

INMATE HILL Requests' Correctional Officer's T. ROCHA and H. GOMEZ as witnesses.

Inmate HILL DOES NOT request the Reporting Employee at the hearing.
Inmate HILL DOES NOT request the Investigative Employee at the hearing.
Inmate HILL DOES NOT request Inmate witnesses at the hearing.

                         This concludes my report.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| N. MEJIA, Correctional Officer | 2-15-05 |

| | GIVEN BY: (Staffs Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | | 2-15-35 | 2000 |

CDC 115-C (5/95)                                                                OSP 99 25082

REC'D CAL APPEALS
MAR 1 1 2005

05 0468

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC 128 A (8-87)

**NAME AND NUMBER**    HILL    H-67149    A5-132

On Wednesday, February 16, 2005, at approximately 2000 hours, you appeared before Correctional Lieutenant J. JIMENEZ, for adjudication of CDC-115, Log #01-05-A-043. You were found GUILTY and assessed the following LOSS OF PRIVILEGES.

10 Days LOSS OF YARD, Beginning 02/16/05 and Ending 02/26/05.

ORIG: C-File
  CC: Correctional Lieutenant
      CC I
      Housing Unit
      Inmate

J. JIMENEZ, Correctional Lieutenant
Senior Hearing Officer
Facility "A" 3/W

(DISPOSITION OF CDC-115/LOSS OF PRIVILEGES)

**DATE**    FEBRUARY 16, 2005

**CUSTODIAL COUNSELING**

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC 128 A (8-87)

**NAME AND NUMBER**    HILL    H-67149    A5-132

On Wednesday, February 16, 2005, at approximately 2000 hours, Inmate HILL appeared before Correctional Lieutenant J. JIMENEZ, for adjudication of CDC-115, Rules Violation Report, Log # 01-05-A-043, for the specific Act of "BATTERY ON AN INMATE WITH A WEAPON". Inmate HILL was found guilty and referred to Institutional Classification Committee with the recommendation for SHU Assessment. Inmate HILL is also referred to the Institutional Psychiatrist for evaluation before SHU Term assessment per the Madrid decision.

ORIG: C-File
  CC: Correctional Lieutenant
      CC I
      Housing Unit
      Inmate

J. JIMENEZ, Correctional Lieutenant
Senior Hearing Officer
Facility "A" 3/W

(MADRID/CHRONO)

**DATE**    FEBRUARY 16, 2005

**CUSTODIAL COUNSELING**

7219 on
I/m martin
Ex. 2

05 0468

STATE OF CALIFORNIA

**MEDICAL REPORT OF INJURY
OR UNUSUAL OCCURRENCE**

DEPARTMENT OF CORRECTIONS

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT (circle) | ON THE JOB INJURY | DATE |
|---|---|---|---|---|
| CALIPATRIA | FAC A3 | USE OF FORCE / INJURY / UNUSUAL OCCURRENCE | PRE AD/SEG ADMISSION | 01/19/05 |

| THIS SECTION FOR INMATE ONLY | NAME LAST MARTIN | FIRST | CDC NUMBER K-65209 | HOUSING LOC. A3-134 | NEW HOUSING LOC. |
|---|---|---|---|---|---|
| THIS SECTION FOR STAFF ONLY | NAME LAST | FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
| THIS SECTION FOR VISITOR ONLY | NAME LAST | FIRST | MIDDLE | DOB | OCCUPATION |
| | HOME ADDRESS | CITY | STATE | ZIP | HOME PHONE |

| PLACE OF OCCURRENCE | DATE/TIME OF OCCURRENCE | NAME OF WITNESS(ES) |
|---|---|---|
| A3- DAYROOM | 01/19/05  1912 | |

| TIME NOTIFIED 1912 | TIME SEEN 1912 | ESCORTED BY ON SITE | MODE OF ARRIVAL (circle) AMBULATORY  LITTER  WHEELCHAIR  ON SITE | AGE 31 | RACE B | SEX M |
|---|---|---|---|---|---|---|

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"Hey!. MTA my leg got big!" "I got hit by the cop with 2 round!"

| INJURIES FOUND? | YES / NO | |
|---|---|---|
| Abrasion/Scratch | 1 | |
| Active Bleeding | 2 | |
| Broken Bone | 3 | |
| Bruise/Discolored Area | 4 | |
| Burn | 5 | |
| Dislocation | 6 | |
| Dried Blood | 7 | |
| Fresh Tattoo | 8 | |
| Cut/Laceration/Slash | 9 | |
| O.C. Spray Area | 10 | |
| Pain | (11) | |
| Protrusion | 12 | |
| Puncture | 13 | |
| Reddened Area | (14) | |
| Skin Flap | 15 | |
| Swollen Area | (16) | |
| Other | 17 | |
| | 18 | |
| | 19 | |

| O.C. SPRAY EXPOSURE? | YES (NO) |
|---|---|
| DECONTAMINATED? | YES (NO) |
| Self-decontamination instructions given? | YES (NO) |
| Refused decontamination? | YES (NO) |
| Q 15 min. checks | |
| Staff issued exposure packet? | YES (NO) |



— 16,14,11
11,14,16

| RN NOTIFIED/TIME | PHYSICIAN NOTIFIED/TIME |
|---|---|
| Yes  1912 | Yes  1912 |

TIME/DISPOSITION

Remains in Custody
1935  1/19/05

| REPORT COMPLETED BY/TITLE (PRINT AND SIGN) | BADGE # 68709 | RDOs S/S |
|---|---|---|
| L. ___ MTA  ___ MTA | | |

(Medical data is to be included in progress note or emergency care record filed in UHR)

CDC 7219 (Rev. 11/02)    DISTRIBUTION:  ORIGINAL - UHR    CANARY - CUSTODY    PINK - HEALTH AND SAFETY/RTW COORDINATOR

05 046

STATE OF CALIFORNIA

**MEDICAL REPORT OF INJURY
OR UNUSUAL OCCURRENCE**

REC'D CAL APPEALS
MAR 2 3 2005

DEPARTMENT OF CORRECTIONS

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT *(circle)* | | | ON THE JOB INJURY | DATE |
|---|---|---|---|---|---|---|
| CAL SP | A YARD | USE OF FORCE | INJURY / (UNUSUAL OCCURRENCE) | | PRE AD/SEG ADMISSION | 1/19/05 |

| THIS SECTION FOR INMATE ONLY | NAME   *LAST* | *FIRST* | CDC NUMBER H07149 | HOUSING LOC. A3 134 | NEW HOUSING LOC. |
|---|---|---|---|---|---|
| THIS SECTION FOR STAFF ONLY | NAME   *LAST* | *FIRST* | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
| THIS SECTION FOR VISITOR ONLY | NAME   *LAST* | *FIRST*   *MIDDLE* | DOB | OCCUPATION | |
| | HOME ADDRESS | CITY | STATE | ZIP | HOME PHONE |

| PLACE OF OCCURRENCE A-3 | DATE/TIME OF OCCURRENCE 1/19/05 | NAME OF WITNESS(ES) | |
|---|---|---|---|
| TIME NOTIFIED 1720 | TIME SEEN 1720 | ESCORTED BY C/O | MODE OF ARRIVAL *(circle)*   LITTER   WHEELCHAIR   AMBULATORY   ON SITE | AGE 34 | RACE BLK | SEX ♂ |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"I ALREADY TOLD THE POLICE WE WEREN'T getting along

| INJURIES FOUND?   YES / NO | |
|---|---|
| Abrasion/Scratch | 1 |
| Active Bleeding | 2 |
| Broken Bone | 3 |
| Bruise/Discolored Area | 4 |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | 10 |
| Pain | 11 |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | 14 |
| Skin Flap | 15 |
| Swollen Area | 16 |
| Other | (17) |
| 1 cm. scrape | |
| (R) orbital bone F | 18 |
| upper lip (R) stow | 19 |
| O.C. SPRAY EXPOSURE?   YES / NO | |
| DECONTAMINATED?   YES / No | |
| Self-decontamination instructions given?   YES / No | |
| Refused decontamination?   YES / No | |
| Q 15 min. checks | |
| Staff issued exposure packet?   YES / NO | |



| RN NOTIFIED/TIME | PHYSICIAN NOTIFIED/TIME |
|---|---|
| TIME/DISPOSITION 1725 / Program Housing | REPORT COMPLETED BY/TITLE   (PRINT AND SIGN)   R.N. Muniz   RN/Lin | BADGE # 60777 | RDOs F/S |

CDC 7219 (Rev. 11/02)       *(Medical data is to be included in progress note or emergency care record filed in UHR)*

DISTRIBUTION:   ORIGINAL - UHR       CANARY - CUSTODY       PINK - HEALTH AND SAFETY/RTW COORDINATOR

R V R

EX. 3

STATE OF CALIFORNIA

**RULES VIOLATION REPORT**

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| H-67149 | HILL | | | CSP-CAL | A3-134L | 01-05-A-04 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3005 (b) | BATTERY ON AN INMATE W/WEAPON | A3-Floor | 01/19/05 | 1716 |

CIRCUMSTANCES

On Wednesday, January 19, 2005, at approximately 1716 hours while performing my duties as
A3-Control Booth Officer I observed Inmate HILL, H-67149 pick up a Broom from the lower tier
and go up the stairs. HILL was going in the direction of "A" Section upper tier. Inmate HILL
started stricking Inmate MARTIN, K-65209 with the Broom Handle and stricking him in the upper
torso and head in front of cell 212. I ordered both inmates to get down but they did not comply
I fired One (1) round from my 40mm Direct Impact Weapon, Serial #G50902 and aimed at zone 1
at the assailant Inmate HILL. After I fired Inmate MARTIN proned out in front of cell 212 and
Inmate HILL ran towards the stairwell in front of cell 205. I instructed Inmate HILL to prone
out on the tier. I continued to cover the area until both inmates were removed from the building
Later after reviewing the medical report I found out that Inmate MARTIN was struck in the lower
leg but I aimed at Inmate HILL but struck MARTIN due to the wrestling on the tier.
Inmate HILL is not a participant in the Mental Health Services Delivery System (MHSDS).
Inmate HILL is aware of this report.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ T. DAVIS, Correctional Officer | 01/19/05 | A3-Control Booth | Mon/Tue |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ V. HACH, Correctional Sergeant | | DATE _____ LOC. _____ | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☐ SERIOUS | | | | ☐ HO   ☒ SHO   ☐ SC   ☐ FC |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | | |
|---|---|---|---|---|---|---|
| | ▶ | | | | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |

HEARING

REFERRED TO..  ☐.CLASSIFICATION      ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | | SIGNATURE ▶ | | DATE | TIME |
|---|---|---|---|---|---|
| REVIEWED BY: (SIGNATURE) ▶ | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ | | DATE | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) ▶ | | DATE | TIME |

CDC 115 (7/88)

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| H-67149 | HILL | 3005 (b) | 01/19/05 | CSP-CAL | 01-05-A-043 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT. ☒ YES ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

☒ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution.
INMATE'S SIGNATURE ▶
DATE

☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution.
INMATE'S SIGNATURE ▶
DATE

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|

☐ **I REVOKE** my request for postponement.
INMATE'S SIGNATURE ▶
DATE

## STAFF ASSISTANT

STAFF ASSISTANT ☐ REQUESTED ☐ WAIVED BY INMATE
INMATE'S SIGNATURE ▶
DATE

☐ ASSIGNED | DATE | NAME OF STAFF

☐ NOT ASSIGNED | REASON

## INVESTIGATIVE EMPLOYEE

INVESTIGATIVE EMPLOYEE ☐ REQUESTED ☐ WAIVED BY INMATE
INMATE'S SIGNATURE ▶
DATE

☒ ASSIGNED | DATE | NAME OF STAFF

☐ NOT ASSIGNED | REASON

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE ☐ STAFF ASSISTANT ☐ INVESTIGATIVE EMPLOYEE ☐ OTHER _____ ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| c/o Gomez | ☐ | ☐ | | ☐ | ☐ |
| c/o Rocha | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

INVESTIGATOR'S SIGNATURE ▶ | DATE

☐ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME | DATE

CDC 115-A (7/88)

To Rocha's

q & A's

To I. E. Report

Ex 4

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**                                                        PAGE____OF____

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-67149 | HILL | 01-05-A-043 | CSP-CAL | 02/08/05 |

☐ SUPPLEMENTAL    ☐ CONTINUATION OF:    ☐ 115 CIRCUMSTANCES    ☐ HEARING    ☒ IE REPORT    ☐ OTHER_____

On Tuesday, February 08, 2005, I informed Inmate HILL, H-67149, A3-132L, that I had been assigned as the Investigative Employee for Rules Violation Report, Log #01-05-A-043 charging him with violation of CCR #3005 (b). I explained to Inmate HILL that my function was to: collect information, interview him, the Reporting Employee and all witnesses having information about the incident. Inmate HILL stated that he understood my function and expressed no objections to my assignment. Therefore, as the assigned and accepted Investigator, I conducted the investigation and submit the findings in this report.

CHARGED INMATE STATEMENT: On Saturday, February 08, 2005, at approximately 1935 hours, I interviewed Inmate HILL who the following:

STATEMENT: " I have no statement."

On Tuesday, Febuary 08,2005, at approximately 1950 hours I interviewed Correctional Officer T. DAVIS, who stated the following:

STATEMENT: " On Wednesday, January 19,2005, at approximately 1716 hours, I observed Inmate HILL, H-67149 pick up a broom from the lower tier and go up the stairs. HILL was going in the direction of "A" section upper tier. Inmate HILL started to strike Inmate MARTIN, K-65209 with the broom handle and striking him in the upper torso and head in front of cell 212. I ordered both inmates to get down with negative results. I fired one (1) round from my 40mm direct impact weapon, serial # GS0902 and aimed at zone 1 st assailent Inmate HILL, after I fired Inmate MARTIN proned out in front of cell 212 and Inmate HILL ran towards the stairwell in front of 205. I instructed Inmate HILL to prone out on the tier. I continued to cover the area until both inmates were removed from the building. Later after reviewing the medical report I found out that Inmate MARTIN was struck in the lower leg but aimed at Inmate HILL but struck MARTIN due to the wrestling on the tier.

On Wednesday, Febuary 09,2005, at approximately 1950 hours, I interviewed Correctional Officer T. ROCHA, who answered the following questions.

1.(Q) On January 19,2005, did I, Inmate HILL, H-67149 between the hours 3 and 4 PM, inform you, Correctional Officer T. ROCHA that my'self and Inmate MARTIN, K-65209 were not getting along (non compatible) and that I wanted to move?

   (A) Inmate HILL requested a bedmove. I informed the Sergeant who said convenience moves are done on 2nd watch. Inmate HILL never said it was an urgent matter.

2.(Q) On January 19,2005, did Inmate HILL, H-67149, between the hours of 3 and 4 PM inform you, Correctional Officer T. ROCHA that I needed to be released from my cell in order to retrieve my radio because me and Inmate MARTIN, K-65209 were not getting along (non compatible) so I can try to get a cell move?

   (A) No.

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | N. MEJIA, Correctional Officer | | 2 15-5 |
| COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staffs Signature) | DATE SIGNED | TIME SIGNED |
| | | 2 15 05 | 2 30 |

CDC 115-C (5/95)                                                                OSP 99 25082

Q & A's For

H. Gomez

I. E. - Report

Ex. 5

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**

PAGE____OF____

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-67149 | HILL | 01-05-A-043 | CSP-CAL | 02/08/05 |

☐ SUPPLEMENTAL  ☐ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☐ HEARING  ☒ IE REPORT  ☐ OTHER_____

On Thursday, February 10, 2005, at approximately 1655 hours I interviewed Correctional Officer GOMEZ, who answered the following questions.

1.(Q) On January 19, 2005, did I, Inmate HILL, H-67149, between the hours of 3 and 4 PM inform you, Correctional Officer H. GOMEZ that myself and Inmate MARTIN, K-65209 were not getting along ( non compatible ) and that I wanted to move?

(A) He stated he wanted a bed move, but did not state him and his cellie were not getting along.

2.(Q) On January 19, 2005, did I, Inmate HILL, H-67149 between the hours of 3:30 and 3:50 P inform you, Correctional Officer H. GOMEZ, during your evening count that I needed to b released from my cell in order to retrieve some personal property because me and Inmate MAR|I K-65209 were not getting along (non compatible) and that I wanted to move?

(A) No.

3.(Q) On January 19, 2005, did I, Inmate HILL, H-67149 between the hours of 4:05 and 4:25 P after you performed your evening count inform you Correctional Officer H. GOMEZ that I neede to move in which you informed me that no cell moves are performed on 3rd watch?

(A) Yes, however you never mentioned that you and your cellie were not getting along.

4.(Q) On January 19, 2005, did I, Inmate HILL, H-67149 between the hours 1700 and 1716 hour: question you, Correctional Officer H. GOMEZ at the podium during the evening meal release abou why you did not assist me in getting a cell move as well as in me getting my Superradio III?

(A) No, I told you that covenience moves were done during 2/W hours.

NO|HING FURTHER FROM INMATE HILL

INMATE HILL Requests' Correctional Officer's T. ROCHA and H. GOMEZ as witnesses.

Inmate HILL DOES NO|| request the Reporting Employee at the hearing.
Inmate HILL DOES NO|| request the Investigative Employee at the hearing.
Inmate HILL DOES NOT request Inmate witnesses at the hearing.

This concludes my report.

| SIGNATURE OF WRITER, N. MEJIA, Correctional Officer | DATE SIGNED 2-15-05 |
|---|---|

☐ COPY OF CDC 115-C GIVEN TO INMATE

| GIVEN BY: (Staffs Signature) | DATE SIGNED 2-15-05 | TIME SIGNED 20?? |
|---|---|---|

CDC 115-C (5/95)

OSP 99 25082

602 Form

Ex. 6

RECD CAL APPEALS

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

MAR 1 1 2005

CAL-A-

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| | 1. 05 0468 | #1 |
| | 2. | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| B. Hall | H67149 | Ad-Seg | |

A. Describe Problem: On Feb. 16th 2005 a LT. J. Jimenez proceeded to hear a c.d.c. 115 without calling the witnesses as was requested by the Appellant in violation of c.c.r Title 15, subsec. 3315(e)(e)(1); the presence of the I.E. in violation of c.c.r. Title 15 subsec. 3315(e)(4); deliberately "Failed" to "consider" mitigating

If you need more space, attach one additional sheet.

B. Action Requested: For this guilty finding to be reversed; all points that were add to the Appellants classification score in regards to this 115 reduced; the time that was add

Inmate/Parolee Signature: B. Hall    Date Submitted: 3/6/05

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: 

Staff Signature: _____ Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

CAL BY-PASS

RECEIVED

Signature: _____ Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim    CDC Appeal Number:

SCREEN OUT
MAR 1 8 2005

05 0468

CAL-1+  05  0468

First Level   ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E.  REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____     Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____     Title: _____     Date Completed: _____

Division Head Approved: _____     Returned

Signature: _____     Date to Inmate: _____

*CSP-PB BY-PASS*

F.  If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____     Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☑ Denied    ☐ Other     MAR 25 2005    Due Date: **5-5-05**

☑ See Attached Letter   REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____

Signature: *Deo Bell*     Received 5/4/2005

Warden/Superintendent Signature: _____ (i.w/a)     Date Completed: **4/28/05**     Date Returned to Inmate: **MAY 03 2005**

H.  If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Do unto the "Falsification" of the "SHO's findings (LT. J. Jimenez.) and "D.W. Bell's" alleged "Investigation" warrants review. On April 26th 2005 I CCII D.W. Bell approached the Appellants cell door under this guise of interviewing the Appellant concerning this 602

Signature: P. I. A.     Date Submitted: **6/7/2005**

Received on 8-11-05 & 10-25-05 unanswered

For the Director's Review, submit all documents to:  Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

*REC'D CAL APPEALS*   *MAY 0 3 2005*

REC'D CAL APPEALS
MAR 1 1 2005

05 0468

concluding Section A :
Factors in regards to these findings
in violation of c.c.R. title 15
Subsec. 3341.5 ; Subsec. 3315(F) ; ex-
ercised a predetermination of the
Appellants Guilt by excepting
the rule violation report and I.E's
report as written in violation
of c.c.R. Title 15, Subsec. 3320(h) ;
the Appellant was denied the
right to present documentary
evidence in violation of c.c.R.
Title 15, Subsec. 3320(l) ; Due
Process and not limited to.

continuing Section B :
(360) days deducted ; for the
Appellant to be accorded all his
rights ; and or this Guilty finding
reduced and not limited to ;

continuing Section H : in
which D.w. Bell deliberately "Failed"
to and blatantly "Refused" to "Allow"

the Appellant to present a defense to these allegations (see Second Level Responce, no remarks as illustrated to D.W. Bell by the Appellant noted) in violation of C.C.R. Title 15, Subsec. 3084.5 (e)(1), (f)(1), etc... in regards to the Stto's deliberate "Failure" to "call" C/o H. Gomez as a witness as was requested in violation of C.C.R. Title 15, Subsec. 3084.5 (h)(2)(D), 3315 (d), (e)(1) and or make C/o H. Gomez available by Phone in violation of Subsec. 3315 (e)(6); the Appellants I.E. for a witness and in violation of these same Subsections; the Stto's blatant "Failure" to and deliberate "Refusal" to "consider" mitigating factors in the Appellants favor in violation of Subsec. 3084.5 (h)(2)(E), 3320(h), 3341.5 (c)(10)(h); the fact that the Appellant was "Not" charged with committing an act of "Force or Violence" in violation of Subsec. 3005(c) but disobeying an order in violation of Sec. 3005(b); the Stto's deliberate

continuing Section H: "Failure" to "Allow" the Appellant to Present documentary evidence (F.M. martins medical report; Part A), pp. 1 of 11 — 3 of 11 of this crime (incident report) in violation of Subsec. 3084.5 (h)(2)(E), 3320 (L) inorder to see if a "Serious Injury" was noted as defined in Subsec. 3000; as to the SHO's exercise of a predetermination of the the Appellants guilt in violation of Subsec. 3320 (h); as to the denial of the Appellants Due Process rights and not limited to.

D.W. Bell cites at P. 4 of this Second Level Response that "I appeared before an experienced SHO J. Ries at which time You were found guilty of Battery on an inmate with a weapon" in which is "False" and "Fabricated" because SHO J. Jimenez heard this ILS not J. Ries (see C.D.C. 115, 115A, 115C)

in which demonstrates that SHO I. Jimenez was "Not" interviewed and or this investigated in violation of C.C.R. Title 15 subsec. 3084.5(e)(1), (f), and (c).

D.W. Bell CCII further states at P8. 4-5 "that the Appellant requested witnesses, this request was Granted, that C/o H. Gomez was out on medical leave during this hearing, that the Appellant excepted these questions and answers, refused to sign the C.D.C. 115A acknowledging acceptance of these questions and answers, that at a C/o Steele witnessed these events, and that the SHO elected to Pro- ceed with this 115 hearing" in which is "Fabricated" and "False" in violation of Section 3084.5 (h)(1)(k) and not limited to,

If the 115C, P. 2 of 2, is ex- amined, the reviewer will acknowledge that there is "No" verbal "quotes"

Continuing Section H: of this alleged exceptance of these questions and answers as to the I.E.'s report on C/o H. Gomez, no signature, etc... as a "quote" is "given" in the form of a statement by the Appellant as illustrated on P. 1 of 2 of this USC in which demonstrates that this alleged "Exceptance" of this "I.E.'s Report" as to C/o H. Gomez and this alleged "waiver" to this "C/o" as a witness is "Fabricated" and was "Falsified" in violation of Section 3084.5 (h) (1) (H), (h) (2) (O), and not limited to. as well as 3315 (e).

Also, if these questions and answers were excepted, why wasn't C/o T. Rocha's q and a signed sense he was questioned by phone? in which further demonstrates the Appellants non-exceptance of these q and a's and shows that their

"False" and were "Fabricated" in violation of C.C.R. Title 15, Section 3084.5 (W) (1) (u) and not limited to and that the Appellant was denied a witness.

If this Second Level Responce is further examined, the reviewer will Acknowledge that D.W. Bell cc# never "addresses" the Appellant "Allegations" of being denied the right to call this I.E. as a witness, the right to Present documentary evidences ( I'm martini's medical report; this crime/incident report Part 14 PP. 1 of 11 through 3 of 11; and not limited to) that the SHO never considered the Appellants mitigating factors, exercised a Pre-determination, of the Appellants mitigating factors, exercised a Pre-guilt by excepting this RVR and I.E.'s report as written, was denied Due Process and not limited to.

D.W. Bell cc# further alleges at P.5 of this Second Level Responce

continuing Section H: that the Appellant did not "Provide new or compelling evidence to the RVR" in which is "Fabricated" and "False" because if this c.D.c. 115c, Page 1 of 1 and 2 of 2 is examined, there's "No" mention by the SHO that he considered Rm martin's medical report; this crime/incident report Part 1B, pp. 1 of 11 - 3 of 11 inorder to "Assess" whether if a "Serious Injury" was noted or not and used this info. inorder to sustain a finding of Guilt for the actual charge and or reduce it; considered mitigating factors as to the Appellants Prior disciplinary history; if the Appellant Feared for his safety; whether this incident was Planed or situational and Spontaneous, etc...; whether the Appellant requested and or was given the chance to request this I.E. as a witness;

was denied this right and or re-
quest; Due Process; and not limited
to.

Also, the Appellant requested
that this I.E. investigate the re-
porting employee's, C/o's T. Rocha's,
and H. Gomez background for acts
of prior falsified c.D.c. 115's,
complaints thats been filed against
them by inmates, staff, and civilians
inorder to asses their credibility
as witnesses, this I.E. deliberately
"Failed" to and blatantly "Refused"
to "Perform" such a task in vio-
lation of c.c.R. Title 15, sections
3084.5(h)(2)(G), 3315(d)(1), 3450(3),
and not limited to, the SHO "ad-
dresses" this "Issue" as to the re-
porting employee only and "Denied"
the "Appellant" this right in viola-
tion of sections 3084.5(h)(2)(E),
3320(1)(d), et. seq. (see P. 2 of 2
of this c.D.c. 115c) and D.W.
Bell cc II Never "Addresses" this

continuing Section #: "Issue" not investigated it in which further shows that relief is warranted.

Therefore, in the interest of Justice and based upon these factors this guilty finding must be reversed, this 115 re-issued and reheard, and or dismissed based upon the falsity of this RVR, the I.E.'s reports, this Second Level of Review Responce, the denial of the right to a fair hearing and future fair hearing(s) per c.c.R. title 15, sections 3084.5 (h)(1), (A), (B),(c), (H)(2),(D), (E),(G), 3315 (f) (1), and not limited to!

And what prevented the Appellant from submitting this appeal within fifteen days was the denial of access to the law library inorder to mail this 602 and its

attachments, the manila envelope to do so, writing material and not limited to. (see a.c.r. title 15, subsections 3084.2 (c), 3084.3 (c)(6), and 3084.5 (c). )

2nd Level responce

Ex. 7

REC'D CAL APPEALS

State of California MAR 2 3 2005
CDC FORM 695
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

05 0468

RE: Screening at the SECOND Level

*March 18, 2005* : received back on 3-\21\05 unprocessed

**HILL, H67149**
*FA0500000000132L*

Log Number: CAL-A-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You disciplinary appeal is incomplete. You must attach legible copies of all documents you received during the disciplinary process. For example: the completed CDC 115, Rule Violation Report, the laboratory report, the Mental Health Assessment Form, the completed CDC 115-A, Serious Rule Violation Report, the CDC 115, Investigative Employee report, supplemental reports for the CDC 115, the CDC 7219, Report of Injury, the complete CDC 837, Incident Report, and the CDC 1030, Confidential Information Disclosure Form.*

*You need to attach a copy of your CDC 837 report, CDC 7219 reports , and all other reports revelant to your disciplinary hearing.*

Appeals Coordinator
CALIPATRIA STATE PRISON

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

# Memorandum

**Date:**  April 28, 2005

**To:**  Hill, H-67149
Calipatria State Prison

**Subject:**  SECOND LEVEL APPEAL RESPONSE
LOG NO.:CAL 05-00468

### ISSUE:

The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #01-05-A-043, dated January 19, 2005, for Battery on an Inmate with a Weapon. It is the appellant's position that the Senior Hearing Officer (SHO), inappropriately found you guilty of the aforementioned RVR on Wednesday, February 16, 2005. You allege your due process rights were violated due to you were denied witnesses that you requested to be present at your disciplinary hearing. You allege this is a violation of California Code of Regulations (CCR), Title 15, Section 3315(e)(1). You further allege you were denied the right to present documentary evidence, which you allege is a violation of CCR, Title 15, Section 3320(1). You allege the SHO deliberately failed to consider mitigating factors in regards to the findings, in which you allege is a violation of CCR, Title 15, Section 3341.5.

The appellant requests on appeal that the disposition relative to the RVR is reversed, your Classification Score be adjusted accordingly, and the forfeiture of credit be voided.

### INTERVIEWED BY:  D.W. Bell, Correctional Counselor II, on April 26, 2005.

### REGULATIONS:  The rules governing this issue are:

**CCR 3005. Conduct.**
(a) Inmates and parolees shall obey all laws, regulations, and local procedures, and refrain from behavior which might lead to violence or disorder, or otherwise endangers facility, outside community or another person.
(b) Obeying Orders. Inmates and parolees must promptly and courteously obey written and verbal orders and instructions from department staff, and from employees of other agencies with authorized responsibility for the custody and supervision of inmates and parolees.
(c) Force or Violence. Inmates shall not willfully commit or assist another person in the commission of a violent injury to any person or persons, including self mutilation or attempted suicide, nor attempt or threaten the use of force or violence upon another person. Inmates shall not willfully attempt to incite others, either verbally or in writing, or by other deliberate action, to use force or violence upon another person.

HILL, H-67149
CAL-05-00468
PAGE 2

## CCR 3312. Disciplinary Methods.

(a) Inmate misconduct shall be handled by:

(1) Verbal Counseling. Staff may respond to minor misconduct by verbal counseling. When verbal counseling achieves corrective action, a written report of the misconduct or counseling is unnecessary.

(2) Custodial Counseling Chrono. When similar minor misconduct recurs after verbal counseling or if documentation of minor misconduct is needed, a description of the misconduct and counseling provided shall be documented on a CDC Form 128-A, Custodial Counseling Chrono. A copy of the completed form shall be provided to the inmate and the original placed in the inmate's central file. Disposition of any contraband involved shall be documented in the CDC Form 128-A.

✳—(3) Rules Violation Report. When misconduct is believed to be a violation of law or is not minor in nature, it shall be reported on a CDC Form 115 (Rev. 7/88), Rules Violation Report.

(A) Unless an inmate charged with serious misconduct requires temporary administrative segregation pursuant to section 3335(b) pending adjudication of the disciplinary charges, the inmate may be retained in regularly assigned housing, work, and program assignments.

(B) If the inmate is placed in segregated housing pending the disciplinary proceedings, the official making the housing decision shall ensure compliance with the provisions of article 7 of this subchapter.

(b) Chief Disciplinary Officer Review of Disciplinary Actions. All disciplinary methods and actions shall be reviewed by the chief disciplinary officer, who shall be the institution head or a designee not below the level of correctional administrator or parole administrator I.

(1) The chief disciplinary officer shall affirm, reverse or modify the disciplinary action and/or credit forfeiture. The chief disciplinary officer may order a different action, order a different method of discipline, dismiss a charge, order a rehearing of the charge, or combine any of these actions.

(2) Except upon discovery of information or evidence not available or reasonably discoverable at the time of a disciplinary action, an order for a different method of discipline or for rehearing of the charges shall not result in a greater penalty or more severe action than that originally taken.

## CCR 3320. Hearing Procedures and Time Limitations.

✳—(a) A copy of the CDC Form 115 and all nonconfidential reports to be relied upon in a disciplinary hearing shall normally be provided to the inmate within 24 hours after the CDC Form 115 has been classified serious or administrative and within 30 days of the misconduct, but not later than 15 days from the date the information leading to the charges is discovered by staff or, in the case of an escapee, 15 days after the escapee's return to the department's custody.

(1) Providing the inmate with a copy of the CDC Form 115 may be delayed beyond 15 days, but no more than 30 days, and shall not prohibit forfeiture of credits as a penalty for the misconduct when all of the following criteria are met:

(A) The misconduct could be prosecuted as murder, attempted murder, or battery on staff.

(B) An investigation is continuing to identify others involved in the misconduct.

(C) Within 15 days of discovering the misconduct, a written request to delay the inmate's notification, including the reasons for the delay, is approved by the chief disciplinary officer.

HILL, H-67149
CAL-05-00468
PAGE 3

(b) The charges shall be heard within 30 days from the date the inmate is provided a copy of the CDC Form 115 unless the charges were referred for possible prosecution and the inmate has been granted a request for postponement of the disciplinary proceedings pending the outcome of the referral, or if the inmate is transferred out of the custody of the department.

(c) A disciplinary hearing shall not be held until the inmate has been provided:

(1) A copy of the CDC Form 115 and all nonconfidential reports to be relied upon in the hearing, including the investigative employee's report.

(2) At least 24 hours to review the material and prepare for the hearing. The hearing may be held earlier if the inmate waives the 24-hour period.

(d) A hearing may be postponed up to 30 days upon the inmate's written request showing a reasonable need for postponement. Postponement shall not bar any credit forfeiture.

(e) If a hearing is postponed for any reason, such reason shall be documented in the findings section of the CDC Form 115.

(f) The following events shall preclude denial or forfeiture of credits:

(1) The inmate was not provided a copy of the CDC Form 115 within 15 days after the discovery of information leading to the charges except as otherwise provided in (a).

(2) The official conducting the hearing did not establish that the information or evidence was not reasonably discoverable within 30 days or sooner or when the inmate is not provided a copy of the CDC Form 115 within 15 days of the misconduct, unless (a) is applicable.

(3) The disciplinary hearing was not held within 30 days of the date the inmate was provided a copy of the CDC Form 115, unless the inmate requested and was granted a postponement of the hearing pending outcome of the referral pursuant to section 3316, or if the inmate is transferred out of the custody of the department.

(4) A disciplinary hearing was not held within 30 days after the chief disciplinary officer was notified of the outcome of a prosecution referral or within 30 days of the inmate's revoked request for postponement of the hearing, if an accusatory pleading was not filed against the inmate.

(5) The inmate was not provided a written explanation of the extraordinary circumstances preventing a hearing within 30 days after the inmate was provided a copy of the CDC Form 115 and the official conducting the hearing did not establish in the findings of the hearing that the delay did not prejudice the inmate.

(g) The inmate shall normally be present at a disciplinary hearing. When a disciplinary hearing is held without the inmate present, the reason for the absence shall be documented during the hearing on the CDC Form 115. The inmate shall be present at a disciplinary hearing unless:

(1) A psychiatrist has determined that the inmate suffers from a serious mental disorder preventing the inmate's understanding of or participation in the hearing, and there is a compelling reason or need to proceed with the hearing.

(2) The inmate was convicted of escape in court and has not been returned to the facility or jurisdiction from which the escape occurred.

(3) The inmate has waived the right to be present in writing.

(h) Staff who observed, reported, classified, supplied supplemental reports to, or investigated the alleged rule violation; who assisted the inmate in preparing for the hearing; or for any other reason have a predetermined belief of the inmate's guilt or innocence shall not hear the charges or be present during deliberations to determine guilt or innocence and disposition of the charges.

(i) An inmate witness shall not be transferred between facilities to testify at a hearing unless the chief disciplinary officer of the facility hearing the charges

HILL, H-67149
CAL-05-00468
PAGE 4

determines a fair and impartial hearing cannot be conducted unless the witness is present. When a witness is not available, the chief disciplinary officer of the facility where the witness is located shall be notified of the need to appoint an investigative employee to discuss the case with the investigative employee of the facility conducting the disciplinary hearing; to interview the witness, prepare a written investigative report, and forward the report to the facility where the hearing will be conducted.

(j) When an inmate whose rule violation charges are being adjudicated is ordered to leave the hearing room, all witnesses, including staff witnesses, shall also leave the room. The inmate has a right to be present when any witness is present at the hearing.

(k) When a serious rule violation occurs during transportation of an inmate, transporting staff witnesses shall be present at the hearing if requested or shall be available for questioning by telephone during the disciplinary hearing.

(l) The inmate may present documentary evidence in defense or mitigation of the charges. Any finding of guilt shall be based upon determination by the official(s) conducting the disciplinary hearing that a preponderance of evidence submitted at the hearing substantiates the charge. At the conclusion of the disciplinary hearing, the inmate shall be informed of the findings and disposition of the charge and of the right to and procedure for appeal of the action. Within five working days following review of the CDC Form 115 and CDC Form 115-A by the chief disciplinary officer, the inmate shall be provided a copy of the completed CDC Form 115 containing the findings, disposition, and evidence relied upon in reaching the conclusions.

(m) When an inmate is charged with possession of unauthorized or dangerous items or substances, or when unauthorized or dangerous items or substances are associated with commission of the charged rule violation, the hearing official shall record the disposition of the item or substance in the disposition section of the CDC Form 115.

On February 01, 2005, you were served a pre-hearing copy of RVR, Log #01-05-A-043, dated January 19, 2005, for the specific act of Battery on an Inmate with a Weapon. On February 08, 2005, you were served a copy of Incident Report #CAL-FA3-05-01-0037, and a copy of your CDC 7219 Medical of Injury or Unusual Occurrence Report.

On February 16, 2005, at approximately 2000 hours, you appeared before an experienced SHO, J. Ries, at which time you were found guilty of Battery on an Inmate with a Weapon, and assessed 360 days forfeiture of credit consistent with a Division A-1 offense.

On February 28, 2005, the SHO's finding and disposition were reviewed and affirmed by a Chief Disciplinary Officer. On March 03, 2005, you were issued the final copy of the adjudicated RVR.

You plead not guilty at your hearing and elected to make the following statement: "I told the officers that we had problems, and were not getting along."

The SHO considered the statement at the time of the hearing regarding your not guilty plea.

At the time of the hearing you requested witnesses and they were granted. It is noted you requested Correctional Officer (CO) Gomez as a witness. The SHO informed you that CO Gomez was out on medical leave at the time your hearing was being conducted. The Second Level of Review notes the SHO documented

HILL, H-67149
CAL-05-00468
PAGE 5

at the time of the hearing, you stated you accepted the questions and answers from CO Gomez, which is documented in the Investigative Employee (IE) report. The SHO noted your verbal acceptance of the questions and answers provided by CO Gomez in the IE report. The SHO also noted you stated that you were not going to sign the CDC 115-A, acknowledging your verbal acceptance. CO Steele was present at your disciplinary hearing and witnessed your verbal acceptance, and your refusal to sign the CDC 115-A. It is noted the SHO then elected to proceed with the hearing. The SHO was able to review CO Gomez's answers to your questions via the I.E. report.

You were assigned an I.E. on February 01, 2005. You were not assigned a Staff Assistant in accordance with CCR, Title 15, Section 3315 (d)(2).

You were found guilty. This finding was based upon the preponderance of evidence submitted at the hearing, which is considered valid and substantiates the charge. This evidence included: 1. The Reporting Employee's written report which states in part; "I observed Inmate Hill, H-67149 pick up a broom from the lower tier and go upstairs. Inmate Hill started striking Inmate Martin, K-65209 with the broom handle and striking him in the upper torso and head in front of cell 212." 2. The SHO reviewed all reports relevant to the CDC 115 hearing. The SHO was convinced that Inmate Hill willfully battered Inmate Martin with the broom handle.

After reviewing the processing of your RVR, it was determined all time constraints were met, procedures were followed, and due process was afforded to you. You provided no new or compelling evidence to the RVR. Therefore, I find no reason to alter the original decision.

DECISION: The appeal is denied.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

T. OCHOA
Chief Deputy Warden (A)
Calipatria State Prison

Dir - Responce

Ex. 8

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



August 2, 2005

*received on 8/11/2005*
*unprocessed after 60+ days*

Hill, CDC #H-67149
California Correctional Institution
P.O. Box 1031
Tehachapi, CA  93581

Re: Institution Appeal Log #CAL-A-05-0468 Disciplinary

Dear Mr. Hill:

The enclosed documents are being returned to you for the following reasons:

An appellant must submit the appeal within 15 working days of the event or
decision being appealed, or of receiving a lower level decision in accordance with
CCR 3084.6(c).

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can
answer any questions you may have regarding the appeals process.  Library staff
can help you obtain any addresses you need.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

602 Filed on 8/14/05

Ex. 9

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region     Log No.     Category

1. _____     1. _____     _____

2. _____     2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME Mr. B. Hill     NUMBER H67149     ASSIGNMENT     UNIT/ROOM NUMBER 4B-6A-209L

A. Describe Problem: On 8/11/05 I received 602 log# CAL-N-05-0468 back from the chief, Inmate Appeals N. Grannis in which, this State Personnel, Joanne Woodford, Director of C.D.C., and others has deliberately "Failed" to "Process" this appeal after retaining it for 60+ days citing that the Appellant has failed to submit this appeal for third level review within

If you need more space, attach one additional sheet.

B. Action Requested: For the attached 602 log# CAL-N-05-0468 to be processed and answered within 60 days per C.C.R. Title 15 Subsection 3084.6(b)(4); for this appeal to be pro-

Inmate/Parolee Signature: B. Hill     Date Submitted: 8/14/05

received 10/25/05 unanswered

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

Signature: _____     Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim     CDC Appeal Number:

continuing section. A: 15 days of its receipt even though the Appellant explained the reasons for not doing so in the body of this grievance per C.C.R. title 15, Sub-sections 3084.2(c), 3084.3(c), and 3084.5 (c) excusing this delay in an attempt to circumvent the Appellants court access in violation of Davis vs. Milwaukee county 225 F.2d 917 (E.D. Wis. 2002); Bradley vs. Hale, 64 F.3d 1276 (9th cir. 1995) and not limited to.

continuing section. B: cessed as a citizens complaint per california Penal code Section 832.5 et. seq. against all involved parties for not filing and answering box log # CAL-A-05-0468; counseling, admonish-ing to adhere, cease, and desist from performing such "In-House" Policy(s), Practices, and Procedures;

And not limited to.

Second Rejection
by Dir, etc, ,,

Ex. 10

STATE OF CALIFORNIA – DEPARTMENT OF CORRECTIONS AND REHABILITATION          ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001

October 15, 2005 ;  *I received on 10/25/05 unanswered*

Hill, CDC #H-67149
California Correctional Institution
P.O. Box 1031
Tehachapi, CA  93581

Re: Institution Appeal Log #CAL-A-05-0468 Disciplinary

Dear Mr. Hill:

The enclosed documents are being returned to you for the following reasons:

An appellant must submit the appeal within 15 working days of the event or
decision being appealed, or of receiving a lower level decision in accordance with
CCR 3084.6(c).

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can
answer any questions you may have regarding the appeals process.  Library staff
can help you obtain any addresses you need.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****





STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC-128G (REV.2/69)

NO.: H-67149          NAME: HILL          HOUSING: 6A-209

**INMATE COPY**

**Custody: MAX    CS: 87    LEVEL: IV    WG/PG: D2/D**    Eff: Date: 1/19/05 THRU MERD
**Type/Release Date: MEPD 4/14/2018**
**TT: 25 Years To Life    BPT: IPCH 3/2017    Assignment/Action Taken: SHU PROGRAM / IN PERSON / RETAIN CCI-SHU / ASSESS 45 DAYS FOC RVR DTD 8-12-05, LOG #IVB-05-08-0491 ADJUST MERD 2-12-06 / REAFFIRM IEM YARD & DOUBLE CELL**

Inmate HILL's case was reviewed by UCC in person this date for the purpose of **SHU PROGRAM Review**. Subject stated that he was in good health and was ready to proceed. No Staff Assistant was assigned, as the Subject is not illiterate and the issues are not complex. Subject was originally placed in ASU on 1/19/05 at CAL-IV for Battery on Inmate W/Weapon. Subject received a 15 month Expected SHU Term with a MERD of 12/27/05, based on CDC 115 dated 1/19/05, Log # 01-05-A-043, for the specific act of Battery on Inmate W/Weapon. WG/PG D2-D effective 1/19/05 through MERD per PC 2933.6 is appropriate based on this disciplinary. CSR action of 7/12/05 endorsed Subject for CCI-SHU placement. Subject was received at CCI-IVB SHU on 7/20/05 from CAL-IV ASU. It is noted that Subject has received two CDC 115's (RVR). The first RVR is dated 8/12/05, Log #IVB-05-08-0491, for the specific act of Disobeying a Direct Order, which Subject was found Guilty of this Offense. The second is dated 10/3/05, Log #4BSH-05-10-0556, for the specific act of Disobeying a Direct Order-Refusing a Cellmate, which is still pending adjudication.

**COMMITTEE DECISION:** Based on a review of all Case Factors, UCC elects to assess 45 Days Forfeiture of Good Conduct Credits (FOC) for RVR dated 8/12/05, Log #IVB-05-08-0491, for the specific act of Disobeying a Direct Order with an adjusted MERD of 2/12/06. UCC also acts to retain Subject CCI-SHU pending completion of MERD. Exercise yard categories were discussed and explained with the Subject. Committee acts to reaffirm the Subject on the Individual Exercise Module (IEM) Exercise Yard based on Inmate's request and Committee review of the Central File. Subject meets the criteria for Double Cell Status based on no in-cell misconduct or predatory behavior. UCC noted that SHU Offense occurred in Dayroom; however, Victim was Subject's Cellmate. Subject has been double celled successfully since this offense. CDC 1882 is in Central File and was reviewed this date by UCC. Subject is in agreement with both his yard and cell status. MAX Custody is appropriate. Subject actively participated in Committee discussion and decision stating that he agrees with committee's actions. Subject was advised of his appeal rights, as well as, behavioral expectations.

**CASE FACTORS:** Subject is a 34-year old, Black, New Commitment, 1st-Termer, received into CDC on 2/24/93 from Los Angeles County, for the Offense of Murder 1st & Attempted Murder 1st. **GPL:** GED. **Reading level:** GED. Subject was reviewed for DDP/DPP and does not meet the criteria. **Medical status:** Full Duty with Camp based on CDC 128C dated 3/2/93. **Psych Concerns:** Clear-GP per CDC 128C dated 6/3/05. Subject was reviewed for MDO consideration and does not meet the criteria. **TB code is:** 32 per CDC 128C dated 2/10/05. **Escapes:** Clear. **Arson:** Clear. **Sex Related Offenses:** Clear. **HWDs:** Clear. Past substance use: Marijuana & Alcohol. CDC 812/812C notes enemies: yes. **Gang Affiliation:** None. **Moniker:** Unknown. **Confidential information:** Clear. **Registration required:** None. **Notification required:** PC3058.6. **Restitution ordered:** None Noted. Past disciplinary history consists of notable CDC-115s for: Conspiracy to Traffic Drugs-SHU (9/22/93), Refused to Submit Blood & Saliva Specimens (3/10/95 & 12/6/95), Refusing to Accept a Cellmate (8/21/99), Willfully Obstructing a Peace Officer (7/25/02), Battery on Inmate W/Weapon-SHU (1/19/05), & Disobeying a Direct Order (8/12/05). Subject is disqualified from Minimum Support Facility, Fire Camp, Community Correctional Facility, Substance Abuse Program, Restitution Center, or Community Correctional Re-entry Center Programs based on LIF/CLS/SHU. **Next anticipated review date is 2/8/06 for PRE MERD.** Subject is a Level IV 180 design Inmate based on A-1 criteria.

**COMMITTEE:**

E. Devlin, CC-1

M. Bryant, FC (A)
CHAIRPERSON

K. Valencia, CC-II
RECORDER

Date: 11/30/05          ed          **Classification: UCC / SHU PROGRAM REVIEW**          **Inst: CCI-IVB SHU**

Received
12/2/2005

EXHIBIT

12

NAME and NUMBER     HILL    H67149                    CALIPATRIA

As per DIRECTOR'S RULE 3316(a). This is a written notification of a referral of conduct to the District Attorney's Office for Criminal prosecution.

On FEBRUARY 10, 2005, the Security and Investigations Unit received an incident report. Log # CAL-FA3-05-01-0037 stating that you were involved in a violation of a California Penal Code section (s) 4501. This matter has been referred to the Imperial County District Attorney's Office on OCTOBER 3, 2005, for prosecution consideration.

ORIGINAL: C-File
CC:        Lt.
           S & I
           Inmate

                                                OFFICER R. M. ALVAREZ
                                                DISTRICT ATTORNEY LIAISON
                                                Security & Investigations

10-03-05              REFERRAL                  GENERAL CHRONO

received on 10.11.05

EXHIBIT

13

# FILED

FEB 15 2007

~~JAN 2 9 2006~~

SUPERIOR COURT CA.
IMPERIAL COUNTY
JOSE O. GUILLEN CLERK
BY _____ DEPUTY

*petitioner received on Feb. 21, 2007*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF IMPERIAL

In re:

BRIAN HILL,

On Habeas Corpus.

Case No. EHC 00826

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

        In a verified petition filed January 16, 2007, petitioner, currently incarcerated at Corcoran State Prison, alleges due process violations in a February 16, 2005 Calipatria S.P. disciplinary hearing where he was found guilty of battery on an inmate (his cell mate) with a broom handle. The reporting officer was an eyewitness to the incident in front of cell 212 seeing petitioner strike the victim on the head and torso on January 19, 2005.

        Petitioner alleges that he was unable to present documentary evidence at he hearing of the matter: especially a medical document that the victim had no visible injuries other than an injury when he was inadvertently wounded in the leg by the reporting officer's weapon.

        Petitioner has not exhausted his administrative remedies to the Director's level of review. Petitioner obtained his level 2 response on April 28, 2005 but his appeal was denied as untimely

1   at the Director's level on August 2, 2005. Petitioner alleges that prison officials did not process

2   his appeal.

3          The petition is DENIED for failure to exhaust his administrative remedies and as untimely.

4   Even if petitioner had exhausted his administrative remedies, there is no explanation in the

5   petition as to why he has delayed some 16 months before filing a habeas petition in this court.

6   DATED:  February 14, 2007

7

8                                                              JEFFREY B. JONES
                                                               Judge of the Superior Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF IMPERIAL**



**FILED**
FEB 15 2007
JAN 2-9 2006

SUPERIOR COURT CA.
IMPERIAL COUNTY
JOSE O. GUILLEN CLERK
BY_____DEPUTY

☐ 220 Main Street
    Brawley, CA 92227

☐ 415 4th Street
    Calexico, CA 92231

☒ 939 Main
    El Centro

☐ PO Box 1087
    2124 Winterhaven Drive
    Winterhaven, CA 92243

☐ Jail Division
    328 Applestill Road
    El Centro , CA 92243

☐ Juvenile Division
    324 Applestill Road
    El Centro, CA 92243

|  |  |
|---|---|
| **Brian T. Hill**<br>    Plaintiff/Petitioner,<br><br>vs.<br><br>**Larry E. Scribner**<br>    Defendant/Respondent. | Case No. **EHC00826**<br><br>**DECLARATION OF MAILING** |

State of California, County of Imperial

I, the undersigned, certify under penalty of perjury, that I am a Deputy Clerk of the above entitled Court and not a party to the within action; that I mailed a true and correct copy of the order denying writ of habeas corrpus to each of the persons listed below, by depositing such notice in the United States Mail, enclosed in sealed envelopes with postage prepaid:

BRIAN HILL, H-67149
CORCORAN STATE PRISON
PO BOX 5246
CORCORAN, CA 93212

Imperial County District Attorney-via interoffice mail
939 W Main St
El Centro, CA 92243

JOSE O. GUILLEN, COURT EXECUTIVE OFFICER

Dated:    February 15, 2007      By:_____
                                    Deputy Clerk



COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

F I L E D
Stephen M. Kelly, Clerk
JUN 1 4 2007
Court of Appeal Fourth District

| | |
|---|---|
| In re BRIAN HILL | D050518 |
| on | (Imperial County<br>Super. Ct. No. EHC 00826) |
| Habeas Corpus. | |

THE COURT:

     The petition for writ of habeas corpus has been read and considered by Presiding Justice McConnell and Associate Justices McDonald and Irion.

     In 2005, while he was housed at Calipatria State Prison, corrections officials issued petitioner Brian Hill a rules violation report for battering his cellmate with a weapon (a broom). Hill requested that Officer Gomez be present as a witness at the hearing on the matter. However, at the time of the hearing, Officer Gomez was on medical leave.

     Prior to the hearing, an investigative employee interviewed Officer Gomez. The investigative employee asked Officer Gomez questions posed by Hill and recorded Officer Gomez's responses in a report. The questions and answers related to whether Hill had requested that Officer Gomez move him because he and his cellmate were not getting along. Officer Gomez acknowledged that Hill had requested a move, but he denied that Hill had told him the move was for interpersonal reasons.

     At the hearing, the hearing officer informed Hill of Officer Gomez's medical leave and Hill orally agreed to accept the questions and answers reported in the investigative employee's report. Although Hill refused to sign a statement to this effect, his oral acceptance was witnessed by Officer Steele. The hearing officer proceeded with the hearing and, at the conclusion of it, found Hill guilty of the rules violation. As a result of the violation, Hill forfeited 360 days of conduct credit and 10 days of yard time. He was also referred to the Institutional Classification Committee with a recommendation that he be placed in the Security Housing Unit for an appropriate term.

Hill administratively appealed the hearing officer's decision through the Second Level, claiming that he was denied his right to call witnesses and present documentary evidence. Some unspecified time after the Second Level appeal was denied, Hill submitted an appeal to the Director's Level. The appeal was returned to him because it was untimely.

More than a year after Hill's Director's Level appeal was returned to him, Hill filed a petition for writ of habeas corpus with the Imperial County Superior Court. The superior court denied the petition because it was untimely and because Hill did not exhaust his administrative remedies.

Hill is now petitioning for habeas relief from this court. In his petition, he reiterates his substantive arguments. He also claims that his failure to exhaust his administrative remedies should be excused based on futility.

As the superior court did, we conclude that Hill's petition is procedurally barred because he did not exhaust his administrative remedies. (*In re Dexter* (1979) 25 Cal.3d 921, 925; *Wright v. State* (2004) 122 Cal.App.4th 659, 664-667.) The record clearly shows that Hill's administrative appeal was not reviewed through the Director's Level. Moreover, nothing in the record shows that the Director's Level appeal was, in fact, timely or was otherwise rejected for an improper reason. Accordingly, Hill has not established that he should be excused from exhausting his administrative remedies based on futility.

The petition is denied.

IRION, Acting P. J.

Copies to:  All parties

EXHIBIT

15

S156515

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

In re BRIAN T. HILL on Habeas Corpus

The petition for writ of habeas corpus is denied.  (See *In re Dexter* (1979) 25 Cal.3d 921.)

received
Nov. 16th 2007
SUPREME COURT
FILED

NOV 1 4 2007

Frederick K. Ohlrich Clerk

_____
Deputy

_____
GEORGE
Chief Justice

EXHIBIT

16

## Supreme Court of the United States
## Office of the Clerk
## Washington, DC  20543-0001

**William K. Suter**
Clerk of the Court
(202) 479-3011

April 21, 2008

*Received*
*4-24-08*

Mr. Brian T. Hill
Prisoner ID H67149 C2-115
PO Box 5246
Corcoran, CA  93212

Re:  Brian T. Hill
     v. California
     No. 07-9665

Dear Mr. Hill:

The Court today entered the following order in the above-entitled case:

The petition for a writ of certiorari is denied.

Sincerely,

*William K. Suter*

**William K. Suter**, Clerk

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| **Brian T. Hill** | **Larry E. Scribner** |

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**  Kings
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

FILED
JUL - 1 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Brian T. Hill
PO Box 5246
Corcoran, CA 93212
H-67149

**ATTORNEYS (IF KNOWN)**

08CV1180  JM  (WMC)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

### 28 U.S.C. 2254

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding    ☐ 2 Removal from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY (See Instructions):**    JUDGE                    Docket Number

| DATE | 7/1/2008 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|---|