Brian T. Hill
NAME

H46749
PRISON NUMBER

P.O. Box 5246
CURRENT ADDRESS OR PLACE OF CONFINEMENT

Corcoran, CA. 93212
CITY, STATE, ZIP CODE

**FILED**

AUG 29 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Brian T. Hill
(FULL NAME OF PETITIONER)

**PETITIONER**

v.

James E. Tilton
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

**RESPONDENT**

and

Jerry Brown
The Attorney General of the State of
California, Additional Respondent.

Civil No   08-1180 JM(WMC)
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

# FIRST AMENDED
## PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: No Judgement of conviction being attack

2. Date of judgment of conviction: January 1993

3. Trial court case number of the judgment of conviction being challenged: BA050-2020

4. Length of sentence: 29 Years to life plus life

CIV 68 (Rev. Jan. 2006)                                                    cv

5. Sentence start date and projected release date: _February        1993_
   _January        2009_

6. Offense(s) for which you were convicted or pleaded guilty (all counts): _First De-gree murder, Kidnapp for robbery, for ransome, conspiracy, robbery, etc_

7. What was your plea? (CHECK ONE)
   (a) Not guilty     ☒
   (b) Guilty         ☐
   (c) Nolo contendere ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury      ☒
   (b) Judge only ☐

9. Did you testify at the trial?
   ☐ Yes ☒ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☒ Yes ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: _conviction Affirmed_
    (b) Date of result (if known): _January 11th, 1996_
    (c) Case number and citation (if known): _3d crim. No. B074209_
    (d) Names of Judges participating in case (if known): _Fukuto, Act-ing P.J., Nott, J. 2nd Brandlin, J._
    (e) Grounds raised on direct appeal: _Abuse of discretion, Prosecutorial misconduct, Insuffi-cient Evidence, Instructional Error_

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: _Review Denied_
    (b) Date of result (if known): _April 10th, 1996_
    (c) Case number and citation (if known): _S051647_

    (d) Grounds raised: _Attacking cjalic 3.90, In-Structional Error, confrontation_

CIV 68 (Rev. Jan. 2006)                    -2-                              cv

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

   (a) Result: _N/A_

   (b) Date of result (if known): _____

   (c) Case number and citation (if known): _____

   (d) Grounds raised: _____

     _____

     _____

     _____


## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?

   ☒ Yes  ☐ No

15. If your answer to #14 was "Yes," give the following information:

   (a) **California Superior Court** Case Number (if known): _BA050223_

   (b) Nature of proceeding: _writ of Habeas corpus_

   (c) Grounds raised: _Denial of trial counsel; Denial of Appellate counsel; the systematic denize of counsel_

   (d) Did you receive an evidentiary hearing on your petition, application or motion?

     ☐ Yes  ☒ No

   (e) Result: _Petition Denied_

   (f) Date of result (if known): _January 23rd, 2008_

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?

   ☐ Yes  ☒ No

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number (if known):_____

    (b) Nature of proceeding: _____

    (c) Names of Judges participating in case (if known)_____

    _____

    (d) Grounds raised: _____

    _____

    _____

    (e) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☐ No

    (f) Result: _____

    (g) Date of result (if known): _____

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
    ☐ Yes  ☒ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number (if known):_____

    (b) Nature of proceeding: _____

    _____

    (c) Grounds raised: _____

    _____

    _____

    _____

    _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?

        ☐ Yes  ☐ No

    (e) Result: _____

    (f) Date of result (if known): _____

20. If you did **not** file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

Not regarding criminal conviction; Yes as to Prison conditions

## **COLLATERAL REVIEW IN FEDERAL COURT**

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
☒ Yes ☐ No    (IF "YES" SKIP TO #22)
  (a) If no, in what federal court was the prior action filed? _____
   (i) What was the prior case number? _____
  (ii) Was the prior action (CHECK ONE):
      ☐ Denied on the merits?
      ☐ Dismissed for procedural reasons?
  (iii) Date of decision: _____
  (b) Were any of the issues in this current petition also raised in the prior federal petition?
     ☐ Yes ☐ No
  (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
     ☐ Yes ☐ No

**CAUTION:**
- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present **all** other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

## GROUNDS FOR RELIEF

22. **State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground.** (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: Denial of the Right to Present Documentary Evidence

**Supporting FACTS**: While being Illegally tried, convicted, sentenced and confined in a california state prison pursuant to a state court Judgement in contrary to and in violation of state and federal statutes, Laws, and constitutions as Vested in calif. const Art. I., Sections 15 and 16; Art. II, Section 13; U.S.C.A. const Amend 5, 6, and 14, et. seq. the petitioner elects to challenge the Denial of the statutory and constitutional Right to Present Documentary Evidence during a prison Disciplinary Hearing in violation of U.S.C.A. const Amend

**Did you raise GROUND ONE in the California Supreme Court?**

☑ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Habeas corpus

(2) Case number or citation: S156515

(3) Result (attach a copy of the court's opinion or order if available): Denied

Continuing Ground One: Facts: 14, et.seq. and other constitutional Rights violations as follows:

On Feb. 16th, 2005 a lieutenant I. Jimenez proceeded to hear a rule violation report log No.# 01-05-A-043 in violation of the petitioner's statutory and constitutional rights regarding the petitioner's alleged battery on an inmate with a weapon. (a broom) (see Exhibit 1)

At this hearing, the petitioner attempted to present a C.D.C. 7219 Form that reflected medical personnel's assessment of inmate Martin that demonstrated the "lack" of "bruises", "scratches", "scrapes", "swelling", etc... on his head or torso (see Exhibit 2) that was perti-

continuing Ground One:
Facts: went to the Petitioner's
defense that resulted in a vio
-lation of the Petitioner's con-
stitutional Rights to Due Pro-
cess of law as guaranteed un
-der U.S.C.A. const. Amend. 14.

No where in this fact
Finding Report does it reflect
why the Petitioner was De-
nied this constitutional Right,
whether or not it was perti-
nent to the Petitioner's defense
or not, whether or not this
documents credibility was as
-sessed as to its use regard
-ing this disciplinary hearing,
etc... (see Exhibit 1) and
nor was this constitutional
Right denied for correctional
Goals, safety and Security, Pen
-ological and or Public safety
Purposes.

POINTS AND AUTHORITIES
IN SUPPORT OF GROUND ONE:
In Wolff v. McDonnell

3

(1974) 418 U.S. 539, 566, 94 S.ct. 2963, 41 L.Ed.2d 935, 957, white, J. wrote in part for this court that "we are also of the opinion that the inmate facing disciplinary proceedings should be allowed to call witnesses and present docu-mentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correc-tional goals. Ordinarily, the right to present evidence is basic to a fair hearing." (see also Pon-te v. Real (1985) 471 U.S. 491, 495, 105 S.ct. 2192, 85 L.Ed.2d 553, 558; clutchette v. Procunier (9th cir. 1974) 497 F.2d 809, 818; calif. code of Reg., title 15, Section 3320(L); Dept. of Operations Manual Section 52080.9.)

In this matter, the peti-tioner was denied this con-stitutional Right for Non-In-stitutional Security, correctional goals, penalogical and or Public safety purposes that requires

.4

a court order mandating the reversal of this guilty finding, the restoration of these points as deducted, the removal of this rule violation report from the petitioner's central file, etc.

**(b) GROUND TWO:** Denial of the Right to call witnesses

**Supporting FACTS:** During the course of this disciplinary hearing, the petitioner was denied the constitutional rights to call witnesses in violations of his statutory and constitutional rights to due process as guaranteed under U.S. C.A. const. Amend. 14. During this hearing, the Petitioner attempted to call correctional officers T. Rocha and H. Gomez as witnesses to the surrounding circumstances of these allegations in which c/o T. Rocha was made available by telephone (see pp. 2-3 of Exhibit 1) and this hearing officer falsely alleged that the Petitioner waived c/o H. Gomez as a witness, fabricated the Petitioner's alleged verbal exceptance of this waiver of this witness, and attempted to fabri

**Did you raise GROUND TWO in the California Supreme Court?**

☒ Yes ☐ No.

If yes, answer the following:

(1)  Nature of proceeding (i.e., petition for review, habeas petition): Habeas corpus

(2)  Case number or citation: S156515

(3)  Result (attach a copy of the court's opinion or order if available): Denied

continuing facts of Ground Two: cate this waiver in writing. ( see P. 2 of Exhibit 1)

Nothing in this Final Report reflects the waiver of Yo H. Gomez as a witness, that the Petitioner consented to this waiver, that the calling of this witness was denied to further institutional security, correctional goals, for penalogical, safety and security and or public safety purposes that amounts to a violation of the Petitioner's con -stitutional Rights to Due Pro- cess as guaranteed under U.S.C. A. const. Amend. 14.

POINTS AND AUTHORITIES IN SUP PORT OF GROUND TWO

In Wolff v. McDonnell (1974) 418 U.S. 539, 566, 94 S. Ct. 2963, 41 L.Ed.2d 935, 956, white, J. wrote in Part as that " the Petitioner Should be allowed to call witnesses in his defense

when permitting him to do so
will not be unduly hazardous
to institutional safety or correc
-tional goals." (see also Ponte
v. Real (1985) 471 U.S. 491, 495, 105
S.ct 2192, 85 L.Ed.2d 553, 558;
Clutchette v. Procunier (9th cir.
1974) 497 F.2d 809, 818; calif. Pen.
code section 2932 (c)(B)(3);
calif. code of Reg., title 15, sec
-tions 3315(e), 3320(i); Dept. of
operations Manual Section 52080.
5.3.)

In this matter, the petition
-er was Denied this constitu-
tional Right for No Such Pur
-pose and or any other Pur
poses and this Fabrication of
this waiver supports the Peti-
tioner's allegations of this con
-stitutional Right to Due Pro
-cess violation as guaranteed
under U.S.C.A. const. Amend.
14 that requires a court order
mandating the reversal of this
guilty finding, the restoration

.3.

of these points as deducted,
the removal of this rule viola
-tion report from the petition
-er's central file, etc...

(c) GROUND THREE: Denial of the constitu-
tional Right to Present Docu
-mentary Evidence)

Supporting FACTS: the petitioner was fur-
ther Denied the constitutional
Rights to Due Process as to the
Right to Present Documentary
Evidence, as to the Reporting
Employee of this RVR, t. Davis,
as vested in u.s.c.a. const. Amend
14. When the petitioner was
approached on Feb. 8th, 05 by C/o
N. Meirz who was posing as
the petitioner's investigative em
-ployee, the petitioner informed
C/o N. Meirz) verbally that he
wanted her to delve into the
personnel file of C/o t. Davis to
see if C/o t. Davis had any
prior complaints filed against
him for writing False and Fa-
bricated rule violation reports,
supplemental reports, 128 G's, etc
Per calif. code of Reg., title 15, sec
tions 3315 (d)(4), 3450 (a), (a)(1), et seq.

Did you raise GROUND THREE in the California Supreme Court?

☒ Yes ☐ No.

    If yes, answer the following:

    (1)  Nature of proceeding (i.e., petition for review, habeas petition): Habeas corpus

    (2)  Case number or citation: S156515

    (3)  Result (attach a copy of the court's opinion or order if available): Denied

Such a Denial of this constitutional Right was perpet-rated for Non-institutional Security, correctional Goals, Pen-alogical, safety and security, and or Public safety Purposes that amounts to a violation of the Petitioner's constitution-al Rights to Due Process of Law as guaranteed under U.S.C.A. const. Amend. 14.

## POINTS AND AUTHORITIES IN SUPPORT OF GROUND THREE

As was Pointed out in Ground I of this writ, the Petitioner has the constitution-al and statutory Rights to Present Documentary Evidence during disciplinary hearings. (Wolff v. McDonnell (1974) 418 U.S. 539, 566, 94 S.Ct. 2963, 41 L.Ed.2d 935, 956; See also Ponte v. Real (1985) 471 U.S. 491, 495, 105 S.Ct. 2192, 85 L.ed.

2

2d 553, 558; Clutchette v. Pro
-cunier (1974) 497 F.2d 809, 818;
Calif. Code of Reg., Title 15, sec
-tion 3320(L); Dept. of Opera
-tion Manual section 52088.9)
and the denial of such
rights amounts to the viola-
tion of the right to due
process of Law.

        As the court wrote
in Clutchette v. Procunier,
supra, in part that an in-
dividual facing disciplinary
charges "also has a right to
present witnesses and docu-
mentary evidence to support
his contentions. The ability
to produce evidence, other than
his own testimony is necess
-ary to assure that he will
be heard "in a meaningful
manner." without such a
right, relevant exculpatory
evidence, not within the
personal knowledge of the

- 3

accused but nonetheless es-
sential to a fair and ac-
curate fact finding deter-
mination, will not be heard
at all; relevant corrobora-
tive testimony and real evi-
dence, frequently important
for the defense of a possibly
unreliable prisoner, will also
be presented for the same
purpose."

In this matter, such
a right was denied and
wasn't denied for institu-
tional security, correction
-al goals, penological, safety
and security and or public
safety purposes that demon
-strates this violation of
the right to due process of
law that warrants the re
-versal of this guilty find
-ing, the restoration of
these points as deducted,
the removal of this rule

.4

violation report from the
Petitioner's central file, etc.

**(d)** GROUND FOUR: Denial of the Right to a Fair and Impartial Hearing

**Supporting FACTS:** During the course of the hearing of this rule violation report by lieutenant J. Jimenez, this lieutenant began to exercise a predetermination as to the petitioner's guilt in violation of the statutory and constitutional Rights to Present a Defense, witnesses, Documentary Evidence, by Excepting this RVR as Factual, Failing to consider Mitigating factors in the petitioner's Favor, etc... as guaranteed under U.S. C.A. const. Amend. 14. In regards to the denial of a Fair and Impartial Hearing by way of the Denial of the Right to Present a Defense, to these allegations, the Petitioner attempted to offer testimony on his own behalf to reflect that the

**Did you raise GROUND FOUR in the California Supreme Court?**

☒ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Habeas corpus

(2) Case number or citation: S156515

(3) Result (attach a copy of the court's opinion or order if available): Denied

Petitioner did not batter inmate Martin with a weapon, (a broom) does not have a history of violence, has not been given a SHU term and or has been sent to the SHU in over (11) eleven years, (see Exhibit 3) that by the absent of scares, scratches, swelling, bruises, etc... on inmate martin reflects the absence of sufficient evidence to sustain the charge of inmate Martin being battered with a weapon (see Exhibit 2) in which this Hearing officer totally "Ignored" this "testimony" and "mitigating factors" and based this "Guilty Finding" on this "RVR" and it alone. (see p. 4 of Exhibit 1)

   Such a "manifestation" of "Bias" demonstrates the "Lack" of "Neutrality" in this matter and "shows" an "Interest" in the outcome of these Pro-

.2.

ceedings therefore displaying this blatant denial of the statutory and constitutional Rights to Due Process of Law For Non-Institutional security, correctional goals, penalogical, safety and securi-ty and or Public Safety Purposes. (see Exhibit 1)

As to the Denial of a Fair and Impartial Hearing by way of the Denial of the Right to present Documenta-ry Evidence (c/o t. Davis Per-sonnel File and this CDC 7219 Form for inmate Martin) as apart of the Petitioner's defense Such a denial impaired the Petitioner's oppertunity to demon-strate that this RVR was fabricated and these allega-tions False and that in-mate Martin wasn't battered with a weapon as alleged by c/o t. Davis and as proved by the absence of scares, scrat-ches, scrapes, bruises, swell

.3

ings, etc... (see Exhibit 2)
therefore warranting the exa
-mination of C/O T. Davis's Per
-sonnel file for Prior com-
plaints of writing false and
Fabricated RVR's, Supplemental
Reports, etc... and or com-
plaints by staffs, other law
enforcement Personnel, etc...

Such a denial is a
blatant "Manifestation" of "Per
sonal Bias" demonstrating the
"Lack" of "Neutrality" in this
matter and "Shows" an "In-
terest" in the outcome of
these Proceedings therefore dis
-plaing this statutory and con
-stitutional Rights violations for
Non-institutional Security, cor
-rectional goals, Penalogical,
Safety and Security and or
for Public Safety Purposes.
(see Exhibit 1)

As to the Denial of a
Fair and Impartial Hearing
by way of the Denial of the

.4

Right to call witnesses in this matter, the Petitioner Re-quested that C/O's T. Rocha and H. Gomez be summoned as witnesses in this matter (see P. 2 of Exhibit 1) in was granted that allowed C/O T. Rocha to testify by telephone. Its alleged by this Hearing Officer that C/O H. Go-mez was not available as a witness due unto him being out on sick leave, therefore causing this Hearing Officer to Fabricate this al-ledge waiver of this wit-ness (see P. 2 of Exhibit 1) even though its Not signed by the Petitioner, in-itialed, etc... to so reflect this waiver, therefore Deny-ing the petitioner this statutory and constitutional Right for Non-institutional Security, correctional goals, Penalogical, safety and Securi-ty and or Public safety

Purposes. This Hearing Officer could have "Postponed" this "Hearing", made C/o Lt. Gomez) "Available" by "Telephone", etc. and by this Hearing Officer deliberately "Refusing" to and blatantly "Failing" to "Do" so demonstrates a "Manifestation" of "Bias" and the "Lack" of "Neutrality" in this matter and "Shows" an "Interest" in the Outcome of these Proceedings, therefore displaying this De-nial of this statutory and constitutional Rights to Due Pro-cess of Law for Non-institutional Security, correctional goals, Penological, safety and security, and or Public safety Purposes. (see Exhibit 1)

As to the Denial of a Fair and Impartial Hearing by way of the Exceptance of this RVR as Factual and Bas-ing this Guilty Finding on it alone, such an act is

a blatant Denial of the Peti-
tioner's statutory and consti-
tutional Rights to Due Pro-
cess.

　　　　If this final copy of
this RVR is examined, it
would be discovered that this
Hearing officer based this
RVR. and it alone (see p.4 of
Exhibit 1) without consider-
ing mitigating and or Aggra
-vating Factors in or against
the Petitioner's favor, the
Petitioner's testimony, this cdc
7219 form, to P. Davis's Per-
sonnel File, etc... for Non
-institutional security, correc-
tional goals, penological, safe
-ty and security and or Pub
-lic safety purposes, there
-fore "Manifesting" his "Per
-sonal Bias" and "Lack" of
"Neutrality" in this matter
that "shows" an "Interest"
in the outcome of these
Proceedings that amounts to
the Denial of the Petitioner's

statutory and constitutional
Rights to Due Process of Law
as guaranteed under U.S.C.A.
constitutional Amend. 14.

And as to the Denial of
a Fair and Impartial Hearing
by way of the failure to
consider Mitigating Factors in
the Petitioner's Favor, (see P.
4 of Exhibit 1) Prior to this
incident, the Petitioner had Not
been issued a RVR in over
(2) two years, doesn't have
an extensive and or Perva-
sive history of violence,
hasn't been sent to a SHU
and or issued a SHU term
in over (11) eleven years, etc.
(see Exhibit 3) therefore
demonstrating the "Lack" of
"Aggravating Factors" that war
-ranted the implementation
of a (15) fifteen month
SHU Term, the lost of (360)
three hundred sixty days cre
-dit, the addition of (26)

18

twenty six points, etc... and
by this Hearing officer Not
considering these Factors and
Not doing so for Non-in-
stitutional security, correc-
tional goals, penological, safe
-ty and security and or pub
-lic safety purposes demon-
strates a "Manifestation" of
"Personal bias" and the "Lack"
of "Neutrality" in this matter
and "shows" an "Interest" in
the outcome of these Pro
-ceedings therefore demon-
strating this Denial of the
Petitioner's Statutory and con
-stitutional Rights violations
to Due Process warranting
relief.


POINTS AND AUTHORITIES
IN SUPPORT OF GROUND FOUR

In Wolff V. McDonnell
(1974) 418 U.S. 539, 541, 94 S.ct.
2963, 41 L.Ed.2d 935, 959, this

court wrote that a disciplin-
-ry "committee is not left
at large with unlimited dis
-cretion. It is directed to
meet daily and to operate
within the principles stated
in the controlling regulations
, among which is the com-
mand that "[f]ull consider
-ation must be given to the
causes for the adverse be-
havior, the setting and cir
-cumstances in which it oc
-curred, the man's account
-ability, and the correctional
treatment goals," as well as
the direction that "disciplinary
measures will be taken only
at such times and to such
degrees as are necessary
to regulate and control a
man's behavior within ac
-ceptable limits and ~~will it's
behavior~~ be rendered ca-
priciously or in the nature
or retaliation or revenge."

In Clutchette v. Procunier (9th cir. 1974) 497 F.2d 809 at 820 this court wrote that the "Basic to an ac-cused prisoner's constitu-tional guarantee of an ac-curate and fair fact find-ing determination prior to imposition of sanctions is the right to be heard by an impartial disciplinary com-mittee. "[P]ersonal know-ledge of, and sometimes bias toward, the inmate defendant, tendency to support staff, and reaction to inmate atti-tude toward the [disciplin-ary committee]" will af-fect the decisions of any prison administration or staff member sitting on a disciplinary committee. And it is likely that most pri-son officials will have some awareness of at least the more significant

disciplinary problems which have arisen within the institution. Nevertheless, pro-vided that no member of the disciplinary committee has participated or will parti-cipate in the case as an investigating or reviewing of-ficer, or either is a wit-ness or has personal know-ledge of material facts re-lated to the involvement of the accused inmate in the specific alleged infraction (or is otherwise personally in-terested in the outcome of the disciplinary proceed-ing) a hearing board com-prised of prison officials will satisfy the due process requirement of a "'' new-trial and detached hearing body.'" '') In this matter, the petitioner was denied such statutory and consti-tutional rights in viola-tion of the due process

clause of the 14th Amend-
ment of the u.s. constitu-
tion. According to the calif
code of Reg., Title 15, Sec.
3320(h): staff who observed,
reported, classified, supplied sup
-plemental reports to, or in-
vestigated the alleged rule
violation; who assisted the
inmate in preparing for the
hearing; or for any other
reason have a predetermined
belief of the inmates guilt
or innocence; shall not hear
the charges or be present
during deliberations to deter-
mine guilt or innocence and
disposition of the charges.

From the examination
of the final copy of this
RVR it would be noted that
no where in the body of
this report does it state
why the Petitioner wasn't

.13.

allowed to give testimony
on his own behalf, waived
c/o H. Gomez as a witness,
denied the right to present
documentary evidence, why
the exceptance of this RVR
as factual and basing the
Petitioner's guilt on this re
-port and it alone, why
failing to consider mitiga-
ting factors in the Petition-
er's favor was performed,
etc... demonstrating a "Mani
-festation" of "Bias" that
shows a "Lack" of "Neutra
-lity" in this matter that
"Displays" a "Personal Interest"
in the outcome of these
proceedings for Non-correc
-tional goals, penalogical,
safety and security and or
Public safety purposes in
violation of the Petitioner's
statutory and constitutional

.14

Rights to Due Process as
guaranteed under u.s.c.A.
const. Amend. 14 that re
-quires relief.

Ground Five: Denial of the
Right to Appeal this Fact
Finding Report (court Access)

Facts: the petitioner initated
a inmate grievance log No.#
CAL-A-05-0468 regarding this
RVR on Mar. 6th, 2005 (see
Exhibit 4) to have it re-
turned on Mar. 21st, 2005 un
-processed. (see p. 7 of Ex-
hibit 4) the petitioner resub
-mitted this grievance for
its processing to have any
and all relief denied at
the second level of review
by a D.W. Bell CCII appeal
coordinator, Tim Ochoa, chief
deputy warden, etc... on
April 28th, 2005. (see Exhi
-bit 5)

this grievance was
received on May 4th, 2005
by the petitioner to be
forward to the director of
corrections on June 4th, 2005
for the third and Final.

1  Level of review to "Not"
2  have this "Grievance" Process-
3  ed for Non-correctional
4  Goals, Penological, safety and
5  Security and or for Public
6  safety Purposes. (see Exhibit
7  6")

8

9         the Petitioner submit
10 -ted this Grievance twice
11 to the director of correc-
12 tions seeking its filing, a
13 responce, etc... to "Have" it
14 "Returned" unProcessed For
15 Non-correctional Goals, Penolo
16 -gical, safety and Security
17 and or Public safety Pur-
18 poses. (see Exhibit 8)

19

20        Such acts and actions
21 of the director of corrections
22 and his/her chief inmate
23 appeal coordinator was Perpet
24 -rated insorder to "Deny" the
25 Petitioner "court Access", the
26 "Right" to "Petitioner" the
27 Government for Redress, to
28 Exercise the Right to Free

1  -dom of speech, Due process
2  of law, etc... as guaran-
3  teed under U.S.C.A. const.
4  Amends. 1, 14 that requires
5  relief.

6
7  POINTS AND AUTHORITIES IN
8  SUPPORT OF GROUND FIVE

9
10  Per calif. code of Reg.,
11  title 15, sec. 3084.1(a): Any in-
12  mate or parolee under the de-
13  partments jurisdiction may ap-
14  peal any departmental decision
15  , action, condition, or policy
16  which they can demonstrate
17  as having an adverse effect
18  upon their welfare. The deci
19  -sion of the departmental Re
20  -view board which serve as
21  the director's level decision
22  are not appealable and con-
23  clude the inmate's or parolee's
24  departmental administrative
25  remedy pursuant to section
26  3376.1.

27
28  Per calif. code of Reg.,

.3

1   Title 15, Sec. 3084.3(e)(6): Time
2   limits for submitting the ap-
3   peal are exceeded and the
4   appellant had the opportunity
5   to file within the prescribed
6   time constraints.

7
8       Per Calif. Code of Reg.,
9   Title 15, Sec. 3084.6(a): com-
10  mencement. time limits for
11  submitting or reviewing ap-
12  peals shall commence upon the
13  date of receipt of the appeal
14  document by the appeals coor-
15  dinator or the appellant.

16
17      In Nyhuis v. Reno, 204
18  F.3d 65 (3rd cir. 2000) this
19  court ruled that "substantial
20  compliance with the grievance
21  procedure will satisfy exhaustion
22  requirement."

23
24      In Harper v. Jenkins,
25  179 F.3d 1311 (11th cir. 1999) this
26  court ruled that a "prisoner
27  who filed an untimely grie-
28  vance was obliged to seek

.4

1  a waiver of the time limits
2  in the grievance system":
3
4        And in Underwood v.
5  Wilson, 151 F.3d 292 (5th cir.
6  1998) this court wrote that
7  "exhaustion requirement may
8  be subject to waiver".
9
10        As well, in Glendale city
11  Employees' Association, Inc. v.
12  city of Glendale (1975) 15 cal.
13  3d 328, 342, 124 cal. Rptr. 513, 522
14  the California Supreme court
15  wrote that "the requirement
16  of exhaustion of administrative
17  remedies does not apply if the
18  remedy is inadequate." (see
19  also In re Reina (cal. App. 4th
20  Dist. 1985) 171 cal. App. 3d 638, 642,
21  217 cal. Rptr. 535, 537, N. 2 ; In
22  re Thompson (cal. App. 5th Dist.
23  1985) 172 cal. App. 3d 256, 262,
24  218 cal. Rptr. 192, N. 5, 6.)
25
26        In this matter, the peti-
27  tioner sought review at the
28  third and final level in a

timely fashion, sought to be
excused if the reviewer
assumed that this grievance
wasn't filed timely, (see p.
6 of Exhibit 4) filed a se-
cond grievances in an attempt
to get the grievance log
# CAL-A-05-0468 filed all to
be denied and all recourse
that made this process "fu-
tile", demonstrating this grie-
-vance system "inadequency"
constituting "exhaustion" and
measures were perpetrated
by prison officials for non
- correctional goals, penological,
safety and security and or
public safety purposes, there-
fore resulting in the peti-
tioner's constitutional rights
violations to court access, to
petition the government for
redress, the right to free
-dom of speech, Due process
of law, etc... as guaranteed
U.S.C.A. const. Amends. 1,
14 that requires relief.

6

1 GROUND SIX : The Misclassifica-
2 tion of this RVR and the
3 Allegations that the Petitioner
4 was charged with (Denial of
5 Notice and the Opportunity to
6 Be Heard )

7
8 Facts : Upon the issuance of
9 this RVR , the Petitioner wasn't
10 Given "Notice" and or the "Opper
11 -tunite" to be "Heard" regarding
12 this charge and the rule al-
13 legedly violated in violation of
14 the Petitioner's statutory and
15 constitutional Rights to Due
16 Process of Law.

17
18        If this RVR is examined
19 for the allege CDC rule that
20 the Petitioner allegedly violated
21 ,it would reflect a violation of
22 C.C.R. Title 15 , Sec. 3005(b) and
23 "Not" a "violation" of C.C.R.
24 Title 15 , Sec. 3005(c) sense the
25 Petitioner was charged with
26 battery with a weapon. (see
27 Exhibit 1)
28

1    If C.C.R. Title 15, sec.
2    3005(b) is read, it would be
3    noted that it states: "Obey-
4    ing orders. Inmates and paro-
5    lees must promptly and cour-
6    -teously obey written and
7    verbal orders and instructions
8    from department staff, and
9    from employees of other
10   agencies with authorized re-
11   sponsibility for the custody
12   and supervision of inmates and
13   parolees".

14
15   If C.C.R. Title 15, sec.
16   3323(f)(6) is read, it would be
17   noted that this section doesn't
18   warrant the imposition of a
19   (15) fifteen month SHU term,
20   the loss of (360) three hun-
21   dred sixty days credit, (28)
22   twenty eight additional points,
23   etc... but the lost of 61-
24   90 days, 6 additional points,
25   no SHU term, etc... Per
26   C.C.R. Title 15, secs. 3323(f)
27   (6), 3341.5(c)(9)(B), and 3375.
28   4(b)(1) for the violation of

. 2

1  Sec. 3005 (b). But if C.C.R.
2  Title 15, Sec. 3005 (c) is read,
3  it would state: "Force or
4  Violence. Inmates shall not
5  willfully commit or assist
6  another person in the com-
7  mission of a violence in-
8  jury to any person or persons,
9  including self mutilation or
10  attempted suicide, nor attempt
11  or threaten the use of force
12  or violence upon another person.
13  Inmates shall not willfully
14  attempt to incite others, either
15  verbally or in writing, or by
16  other deliberate action, to use
17  force or violence upon another
18  person" and that Sec. 3323
19  (b)(4) warrants the loss of
20  181-360 days of credit for
21  the battery of an inmate
22  with a weapon, that Sec.
23  3341.5 (c)(a)(B)(2) governs the
24  implementation of a (15) fif-
25  teen month SHU term, and
26  that Secs. 3375.4 (b)(4) and (b)(5)
27  warrants the addition of (28)
28  twenty-eight points for a

.3

1  battery on an inmate with a
2  weapon. So as shown, the
3  misclassification of this RVR
4  that did not coincide with the
5  allegations that the Petitioner
6  was charged with, did not place
7  the Petitioner on Notice and
8  or give him the opportunity
9  to be heard regarding these
10 allegations and wasn't perform
11 -ed for correctional goals, penal
12 -ogical, safety and security
13 and or public safety purposes
14 in violation of the Petitioner's
15 statutory and constitutional
16 rights to Due Process of Law
17 as Guaranteed under U.S.C.A.
18 const. Amend. 14 that requires
19 relief.
20
21 POINTS AND AUTHORITIES IN SUP
22 -PORT OF GROUND SIX
23
24        In WOLFF v. McDONNELL (1974)
25 418 U.S. 539, 563-564, 94 S. ct.
26 2963, 41 L.Ed. 2d 935 at 955-956,
27 this court wrote that "Two of
28 the procedures that the court

.4

held should be extended to
Parolees facing revocation pro-
ceedings are not, but must
be, provided to prisoners in
the Nebraska complex if the
minimum requirements of pro-
cedural due process are to be
satisfied. These are advance
written notice of the claimed
violation and a written state
-ment of the fact findings
as to the evidence relied
upon and the the reasons
for the disciplinary action
taken."

    This court continued by
writing in part that "part of
the function of notice is to
give the charged party a
chance to marshall the facts
in his defense and to clari-
fy what the charges are, in
fact."

    At 418 U.S. P. 564, 94 S.
ct. 2963, 41 L.Ed. 2d at 956,
this court Further wrote in

.5

1  Part that "we hold that writ-
2  ten notice of the charges
3  must be given to the disci-
4  plinary - action defendant in
5  order to inform him of the
6  charges and to enable him
7  to marshall the facts and
8  prepare a defense. At least
9  a brief period of time after
10  the notice, no less than 24
11  hours, should be allowed to
12  the inmate to prepare for
13  the appearance before the
14  Adjustment committee."
15
16      In clutchette v. procuni-
17  er (9th cir. 1974) 497 F.2d 809
18  at P. 818  this court ruled
19  in Part "that an essential
20  element in any system of
21  minimum procedural safeguards
22  is providing the accused in-
23  mate with specific notice of
24  the charges against him. Ade.
25  -quate Notice, has been held
26  by our circuit to be an in
27  -dispensible ingredient of
28  minimum due process in the

1  prison context and it has
2  been unanimously viewed as
3  a necessary safeguard in
4  prison disciplinary proceedings
5  . the notice must inform the
6  inmate of the charges against
7  him and of the details of
8  his alleged offense, it must
9  be promptly delivered to him
10  and must be received suffi-
11  ciently in advance of the
12  hearing to enable him to
13  prepare any defense he may
14  have. Moreover, to permit pre-
15  sentation of an effective
16  defense and to facilitate the
17  therapeutic value of a fair
18  and impartial disciplinary
19  hearing, the prisoner should
20  also receive a written explan
21  -ation of the procedures that
22  will be employed at the dis-
23  ciplinary proceeding and a
24  statement of his rights (and
25  the limitation of those rights)
26  under the hearing rules."
27
28        In this matter, the peti

1  -tioner was not given Notice
2  of the Allegations (rule vio-
3  lation) as charged and or
4  the oppertunity to be heard
5  in this matter based upon
6  the Misclassification of
7  this RVR by staffs and the
8  Allegations as asserted not
9  coinsiding with the allege
10 rule violation as committed.
11
12       If Exhibit 1 is exam-
13 ined, it would be noted that
14 the Petitioner is charged with
15 violating c.c.R. title 15, sec.
16 3005(b) Disobeying orders,
17 but the allegations of this
18 RVR accuses the Petitioner
19 of committing an act of
20 Force or violence in which
21 would be a violation of c.c.R
22 Title 15, Sec. 3005(c) Force
23 or violence in which is
24 what the petitioner wasn't
25 charged with for non-cor-
26 rectional goals, Penzological,
27 safety and security and or
28 Public Safety Purposes there-

1 fore violating the Petitioner's
2 statutory and constitutional
3 Rights to Due Process of
4 Law as Guaranteed under
5 U.S.C.A. Const. Amend. 14.

GROUND SEVEN: THE FAILURE
TO CONSIDER MITIGATING
FACTORS IN THE PETITION-
ER'S FAVOR

Facts: When this Hearing
Officer Proceeded to hear
this RVR, the Petitioner at-
tempted to bring to this
Hearing Officers attention
that the Petitioner hasn't
been given a SHU term in
over eleven years, hasn't
received an RVR in over
two years Prior to this in-
cident, doesn't have a his-
tory of force or violence,
committing such acts, etc.
(see Exhibit 3) in which
this Hearing Officer deliber-
ately "Failed" to and bla-
tantly "Refused" to "consider"
these Factors before reach-
ing his determination (see
Exhibit 1) in violation of
the Petitioner's statutory and
constitutional Rights to Due
Process.

1

Per C.C.R. Title 15, Sec. 3341.5 (c) (10) Factors In Mitigation or Aggravation of SHU Term. the SHU term shall be set at the expected range unless a classification committee finds factors exist which warrant the imposition of a lesser or greater period of confinement. the total period of confinement assessed shall be no less than nor greater than the lowest or highest months listed for the offense in the SHU Term Assessment chart. In setting the term, the committee shall determine the base offense. If the term being assessed includes multiple offenses, the offense which provides for the longest period of confinement shall be the base offense. Lesser offenses will be used to increase the period beyond the expected term. After

2

determining the base offense
, the committee shall review
the circumstances of the
disciplinary offense and the
inmate's institutional behavior
history using the factors be
-low. The committee shall
then determine that either
no unusual factors exist or
find that specific aggravat-
ting or mitigating factors do
exist and specify a greater
or lesser term. The reasons
for deviation from the ex-
pected term shall be docu-
mented on a CDC 128-G,
classification chrono, and SHU
term Assessment worksheet,
a copy of which shall be
provided to the inmate.

      Section 3341.5 (10) (A)
Factors in mitigation. 1. the
inmate has a minor or no
prior disciplinary history. 2.
the inmate has not been
involved in prior acts of the
same or of a similar nar

ture. 3 The misconduct was situational and spontaneous as opposed to planned in nature. 4. the inmate was influenced by others to commit the offense. 5 the misconduct resulted, in part, from the inmate's fear for safety.

Section 3341.5 (10) (B) Factors in Aggravation. 1. the inmate's prior disciplinary record includes acts of misconduct of the same or similar nature. 2. the misconduct was planned and executed as opposed to situational or spontaneous. 3. The misconduct for which a SHU term is being assessed resulted in a finding of guilty for more than one offense. 4. the inmate influenced others to commit serious disciplinary infractions during the time of the offense. In the Petitioner's case, this Hearing Officer

never considered such factors
in order to present them
to an I.c.c. hearing for it
to consider with the SHU
Assessment chart that de
-prived the petitioner of the
ability to receive a lesser
SHU term, lost of time,
lesser classification score
points added, etc... in viola-
tion of the petitioner's statu
-tory and constitutional rights
to Due process for Non-cor
-rectional goals, penelogical,
safety and security and or
public safety purposes that
requires relief.

POINTS AND AUTHORITIES IN
SUPPORT OF GROUND SEVEN

         In Wolff v. McDonnell
(1974) 418 U.S. 539, 571, 94 S.Ct.
2963, 41 L.Ed. 2d 935, 959 this
court wrote in part that "the
committee is not left at
large with unlimited direction.
It is directed to meet

.5

daily and to operate within
the principals stated in the
controling regulations, among
which is the command that
"full consideration must be
given to the causes for the
adverse behavior, the setting
and circumstances in which
it occurred, the man's ac-
countability, and the correc-
tional treatment goals") as
well as the direction that "dis
-ciplinary measures will be
taken only at such times
and to such degrees as are
necessary to regulate and
control a man's behavior
within acceptable limits and
will never be rendered capri-
ciously or in the nature of
retaliation or revenge."

        In this matter, no such
precautions were taken and
such acts were perpetrated
for Non-correctional goals,
penalogical, safety and security
and or public safety purposes

.6

in violation of the Petitioner's statutory and constitutional rights to Due Process as guaranteed under U.S.C. Am const. Amend. 14 that requires relief.

**23.** Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes  ☒ No

**24.** If your answer to #23 is "Yes," give the following information:

    (a)  Name of Court: _____

    (b)  Case Number: _____

    (c)  Date action filed: _____

    (d)  Nature of proceeding: _____

    _____

    (e)  Name(s) of judges (if known):_____

    (f)  Grounds raised: _____

    _____

    _____

    _____

    _____

    (g)  Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☐ No

**25.** Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a)  At preliminary hearing: _None_____

    (b)  At arraignment and plea: _None_____

    (c)  At trial: _None_____

    (d)  At sentencing: _None_____

    (e)  On appeal: _None_____

    (f)  In any post-conviction proceeding: _None_____

    (g)  On appeal from any adverse ruling in a post-conviction proceeding: _None_____

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☒ Yes ☐ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes ☒ No

   (a) If so, give name and location of court that imposed sentence to be served in the future:

   _____

   (b) Give date and length of the future sentence: _____

   _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   ☒ Yes ☐ No

28. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to proceed before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☒ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

**29.** Date you are mailing (or handing to a correctional officer) this Petition to this court: _____

August 26th, 2008

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

Aug. 26th, 2008          _____

(DATE)                              SIGNATURE OF PETITIONER

FiNAL  copy  of

c.D.c.  11S

EX. 1

REC'D CAL APPEALS
MAR 1 1 2005 15 1322

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS
## RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| H-67149 | HILL | | I WOP | CSP-CAL | A3-134L | 01-05-A-04 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3005 (b) | BATTERY ON AN INMATE W/WEAPON | A3-Floor | 01/19/05 | 1716 |

On Wednesday, January 19, 2005, at approximately 1716 hours while performing my duties as A3-Control Booth Officer I observed Inmate HILL, H-67149 pick up a Broom from the lower tier and go up the stairs. HILL was going in the direction of "A" Section upper tier. Inmate HILL started stricking Inmate MARTIN, K-65209 with the Broom Bundle and stricking him in the upper torso and head in front of cell 212. I ordered both inmates to get down but they did not comply. I fired One (1) round from my 40mm Direct Impact Weapon, Serial #GS0902 and aimed at zone 1 at the assailant Inmate HILL. After I fired Inmate MARTIN proned out in front of cell 212 and Inmate HILL ran towards the stairwell in front of cell 205. I instructed Inmate HILL to prone out on the tier. I continued to cover the area until both Inmates were removed from the building. Later after reviewing the medical report I found out that Inmate MARTIN was struck in the lower leg but I aimed at inmate HILL but struck MARTIN due to the wrestling on the tier. Inmate HILL is not a participant in the Mental Health Services Delivery System (MHSDS). Inmate HILL is aware of this report.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ T. DAVIS, Correctional Officer | | 01/19/05 | A3-Control Booth | Mon/Tue |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|---|
| ▶ V. BACH, Correctional Sergeant | | 1-19-05 | DATE | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | A 1 | | ▶ G. RAPOZA, LT. | ☐ HO ☒ SHO ☐ SC ☐ FC |
| ☒ SERIOUS | | | | |

### COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ | | 930 | |
| ☒ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
| | ▶ | 4/8/05 | | ▶ | 4/8/05 | |

HEARING

**CONTINUED ON RVR PART C**

REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| J. JIMENEZ, CORRECTIONAL LIEUTENANT | ▶ | | |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ▶ W. PRICE, FACILITY CAPTAIN | | ▶ G. JANDA   ASSOCIATE WARDEN A/B | 3/28/05 |

| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | ▶ | 3/25 | 1600 |

CDC 115 (7/88)

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS

# SERIOUS RULES VIOLATION REPORT — MEDICAL APPEALS

MAY 1 2006

05 0468

| CDC NUMBER | INMATE'S NAME | INMATE FILING NO. | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| H-67149 | HILL | 3005 (b) | 01/19/05 | CSP-CAL | 01-05-A-043 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT   [✓] YES   [ ] NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [✓] I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | 2-1-05 |
| [ ] I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| [ ] I REVOKE my request for postponement. | ▶ N/A | |

## STAFF ASSISTANT

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| STAFF ASSISTANT [ ] REQUESTED   [ ] WAIVED BY INMATE | ▶ N/A | |

| | DATE | NAME OF STAFF |
|---|---|---|
| [ ] ASSIGNED | | |

| | REASON |
|---|---|
| [✓] NOT ASSIGNED | DOES NOT MEET CRITERIA PER CCR 3315 (1)(2) |

## INVESTIGATIVE EMPLOYEE

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| INVESTIGATIVE EMPLOYEE [ ] REQUESTED   [ ] WAIVED BY INMATE | ▶ N/A | |

| | DATE | NAME OF STAFF |
|---|---|---|
| [✓] ASSIGNED | 3/11/05 | N MEJIA |

| | REASON |
|---|---|
| [ ] NOT ASSIGNED | |

EVIDENCE / INFORMATION REQUESTED BY INMATE: At the time of hearing, I/m Hill stated he accepted the questions and answers from Officer Rocha & Gomez which is documented in the I.E. Report. Officer Gomez is currently out on medical leave.

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)          DATE

[ ] REPORTING EMPLOYEE   [ ] STAFF ASSISTANT   [ ] INVESTIGATIVE EMPLOYEE   [ ] OTHER   [ ] NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| C/o Gomez  Waived | [ ] | [ ] | | [ ] | [ ] |
| C/o Rocha | [✗] | [ ] | | [ ] | [ ] |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

SHO NOTE: Immediately after the SHO noted Inmate Hill acceptance of the questions & answers for Officer Gomez, Inmate Hill stated he wasn't going to sign, noting his acknowledgement of his verbal acceptance. Correctional Officer Steele was present during his verbal acceptance and his refusal. The SHO elected to proceed with the hearing. The SHO was able to review Officer Gomez's answer(s) in the I.E. Report.

| INVESTIGATOR'S SIGNATURE | DATE |
|---|---|
| ▶ | |

| | BY: (STAFF'S SIGNATURE) | TIME | DATE |
|---|---|---|---|
| [✗] COPY OF CDC 115-A GIVEN INMATE | ▶ | 15:30 | 3/11/05 |

CDC 115-A (7/88)                                                                                    OSP 03 74845

If additional space is required use supplemental pages

REC'D CAL APPEALS
MAR 1 1 2005

85 0468

STATE OF CALIFORNIA
**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE _1_ OF _2_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-67149 | HILL | 01-05-A-043 | CAL-CSP | FEB-16-05 |

☐ SUPPLEMENTAL   ☐ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☒ HEARING   ☐ IE REPORT   ☐ OTHER_____

On Wednesday, February 16, 2005, at approximately 2000 hours, Inmate HILL, H-67149, appeared before this Senior Hearing Officer (SHO) for adjudication of Rules Violation Report, CDC-115, Log Number 01-05-A-043. I introduced myself and explained Hearing Rules & Procedures to Inmate HILL, who stated he was in sound physical health. Inmate HILL is not a participant in the Mental Health Services Delivery System, the Disability Placement Program, or the Developmental Disability Program.

DUE PROCESS: Inmate HILL received all pertinent documents twenty four (24) hours prior to the hearing. All time constraints have been met. There are no due process errors.

STAFF ASSISTANT: A Staff Assistant was not assigned per CCR #3315(D)(2).

INVESTIGATIVE EMPLOYEE: Correctional Officer N. MEJIA was assigned on 01/19/05.

INMATE'S PLEA: The charges were read to Inmate HILL and he plead NOT GUILTY.

INMATE STATEMENT: Inmate HILL stated: "I told the officers that we had problems, and were not getting along."

WITNESSES: Witnesses were requested and granted. Inmate HILL requested Correctional Officer ROCHA as a witness and this request was granted by the SHO.

Correctional Officer ROCHA was asked the following questions from Inmate HILL via the SHO.

Q: On January 19, 2005, did I tell you that my cellie and I were not getting along and I needed a move?
A: No, they did request a bed move, they never said anything about not getting along.

Q: On January 19th, 2005, did I, Inmate HILL, H-67149, between the hours of 3 and 4 p.m., inform you, C/O T. ROCHA, hat I needed to be released from my cell in order to retrieve my radio because me and Inmate MARTIN K-65209, were not getting along (non-compatible) so I can try to get a cell move?
A: No, I dont recall.

The SHO elected to ask the following questions of Correctional Officer ROCHA.

Q: Did you see inmate HILL and MARTIN square off prior to Inmate HILL striking him with the broom?
A: No, I was at the chow hall when this happened.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| J. JIMENEZ, CORRECTIONAL LIEUTENANT | 2 23 05 |

| ☑ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED 3 3 5 | TIME SIGNED 1600 |
|---|---|---|---|

CDC 115-C (5/95)

OSP 99 25082

I received march 4th, 2005

MAR 11 2005

05 0468

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS

PAGE 2 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-67149 | HILL | 01-05-A-043 | CAL-CSP | FEB-16-05 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☒ HEARING ☐ IE REPORT ☐ OTHER

Correctional Officer GOMEZ was requested as a witness, however at the time of the hearing, Inmate HILL stated he accepted the questions and answers from Officer GOMEZ which is documented in the I.E. Report. Officer GOMEZ is currently out on medical leave. Immediately after the SHO noted Inmate HILLs acceptance of the questions and answers for Officer GOMEZ, Inmate HILL stated he wasn't going to sign, noting his acknowledgment of his verbal acceptance. Correctional Officer Steele was present during his verbal acceptance and his refusal. The SHO elected to proceed with the hearing, the SHO was able to review Officer GOMEZs answers via the I.E. report.

During the I.E. Report, Inmate HILL submitted questions regarding the Reporting Employees employment conduct record. The SHO determined that this information was confidential and not relevant to this CDC-115 hearing.

FINDINGS: Inmate HILL was found GUILTY of having violated CCR# 3005 (b), for the Specific Act of "BATTERY ON AN INMATE WITH A WEAPON". This finding is based upon a preponderance of the evidence as submitted during the hearing, which is considered valid and substantiates the charge. The evidence includes:

A: The Reporting Employee's written report, which states in part: I observed Inmate HILL pick up a broom from the lower tier and go up the stairs. HILL was going in the direction of "A" Section upper tier. Inmate HILL started striking Inmate MARTIN with the broom handle and striking him in the upper torso and head in front of cell 212.

B: The SHO reviewed all reports relevant to the CDC-115 hearing. The SHO is convinced that Inmate HILL willfully battered Inmate MARTIN with the broom handle. The SHO determined that Inmate HILL utilized the broom as a weapon to cause serious harm to Inmate MARTIN by striking him in the upper torso and head area.

DISPOSITION: Inmate HILL was assessed:

360 days FORFEITURE OF CREDIT, consistent with a Division "A1" Offense.
10 days LOSS OF YARD, Beginning 02/16/05 and Ending 02/26/05.

Inmate HILL was counseled, reprimanded and advised of future behavior expectations.

Inmate HILL is referred to Institutional Classification Committee (ICC) with the recommendation that the appropriate Security Housing Unit (SHU) term be assessed.

Inmate HILL is also referred to the Institutional Psychiatrist for evaluation prior to assessment of a SHU term, per the Madrid Decision.

Inmate HILL was advised of his rights to appeal the findings and/or disposition of the hearing, pursuant to CCR§, Section 30841.1 and also advised that he would receive a completed copy upon final audit by the Chief Disciplinary Officer (CDO). The review and signature of the CDO affirms, reverses, or modifies the disciplinary action and/or Credit Forfeiture and constitutes the First Level for Appeal Purposes.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| J. JIMENEZ, CORRECTIONAL LIEUTENANT | 2 13 05 |

| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staffs Signature) | DATE SIGNED 3 3 5 | TIME SIGNED 1600 |
|---|---|---|---|

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA

MAR 11 2005

DEPARTMENT OF CORRECTIONS
PAGE ___ OF ___

**RULES VIOLATION REPORT - PART C**

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-67149 | HILL | 01-05-A-043 | CSP-CAL | 02/08/05 |

☐ SUPPLEMENTAL ☐ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☐ HEARING ☒ IE REPORT ☐ OTHER_____

On Tuesday, Febuary 08, 2005, I informed Inmate HILL, H-67149, A3-132L, that I had been assigned as the Investigative Employee for Rules Violation Report, Log #01-05-A-043 charging him with violation of CCR #3005 (b). I explained to Inmate HILL that my function was to: collect information, interview him, the Reporting Employee and all witnesses having information about the incident. Inmate HILL stated that he understood my function and expressed no objections to my assignment. Therefore, as the assigned and accepted Investigator, I conducted the investigation and submit the findings in this report.

CHARGED INMATE STATEMENT: On Saturday, Febuary 08, 2005, at approximately 1935 hours, I interviewed Inmate HILL who the following:

STATEMENT: " I have no statement."

On Tuesday, Febuary 08, 2005, at approximately 1950 hours I interviewed Correctional Officer T. DAVIS, who stated the following:

STATEMENT: " On Wednesday, January 19, 2005, at approximately 1716 hours, I observed Inmate HILL, H-67149 pick up a broom from the lower tier and go up the stairs. HILL was going in the direction of "A" section upper tier. Inmate HILL started to strike Inmate MAR||IN, K-65209 with the broom handle and striking him in the upper torso and head in front of cell 212. I ordered both Inmates to get down with negative results. I fired one (1) round from my 40mm direct Impact weapon, serial # GS0902 and aimed at zone 1 at assailent Inmate HILL, after I fired Inmate MAR||IN proned out in front of cell 212 and Inmate HILL ran towards the stairwell in front of 205. I instructed Inmate HILL to prone out on the tier. I continued to Cover the area until both Inmates were removed from the building. Later after reviewing the medical report I found out that Inmate MARTIN was struck in the lower leg but aimed at Inmate HILL but struck MAR||IN due to the wrestling on the tier.

On Wednesday, Febuary 09, 2005, at approximately 1950 hours, I interviewed Correctional Officer T. ROCHA, who answered the following questions.

1. (Q) On January 19, 2005, did I, Inmate HILL, H-67149 between the hours 3 and 4 PM, inform you, Correctional Officer T. ROCHA that my'self and Inmate MARTIN, K-65209 were not getting along (non compatible) and that I wanted to move?

   (A) Inmate HILL requested a bedmove. I informed the Sergeant who said convenience moves are done on 2nd watch. Inmate HILL never said it was an urgent matter.

2. (Q) On January 19, 2005, did Inmate HILL, H-67149, between the hours of 3 and 4 PM inform you, Correctional Officer T. ROCHA that I needed to be released from my cell in order to retrieve my radio because me and Inmate MARTIN, K-65209 were not getting along (non compatible) so I can try to get a cell move?

   (A) No.

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| N. MEJIA, Correctional Officer | 2-15-05 |

| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | | 2-15-05 | 2000 |

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA

REC'D CAL APPEALS
MAR 1 1 2005

DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**

PAGE ___ OF ___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| H-67149 | HILL | 01-05-A-043 | CSP-CAL | 02/08/05 |

☐ SUPPLEMENTAL  ☐ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☐ HEARING  ☒ IE REPORT  ☐ OTHER_____

On Thursday, Febuary 10,2005, at approximately 1655 hours I interviewed Correctional Officer GOMEZ, who answered the following questions.

1.(Q) On January 19,2005, did I, Inmate HILL, H-67149, between the hours of 3 and 4 PM inform you, Correctional Officer H. GOMEZ that my self and Inmate MARTIN, K-65209 were not getting along ( non compatible ) and that I wanted to move?

   (A) He stated he wanted a bed move, but did not state him and his cellie were not getting along.

2.(Q) On January 19,2005, did I, Inmate HILL, H-67149 between the hours of 3:30 and 3:50 PM inform you, Correctional Officer H. GOMEZ, during your evening count that I needed to be released from my cell in order to retrieve some personal property because me and Inmate MARTIN K-65209 were not getting along (non compatible) and that I wanted to move?

   (A) No.

3.(Q) On January 19,2005, did I, Inmate HILL, H-67149 between the hours of 4:05 and 4:25 PM after you performed your evening count inform you Correctional Officer H. GOMEZ that I needed to move in which you informed me that no cell moves are performed on 3rd watch?

   (A) Yes, however you never mentioned that you and your cellie were not getting along.

4.(Q) On January 19,2005, did I, Inmate HILL, H-67149 between the hours 1700 and 1716 hours question you, Correctional Officer H. GOMEZ at the podium during the evening meal release about why you did not assist me in getting a cell move as well as in me getting my Superradio III?

   (A) No, I told you that covenience moves were done during 2/W hours.

NOTHING FURTHER FROM INMATE HILL

INMATE HILL Requests' Correctional Officer's T. ROCHA and H. GOMEZ as witnesses.

Inmate HILL DOES NOT request the Reporting Employee at the hearing.
Inmate HILL DOES NOT request the Investigative Employee at the hearing.
Inmate HILL DOES NOT request Inmate witnesses at the hearing.

                    This concludes my report.

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| N. MEJIA, Correctional Officer | | 2-15-05 |
| COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED 2-15-05 | TIME SIGNED 2003 |

CDC 115-C (5/95)

OSP 99 25082

RECEIVED
MAR 1 1 2005

STATE OF CALIFORNIA                                DEPARTMENT OF CORRECTIONS
                                                   CDC 128 A (8-87)

**NAME AND NUMBER**    HILL        H-67149    A5-132

On Wednesday, February 16, 2005, at approximately 2000 hours, you appeared before Correctional Lieutenant J. JIMENEZ, for adjudication of CDC-115, Log #01-05-A-043. You were found GUILTY and assessed the following LOSS OF PRIVILEGES.

10 Days LOSS OF YARD, Beginning 02/16/05 and Ending 02/26/05.

ORIG: C-File
  CC: Correctional Lieutenant          J. JIMENEZ, Correctional Lieutenant
      CC I                             Senior Hearing Officer
      Housing Unit                     Facility "A" 3/W
      Inmate

                (DISPOSITION OF CDC-115/LOSS OF PRIVILEGES)

**DATE**    FEBRUARY 16, 2005                          **CUSTODIAL COUNSELING**

---

STATE OF CALIFORNIA                                DEPARTMENT OF CORRECTIONS
                                                   CDC 128 A (8-87)

**NAME AND NUMBER**    HILL        H-67149        A5-132

On Wednesday, February 16, 2005, at approximately 2000 hours, Inmate HILL appeared before Correctional Lieutenant J. JIMENEZ, for adjudication of CDC-115, Rules Violation Report, Log # 01-05-A-043, for the specific Act of "BATTERY ON AN INMATE WITH A WEAPON". Inmate HILL was found guilty and referred to Institutional Classification Committee with the recommendation for SHU Assessment. Inmate HILL is also referred to the Institutional Psychiatrist for evaluation before SHU Term assessment per the Madrid decision.

ORIG: C-File
  CC: Correctional Lieutenant          J. JIMENEZ, Correctional Lieutenant
      CC I                             Senior Hearing Officer
      Housing Unit                     Facility "A" 3/W
      Inmate

                (MADRID/CHRONO)

**DATE**    FEBRUARY 16, 2005                          **CUSTODIAL COUNSELING**

7219 on
I/m hazartin
EX. 2

05 0400

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

## MEDICAL REPORT OF INJURY OR UNUSUAL OCCURRENCE

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT (circle) (INJURY) | ON THE JOB INJURY | DATE |
|---|---|---|---|---|
| CALIPATRIA | FAC A3 | USE OF FORCE    UNUSUAL OCCURRENCE | PRE AD/SEG ADMISSION | 01/19/05 |

| | NAME LAST    FIRST | CDC NUMBER | HOUSING LOC. | NEW HOUSING LOC. |
|---|---|---|---|---|
| THIS SECTION FOR INMATE ONLY | MARTIN | K-65209 | A3-134 | |
| THIS SECTION FOR STAFF ONLY | NAME LAST    FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
| THIS SECTION FOR VISITOR ONLY | NAME LAST    FIRST    MIDDLE | | DOB | OCCUPATION |
| | HOME ADDRESS    CITY    STATE    ZIP | | | HOME PHONE |

| PLACE OF OCCURRENCE | DATE/TIME OF OCCURRENCE | NAME OF WITNESS(ES) | | |
|---|---|---|---|---|
| A3- DAYROOM | 01/19/05 1912 | | | |

| TIME NOTIFIED | TIME SEEN | ESCORTED BY | MODE OF ARRIVAL (circle) | AGE | RACE | SEX |
|---|---|---|---|---|---|---|
| 1912 | 1912 | ON SITE | LITTER  WHEELCHAIR  AMBULATORY  (ON SITE) | 31 | B | M |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"Hey! MTA my leg got big!" "I got hit by the cop with 2 round!"



| INJURIES FOUND? | YES /NO | |
|---|---|---|
| Abrasion/Scratch | | 1 |
| Active Bleeding | | 2 |
| Broken Bone | | 3 |
| Bruise/Discolored Area | | 4 |
| Burn | | 5 |
| Dislocation | | 6 |
| Dried Blood | | 7 |
| Fresh Tattoo | | 8 |
| Cut/Laceration/Slash | | 9 |
| O.C. Spray Area | | 10 |
| Pain | | (11) |
| Protrusion | | 12 |
| Puncture | | 13 |
| Reddened Area | | (14) |
| Skin Flap | | 15 |
| Swollen Area | | (16) |
| Other | | 17 |
| | | 18 |
| | | 19 |

O.C. SPRAY EXPOSURE?    YES (NO)

DECONTAMINATED?    YES / (NO)

Self-decontamination instructions given?    YES / (NO)

Refused decontamination?    YES / (NO)

Q 15 min. checks

Staff issued exposure packet? YES / (NO)

-16, 14, 11
11, 14, 16

| RN NOTIFIED/TIME | PHYSICIAN NOTIFIED/TIME |
|---|---|
| Yes 1912 | Yes 1912 |

TIME/DISPOSITION

Remains in custody
1935  1/19/05

| REPORT COMPLETED BY/TITLE    (PRINT AND SIGN) | BADGE # | RDOs |
|---|---|---|
| L. ___ MTA    ___ MTA | 68709 | S/S |

(Medical data is to be included in progress note or emergency care record filed in UHR)

CDC 7219 (Rev. 11/02)    DISTRIBUTION:  ORIGINAL - UHR    CANARY - CUSTODY    PINK - HEALTH AND SAFETY/RTW COORDINATOR



STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC-128G (REV.2/69)

**NO.: H-67149     NAME: HILL     HOUSING: 6A-209**

INMATE COPY

**Custody: MAX    CS: 87    LEVEL: IV    WG/PG: D2/D    Eff: Date: 1/19/05 THRU MERD**
**Type/Release Date: MEPD 4/14/2018**
**TT: 25 Years To Life    BPT: IPCH 3/2017    Assignment/Action Taken: SHU PROGRAM / IN PERSON / RETAIN CCI-SHU / ASSESS 45 DAYS FOC RVR DTD 8-12-05, LOG #IVB-05-08-0491 ADJUST MERD 2-12-06 / REAFFIRM IEM YARD & DOUBLE CELL**

Inmate HILL's case was reviewed by UCC in person this date for the purpose of **SHU PROGRAM** Review. Subject stated that he was in good health and was ready to proceed. No Staff Assistant was assigned, as the Subject is not illiterate and the issues are not complex. Subject was originally placed in ASU on 1/19/05 at CAL-IV for Battery on Inmate W/Weapon. Subject received a 15 month Expected SHU Term with a MERD of 12/27/05, based on CDC 115 dated 1/19/05, Log # 01-05-A-043, for the specific act of Battery on Inmate W/Weapon. WG/PG D2-D effective 1/19/05 through MERD per PC 2933.6 is appropriate based on this disciplinary. CSR action of 7/12/05 endorsed Subject for CCI-SHU placement. Subject was received at CCI-IVB SHU on 7/20/05 from CAL-IV ASU. It is noted that Subject has received two CDC 115's (RVR). The first RVR is dated 8/12/05, Log #IVB-05-08-0491, for the specific act of Disobeying a Direct Order, which Subject was found Guilty of this Offense. The second is dated 10/3/05, Log #4BSH-05-10-0556, for the specific act of Disobeying a Direct Order-Refusing a Cellmate, which is still pending adjudication.

**COMMITTEE DECISION:** Based on a review of all Case Factors, UCC elects to assess 45 Days Forfeiture of Good Conduct Credits (FOC) for RVR dated 8/12/05, Log #IVB-05-08-0491, for the specific act of Disobeying a Direct Order with an adjusted MERD of 2/12/06. UCC also acts to retain Subject CCI-SHU pending completion of MERD. Exercise yard categories were discussed and explained with the Subject. Committee acts to reaffirm the Subject on the Individual Exercise Module (IEM) Exercise Yard based on Inmate's request and Committee review of the Central File. Committee reviewed Subject's Central File to determine housing assignment. Subject meets the criteria for Double Cell Status based on no in-cell misconduct or predatory behavior. UCC noted that SHU Offense occurred in Dayroom; however, Victim was Subject's Cellmate. CDC 1882 is in Central File and was reviewed this date by UCC. Subject has been double celled successfully since this offense. MAX Custody is appropriate. Subject is in agreement with both his yard and cell status. Subject actively participated in Committee discussion and decision stating that he agrees with committee's actions. Subject was advised of his appeal rights, as well as, behavioral expectations.

**CASE FACTORS:** Subject is a 34-year old, Black, New Commitment, 1st-Termer, received into CDC on 2/24/93 from Los Angeles County, for the Offense of Murder 1st & Attempted Murder 1st. **GPL:** GED. **Reading level:** GED. Subject was reviewed for DDP/DPP and does not meet the criteria. **Medical status:** Full Duty with Camp based on CDC 128C dated 3/2/93. **Psych Concerns:** Clear-GP per CDC 128C dated 6/3/05. Subject was reviewed for MDO consideration and does not meet the criteria. **TB code is:** 32 per CDC 128C dated 2/10/05. **Escapes:** Clear. **Arson:** Clear. **Sex Related Offenses:** Clear. **HWDs:** Clear. Past substance use: Marijuana & Alcohol. CDC 812/812C notes enemies: yes. **Gang Affiliation:** None. **Moniker:** Unknown. **Confidential information:** Clear. **Registration required:** None. **Notification required:** PC3058.6. **Restitution ordered:** None Noted. Past disciplinary history consists of notable CDC-115's for: Conspiracy to Traffic Drugs-SHU (9/22/93), Refused to Submit Blood & Saliva Specimens (3/10/95 & 12/6/95), Refusing to Accept a Cellmate (8/21/99), Willfully Obstructing a Peace Officer (7/25/02), Battery on Inmate W/Weapon-SHU (1/19/05), & Disobeying a Direct Order (8/12/05). Subject is disqualified from Minimum Support Facility, Fire Camp, Community Correctional Facility, Substance Abuse Program, Restitution Center, or Community Correctional Re-entry Center Programs based on LIF/CLS/SHU. Next anticipated review date is 2/8/06 for PRE MERD. Subject is a Level IV 180 design Inmate based on A-1 criteria.

**COMMITTEE:**

E. Devlin, CC-1

M. Bryant, FC (A)
CHAIRPERSON

K. Valencia, CC-II
RECORDER

**Date:** 11/30/05    ed    **Classification:** UCC / SHU PROGRAM REVIEW    **Inst:** CCI-IVB SHU

Received
12/2/2005



EX. 4

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

REC'D CAL APPEALS
MAR 1 1 2005

Location: Institution/Parole Region    CAL-A-

Log No. 1. 05 0468    2.    Category #1

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| B. Hill | H61149 | Ad-Seg | #B-6R-10 |

**A. Describe Problem:** On Feb. 16th 2005 a Lt. J. Jimenez proceeded to hear a c.d.c. 115 without calling the witnesses as was requested by the Appellant in violation of c.c.R. Title 15, Subsec. 3315(e)(1); the presence of the I.E. in violation of c.c.R. Title 15 Subsec. 3315(e)(1); deliberately "failed" to "consider mitigating"

If you need more space, attach one additional sheet.

**B. Action Requested:** For this guilty finding to be reversed; all points that were set to the Appellants classification score in regards to 115 reduced; the time that was add

Inmate/Parolee Signature: B. Hill    Date Submitted: 3/6/05

**C. INFORMAL LEVEL (Date Received:            )**

Staff Response:

Staff Signature:    Date Returned to Inmate:

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

CASE/APPEAL BY-PASS

Signature:    Date Submitted:

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

05 0468

RECEIVED INMATE APPEALS BRANCH AUG 19 2005

RECEIVED CAL APPEALS BRANCH JUN 10 2005

SCREEN OUT
MAR 1 8 2005

Returned on 3/24/05

CAL-A- 05 0468

First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: Due Date:

Interviewed by:

Staff Signature: Title: Date Completed:

Division Head Approved: Title: Returned

Signature: Date to Inmate:

CSP-CAL BY-PASS

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature: Date Submitted:

Second Level ☐ Granted ☐ P. Granted ☒ Denied ☐ Other

REVIEWER'S ACTION (Complete within 10 working days): Date assigned: MAR 25 2005 Due Date: 5-5-05

☐ See Attached Letter

received 5/4/2005

Signature: D.W. Bell Date Completed: 4/28/05

Warden/Superintendent Signature: [signature] C.W.(A) Date Returned to Inmate: MAY 03 2005

REC'D CAL APPEALS MAY 03 2005

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Do unto the "Falsifacation" of the "SHO's" findings (LT. J. Jimenez) and "D.W. Bell's" alleged "Investigation" warrants review. On April 20th, 2005 I C.C.II D.W. Bell approached the Appellants cell door under the guise of interviewing the Appellant concerning this 602

Signature: [signature] Date Submitted: 6/7/2005

received on 8-11-05 & 10-25-05 unanswered

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other

☐ See Attached Letter Date:

CDC 602 (12/87)

05 0468

FEDERAL APPEALS

MAR 1 1 2008

concluding Section A:

Factors in regards to these findings in violation of c.c.R. title 15 Subsec.3341.5; Subsec.3315(f); exercised a predetermination of the Appellants guilt by excepting the rule violation report and I.E.'s report as written in violation of c.c.R. Title 15, Subsec.3320(W); the Appellant was denied the right to present documentary evidence in violation of c.c.R. Title 15, Subsec.3320(I); Due process and not limited to.

continuing Section B:

(360) days deducted; for the Appellant to be accorded all his rights; and or this guilty finding reduced and not limited to;

continuing Section H: in which D.W. Bell deliberately "Failed" to and blatantly "Refused" to "allow"

the Appellant to present a defense
to these allegations (see second
Level Response, no remarks as illustrated
to D.W. Bell by the Appellant noted)
in violation of C.C.R. title 15, subsec.
3084.5(e)(1), (f)(1), etc... in regards
to the SHO's deliberate "Failure" to
"call" C/O H. Gomez as a witness
as was requested in violation of
C.C.R. title 15, subsec. 3084.5(h)(2)(D),
3315(e),(e)(1) and or make C/O H. Gomez
available by phone in violation of
Subsec. 3315(e)(6); the Appellants
I.E. for a witness and in violation
of these same subsections; the
SHO's blatant "Failure" to and deli-
berate "Refusal" to "consider" miti-
gating factors in the Appellants
favor in violation of subsec. 3084.5
(h)(2)(E), 3320(h), 3341.5(c)(10)(H);
the fact that the Appellant was
"Not" charged with committing an
act of "Force or violence" in viola-
tion of subsec. 3005(c) but disobeying
an order in violation of sec.
3005(b); the SHO's deliberate

continuing Section H: "Failure" to "Allow" the Appellant to Present documentary evidence (I'm martin's medical report; Part A1, Pt. 1 of 11 - 3 of 11 of this crime (incident report) in violation of Subsec. 3084.5(h)(4)(E), 3320 (L) inorder to see if a "Serious Injury" was noted as defined in Subsec. 3000; as to the SHO's exercise of a Predetermination as to the Appellants guilt in violation of Subsec. 3320 (h); as to the denial of the Appellants Due Process rights and not limited to.

D.W. Bell cites at P. 4 of this Second Level Response that "I appeared before an experienced SHO I. Ries, at which time You were found guilty of Battery on an inmate with a weapon" in which is "False" and "Fabricated" because, a SHO J. Jimenez heard this 115's not I. Ries (see c.D.C. 115, 115A, 115 c )

in which demonstrates that SHO J. Jimenez was "Not" interviewed and or this investigated in violation of C.C.R., Title 15 subsec. 3084.5(e)(1), (f), and (e).

D.W. Bell CC II further states at PP. 4-5 "that the Appellant requested witnesses, this request was Granted, that C/o H. Gomez was out on medical leave during this hearing, that the Appellant excepted these questions and answers, refused to sign the C.D.C. 115 A acknowledding acceptance of these questions and answers, that a C/o Steele witnessed these events, and that the SHO elected to Proceed with this 115 hearing" in which is "Fabricated" and "False" in violation of Section 3084.5 (h)(1)(A) and not limited to.

If the 115 C, P. 2 of 2, is examined, the reviewer will acknowledge that there is "No" Verbal "Quotes"

Continuing Section A: Of this alleged exceptance of these questions and answers as to the I.E.'s report on C/o H. Gomez, no signature, etc... as a "quote" is "given" in the form of a statement by the appellant as illustrated on p. 1 of 2 of this USc in which demonstrates that this alleged "Exceptance" of this "I.E.'s Report" as to C/o H. Gomez and this alleged "waiver" to this "C/o" as a witness is "Fabricated" and was "Falsified" in violation of Section 3084.5 (h) (1) (A), (h) (2) (O), and not limited to. as well as 3315(e).

Also, if these questions and answers were excepted, why wasn't C/o T. Rocha's q and a signed sence he was questioned by phone? in which further demonstrates the appellants non-exceptance of these q and a's and shows that their

"False" and were "Fabricated" in violation of C.C.R. Title 15, Section. 3084.5 (W)(1)(W) and not limited to and that the Appellant was denied a witness.

If this Second Level Responce is further examined, the reviewer will acknowledge that D.W. Bell et. never "addresses" the Appellant "Allegations" of being denied the right to call this I.E. as a witness, the right to present documentary evidence (I'm martin's medical report; this crime / incident report Part 1A PP. 1 of 11 through 3 of 11; and not limited to) that the SHO never considered the Appellants mitigating factors, exercised a Pre-determination, of the Appellants mitigating factors, exercised a pre guilt by excepting this RVR and I.E.'s report as written, was denied Due Process and not limited to.

D.W. Bell et. further alleges at P.5 of this Second Level Responce

continuing Section H: that the Appellant did not "Provide new or compelling evidence to the RVR" in which is "Fabricated" and "False" because if this C.D.C. 115c, Page 1 of 1 and 2 of 2 is examined, there's "No" mention by the SHO that he considered I/m martin's medical report; this crime/incident report Part 1A, pp. 1 of 11 — 3 of 11 inorder to "Assess" whether if a "Serious Injury" was noted or not and used this info. inorder to sustain a finding of Guilt for the actual charge and or reduce it; considered mitigating factors as to the Appellants prior disciplinary history; if the Appellant feared for his safety; whether this incident was Planed or situational and Spontaneous, etc...; whether the Appellant requested and or was given the chance to request this I.E. as a witness;

was denied this right and or re-
quest; Due Process; and not limited
to.

   Also, the Appellant requested
that this I.E. investigate the re-
porting employee's, C/o's T. Rocha's,
and H. Gomez background for lots
of prior falsified c.d.c. 115's,
complaints thats been filed against
them by inmates, staff, and civilians
inorder to asses their credibility
as witnesses, this I.E. deliberately
"Failed" to and blatantly "Refused"
to "Perform" such a task in vio-
lation of c.c.R. Title 15, Sections
3084.5(h)(2)(E), 3315(d)(l), 3450(a),
and not limited to, the SHO "Ad-
dresses" this "Issue" as to the re-
porting employee only and "Denied"
the "Appellant" this right in viola-
tion of Sections 3084.5(h)(2)(E),
3320(l)(d), et. seq. (see P. 2 of 2
of this c.d.c. 115c) and D.W.
Bell cc# Never "Addresses" this

continuing Section H: "Issue" not
investigated it in which further
shows that relief is warranted.

Therefore, in the interest
of Justice and based upon these
factors this guilty finding must be
reversed, this 115 re-issued and
reheard, and or dismissed based
upon the falsity of this RVR,
the I.E's reports, this second
Level of Review Responce, the
denial of the right to a fair
hearing and future fair hearing(s)
per C.C.R. title 15, sections
3084.5(h)(1),(A),(B),(c),(h)(2),(D),
(E),(G), 3315 (F)(1), and not limited
to:

And what prevented the
Appellant from submitting this appeal
within fifteen days was the denial
of access to the law library
inorder to mail this 602 and its

attachments, the manila envelope
to do so, writing material and
not limited to. (see c.c.r. rule 15,
subsections 3084.2 (c), 3084.3 (c)(6), and 3084.5
(c). )



State of California
**CDC FORM 695**
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the SECOND Level

*March 18, 2005* : received back on 3/21/05 unprocessed

**HILL, H67149**
**FA0500000000132L**

Log Number: CAL-A-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You disciplinary appeal is incomplete. You must attach legible copies of all documents you received during the disciplinary process. For example: the completed CDC 115, Rule Violation Report, the laboratory report, the Mental Health Assessment Form, the completed CDC 115-A, Serious Rule Violation Report, the CDC 115, Investigative Employee report, supplemental reports for the CDC 115, the CDC 7219, Report of Injury, the complete CDC 837, Incident Report, and the CDC 1030, Confidential Information Disclosure Form.*

*You need to attach a copy of your CDC 837 report, CDC 7219 reports , and all other reports revelant to your disciplinary hearing.*

Appeals Coordinator
CALIPATRIA STATE PRISON

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**



REC'D CAL APPEALS

State of California

**MAY 0 3 2005**

Department of Corrections

# Memorandum

Date:   April 28, 2005

To:     Hill, H-67149
        Calipatria State Prison

Subject: SECOND LEVEL APPEAL RESPONSE
         LOG NO.:CAL 05-00468

ISSUE:

The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log #01-05-A-043, dated January 19, 2005, for Battery on an Inmate with a Weapon. It is the appellant's position that the Senior Hearing Officer (SHO), inappropriately found you guilty of the aforementioned RVR on Wednesday, February 16, 2005. You allege your due process rights were violated due to you were denied witnesses that you requested to be present at your disciplinary hearing. You allege this is a violation of California Code of Regulations (CCR), Title 15, Section 3315(e)(1). You further allege you were denied the right to present documentary evidence, which you allege is a violation of CCR, Title 15, Section 3320(1). You allege the SHO deliberately failed to consider mitigating factors in regards to the findings, in which you allege is a violation of CCR, Title 15, Section 3341.5.

The appellant requests on appeal that the disposition relative to the RVR is reversed, your Classification Score be adjusted accordingly, and the forfeiture of credit be voided.

INTERVIEWED BY:  D.W. Bell, Correctional Counselor II, on April 26, 2005.

REGULATIONS:  The rules governing this issue are:

CCR 3005. Conduct.
    (a) Inmates and parolees shall obey all laws, regulations, and local procedures, and refrain from behavior which might lead to violence or disorder, or otherwise endangers facility, outside community or another person.
    (b) Obeying Orders. Inmates and parolees must promptly and courteously obey written and verbal orders and instructions from department staff, and from employees of other agencies with authorized responsibility for the custody and supervision of inmates and parolees.
    (c) Force or Violence. Inmates shall not willfully commit or assist another person in the commission of a violent injury to any person or persons, including self mutilation or attempted suicide, nor attempt or threaten the use of force or violence upon another person. Inmates shall not willfully attempt to incite others, either verbally or in writing, or by other deliberate action, to use force or violence upon another person.

HILL, H-67149
CAL-05-00468
PAGE 2

## CCR 3312. Disciplinary Methods.

(a) Inmate misconduct shall be handled by:

(1) Verbal Counseling. Staff may respond to minor misconduct by verbal counseling. When verbal counseling achieves corrective action, a written report of the misconduct or counseling is unnecessary.

(2) Custodial Counseling Chrono. When similar minor misconduct recurs after verbal counseling or if documentation of minor misconduct is needed, a description of the misconduct and counseling provided shall be documented on a CDC Form 128-A, Custodial Counseling Chrono. A copy of the completed form shall be provided to the inmate and the original placed in the inmate's central file. Disposition of any contraband involved shall be documented in the CDC Form 128-A.

(3) Rules Violation Report. When misconduct is believed to be a violation of law or is not minor in nature, it shall be reported on a CDC Form 115 (Rev. 7/88), Rules Violation Report.

(A) Unless an inmate charged with serious misconduct requires temporary administrative segregation pursuant to section 3335(b) pending adjudication of the disciplinary charges, the inmate may be retained in regularly assigned housing, work, and program assignments.

(B) If the inmate is placed in segregated housing pending the disciplinary proceedings, the official making the housing decision shall ensure compliance with the provisions of article 7 of this subchapter.

(b) Chief Disciplinary Officer Review of Disciplinary Actions. All disciplinary methods and actions shall be reviewed by the chief disciplinary officer, who shall be the institution head or a designee not below the level of correctional administrator or parole administrator I.

(1) The chief disciplinary officer shall affirm, reverse or modify the disciplinary action and/or credit forfeiture. The chief disciplinary officer may order a different action, order a different method of discipline, dismiss a charge, order a rehearing of the charge, or combine any of these actions.

(2) Except upon discovery of information or evidence not available or reasonably discoverable at the time of a disciplinary action, an order for a different method of discipline or for rehearing of the charges shall not result in a greater penalty or more severe action than that originally taken.

## CCR 3320. Hearing Procedures and Time Limitations.

(a) A copy of the CDC Form 115 and all nonconfidential reports to be relied upon in a disciplinary hearing shall normally be provided to the inmate within 24 hours after the CDC Form 115 has been classified serious or administrative and within 30 days of the misconduct, but not later than 15 days from the date the information leading to the charges is discovered by staff or, in the case of an escapee, 15 days after the escapee's return to the department's custody.

(1) Providing the inmate with a copy of the CDC Form 115 may be delayed beyond 15 days, but no more than 30 days, and shall not prohibit forfeiture of credits as a penalty for the misconduct when all of the following criteria are met:

(A) The misconduct could be prosecuted as murder, attempted murder, or battery on staff.

(B) An investigation is continuing to identify others involved in the misconduct.

(C) Within 15 days of discovering the misconduct, a written request to delay the inmate's notification, including the reasons for the delay, is approved by the chief disciplinary officer.

HILL, H-67149
CAL-05-00468
PAGE 3

(b) The charges shall be heard within 30 days from the date the inmate is provided a copy of the CDC Form 115 unless the charges were referred for possible prosecution and the inmate has been granted a request for postponement of the disciplinary proceedings pending the outcome of the referral, or if the inmate is transferred out of the custody of the department.

(c) A disciplinary hearing shall not be held until the inmate has been provided:

(1) A copy of the CDC Form 115 and all nonconfidential reports to be relied upon in the hearing, including the investigative employee's report.

(2) At least 24 hours to review the material and prepare for the hearing. The hearing may be held earlier if the inmate waives the 24-hour period.

(d) A hearing may be postponed up to 30 days upon the inmate's written request showing a reasonable need for postponement. Postponement shall not bar any credit forfeiture.

(e) If a hearing is postponed for any reason, such reason shall be documented in the findings section of the CDC Form 115.

(f) The following events shall preclude denial or forfeiture of credits:

(1) The inmate was not provided a copy of the CDC Form 115 within 15 days after the discovery of information leading to the charges except as otherwise provided in (a).

(2) The official conducting the hearing did not establish that the information or evidence was not reasonably discoverable within 30 days or sooner or when the inmate is not provided a copy of the CDC Form 115 within 15 days of the misconduct, unless (a) is applicable.

(3) The disciplinary hearing was not held within 30 days of the date the inmate was provided a copy of the CDC Form 115, unless the inmate requested and was granted a postponement of the hearing pending outcome of the referral pursuant to section 3316, or if the inmate is transferred out of the custody of the department.

(4) A disciplinary hearing was not held within 30 days after the chief disciplinary officer was notified of the outcome of a prosecution referral or within 30 days of the inmate's revoked request for postponement of the hearing, if an accusatory pleading was not filed against the inmate.

(5) The inmate was not provided a written explanation of the extraordinary circumstances preventing a hearing within 30 days after the inmate was provided a copy of the CDC Form 115 and the official conducting the hearing did not establish in the findings of the hearing that the delay did not prejudice the inmate.

(g) The inmate shall normally be present at a disciplinary hearing. When a disciplinary hearing is held without the inmate present, the reason for the absence shall be documented during the hearing on the CDC Form 115. The inmate shall be present at a disciplinary hearing unless:

(1) A psychiatrist has determined that the inmate suffers from a serious mental disorder preventing the inmate's understanding of or participation in the hearing, and there is a compelling reason or need to proceed with the hearing.

(2) The inmate was convicted of escape in court and has not been returned to the facility or jurisdiction from which the escape occurred.

(3) The inmate has waived the right to be present in writing.

(h) Staff who observed, reported, classified, supplied supplemental reports to, or investigated the alleged rule violation; who assisted the inmate in preparing for the hearing; or for any other reason have a predetermined belief of the inmate's guilt or innocence shall not hear the charges or be present during deliberations to determine guilt or innocence and disposition of the charges.

(i) An inmate witness shall not be transferred between facilities to testify at a hearing unless the chief disciplinary officer of the facility hearing the charges

HILL, H-67149
CAL-05-00468
PAGE 4

determines a fair and impartial hearing cannot be conducted unless the witness is present. When a witness is not available, the chief disciplinary officer of the facility where the witness is located shall be notified of the need to appoint an investigative employee to discuss the case with the investigative employee of the facility conducting the disciplinary hearing; to interview the witness, prepare a written investigative report, and forward the report to the facility where the hearing will be conducted.

(j) When an inmate whose rule violation charges are being adjudicated is ordered to leave the hearing room, all witnesses, including staff witnesses, shall also leave the room. The inmate has a right to be present when any witness is present at the hearing.

(k) When a serious rule violation occurs during transportation of an inmate, transporting staff witnesses shall be present at the hearing if requested or shall be available for questioning by telephone during the disciplinary hearing.

(l) The inmate may present documentary evidence in defense or mitigation of the charges. Any finding of guilt shall be based upon determination by the official(s) conducting the disciplinary hearing that a preponderance of evidence submitted at the hearing substantiates the charge. At the conclusion of the disciplinary hearing, the inmate shall be informed of the findings and disposition of the charge and of the right to and procedure for appeal of the action. Within five working days following review of the CDC Form 115 and CDC Form 115-A by the chief disciplinary officer, the inmate shall be provided a copy of the completed CDC Form 115 containing the findings, disposition, and evidence relied upon in reaching the conclusions.

(m) When an inmate is charged with possession of unauthorized or dangerous items or substances, or when unauthorized or dangerous items or substances are associated with commission of the charged rule violation, the hearing official shall record the disposition of the item or substance in the disposition section of the CDC Form 115.

On February 01, 2005, you were served a pre-hearing copy of RVR, Log #01-05-A-043, dated January 19, 2005, for the specific act of Battery on an Inmate with a Weapon. On February 08, 2005, you were served a copy of Incident Report #CAL-FA3-05-01-0037, and a copy of your CDC 7219 Medical of Injury or Unusual Occurrence Report.

On February 16, 2005, at approximately 2000 hours, you appeared before an experienced SHO, J. Ries, at which time you were found guilty of Battery on an Inmate with a Weapon, and assessed 360 days forfeiture of credit consistent with a Division A-1 offense.

On February 28, 2005, the SHO's finding and disposition were reviewed and affirmed by a Chief Disciplinary Officer. On March 03, 2005, you were issued the final copy of the adjudicated RVR.

You plead not guilty at your hearing and elected to make the following statement: "I told the officers that we had problems, and were not getting along."

The SHO considered the statement at the time of the hearing regarding your not guilty plea.

At the time of the hearing you requested witnesses and they were granted. It is noted you requested Correctional Officer (CO) Gomez as a witness. The SHO informed you that CO Gomez was out on medical leave at the time your hearing was being conducted. The Second Level of Review notes the SHO documented

HILL, H-67149
CAL-05-00468
PAGE 5

at the time of the hearing, you stated you accepted the questions and answers from CO Gomez, which is documented in the Investigative Employee (IE) report. The SHO noted your verbal acceptance of the questions and answers provided by CO Gomez in the IE report. The SHO also noted you stated that you were not going to sign the CDC 115-A, acknowledging your verbal acceptance. CO Steele was present at your disciplinary hearing and witnessed your verbal acceptance, and your refusal to sign the CDC 115-A. It is noted the SHO then elected to proceed with the hearing. The SHO was able to review CO Gomez's answers to your questions via the I.E. report.

You were assigned an I.E. on February 01, 2005. You were not assigned a Staff Assistant in accordance with CCR, Title 15, Section 3315 (d)(2).

You were found guilty. This finding was based upon the preponderance of evidence submitted at the hearing, which is considered valid and substantiates the charge. This evidence included: 1. The Reporting Employee's written report which states in part; "I observed Inmate Hill, H-67149 pick up a broom from the lower tier and go upstairs. Inmate Hill started striking Inmate Martin, K-65209 with the broom handle and striking him in the upper torso and head in front of cell 212." 2. The SHO reviewed all reports relevant to the CDC 115 hearing. The SHO was convinced that Inmate Hill willfully battered Inmate Martin with the broom handle.

After reviewing the processing of your RVR, it was determined all time constraints were met, procedures were followed, and due process was afforded to you. You provided no new or compelling evidence to the RVR. Therefore, I find no reason to alter the original decision.

DECISION: The appeal is denied.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

T. OCHOA
Chief Deputy Warden (A)
Calipatria State Prison

STATE OF CALIFORNIA – DEPARTMENT OF CORRECTIONS AND REHABILITATION    ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



August 2, 2005

*received on 8/11/2005*
*unprocessed after 60+ days*

Hill, CDC #H-67149
California Correctional Institution
P.O. Box 1031
Tehachapi, CA 93581

Re: Institution Appeal Log #CAL-A-05-0468 Disciplinary

Dear Mr. Hill:

The enclosed documents are being returned to you for the following reasons:

An appellant must submit the appeal within 15 working days of the event or decision being appealed, or of receiving a lower level decision in accordance with CCR 3084.6(c).

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can answer any questions you may have regarding the appeals process. Library staff can help you obtain any addresses you need.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****



STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

| | Location: Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| | 1. | 1. | |
| | 2. | 2. | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Mr. B. Hill | #62149 | | 4B-6R-309L |

A. Describe Problem: On 8/11/05 I received 602 log # CAL-A-05-0468 back from the chief, Inmate Appeals N. Grannis in which this State Personnel, Jeanne Woodford, Director of C.D.C. and others has deliberately "failed" to "process" this appeal after retaining it for 60+ days citing that the appellant has failed to sub-mit this appeal for third level review within

If you need more space, attach one additional sheet.

B. Action Requested: For the attached 602 log# CAL-A-05-0468 to be processed and answered within 60 days per C.C.R. Title 15 subsection 3084.6(b)(4); for this appeal to be pro-

Inmate/Parolee Signature: B. Hill          Date Submitted: 8/14/05

received 10/21/05 unanswered

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response:

Staff Signature: _____          Date Returned to Inmate: _____

RECEIVED
AUG 9 2005
INMATE APPEALS BRANCH

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

continuing Section. A: 15 days of its receipt even though the Appellant explained the reasons for not doing so in the body of this grievance Per C.C.L. title 15, Sub-Sections 3084.2(c), 3084.3(c), and 3084.5 (c) excusing this delay in an attempt to circumvent the Appellants court Access in violation of Davis vs. Milwaukee County 225 F.3d 947 (E.D. Wis. 2002); Bradley vs. Hale, 64 F.3d 1276 (9th cir. 1995) and not limited to.


continuing Section. B: cessed as a citizens complaint Per california Penal code Section 832.5 et. Seg. against all involved Parties for not filing and answering box log # CAL-A-05-0468; counseling, admonishing to adhere, cease, and desist from Performing such "In-House" Policy(s), Practices, and Procedures;

And not limited to.



STATE OF CALIFORNIA – DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001

October 15, 2005 ; *I received on 10/25/05 unanswered*

Hill, CDC #H-67149
California Correctional Institution
P.O. Box 1031
Tehachapi, CA  93581

Re: Institution Appeal Log #CAL-A-05-0468 Disciplinary

Dear Mr. Hill:

The enclosed documents are being returned to you for the following reasons:

An appellant must submit the appeal within 15 working days of the event or
decision being appealed, or of receiving a lower level decision in accordance with
CCR 3084.6(c).

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can
answer any questions you may have regarding the appeals process.  Library staff
can help you obtain any addresses you need.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

# PROOF OF SERVICE

I, _Brian T. Hill_, CERTIFY AND DECLARE THAT I AM OVER THE

AGE OF (18) YEARS, A PARTY TO THE WITHIN ACTION AND A CITIZEN AND OR RESIDENT OF THE UNITED

STATES.

I SERVED THE FOLLOWING DOCUMENT(S), _First Amended complaint_

UPON THE PARTIES LISTED BELOW BY PLACING SEALED ENVELOPES IN THE UNITED STATES MAIL HERE

AT _Sorcararr_, CALIFORNIA AS FOLLOWS:

Gregory A. Ott
Attorney General
455 Golden Gate Ave.
Suite 11000
San Francisco, CA. 94102

Clerks Office
U.S. Dist. Court
So. Dist. of Calif.
880 Front St.
Suite 4290
San Diego, CA. 92101-8900

I, _Brian T. Hill_, SWEAR UNDER THE PENALTY OF PERJURY THAT

THE FOREGOING IS TRUE AND CORRECT.

EXECUTED AND DATED THIS _26th_ DAY OF _August_, 20_08_

_____
DECLARANT